ANDERSON, OGILVIE & BREWER, LLP
Andrew J. Ogilvie    (SBN 57932)
Tel:   (415) 651-1952
Email: andy@aoblawyers.com
Mark F. Anderson    (SBN 44787)
Tel:   (415) 651-1951
Email: mark@aoblawyers.com
600 California Street, 18th FL
San Francisco, CA 94108
Fax:   (415) 956-3233

Attorneys for Plaintiffs Roane Holman
and all others similarly situated,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROANE HOLMAN, and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC.; <br> FINEX GROUP LLC; <br><br> Defendants. | Case No. CV 11-00180 HRL <br><br> COMPLAINT <br><br> CLASS ACTION <br><br> and <br><br> JURY TRIAL DEMAND |

**PRELIMINARY STATEMENT**

1. This is a consumer class action brought for willful violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, against Experian Information Solutions, Inc. (Experian) and Finex Group LLC (Finex). Finex is a debt collector that specializes in the collection of towing deficiency claims for towing companies that tow

vehicles at the instruction of law enforcement agencies. In these transactions, the vehicle is towed without the consent or voluntary participation of the owner of the vehicle and there is no agreement between the towing company and the vehicle owner to defer payment of the towing charges. Consequently Finex does not have a permissible purpose to obtain and use the credit reports of the persons against whom these towing deficiency claims are asserted. Since 2003 Experian has been on notice that it is a violation of the FCRA to allow debt collectors of towing deficiency claims to obtain consumer reports on the persons against whom those claims are asserted and it has known that it has an affirmative duty to verify the uses for which its subscribers are accessing credit reports. Both Experian and Finex willfully violated the FCRA.

**PARTIES**

2. Plaintiff Roane Holman is a "consumer" as defined by 15 U.S.C. § 1681a(c). Plaintiff resides in San Francisco, California.

3. Finex is a California corporation having its principal place of business in San Jose, California. Finex is a "person" as defined by 15 USC § 1681a(b), a user of consumer credit information used in 15 USC § 1681b, and a furnisher of credit information as used in 15 U.S.C. § 1681s-2.

4. Experian is a "consumer reporting agency" as defined in 15 U.S.C. §§ 1681a (f) and (p).

**JURISDICTION**

5. This court has jurisdiction under 28 U.S.C. § 1331. Defendants were

Complaint—*Holman v Experian et al*, No.

2

authorized to and have been doing business within this district at all relevant times.

## VENUE

6. The activities alleged herein occurred within this district.

## FACTS

7. On August 8, 2009, a law enforcement officer directed Big Guys Towing (Big Guys) to tow plaintiff's car.

8. After towing plaintiff's car, Big Guys sent plaintiff a bill for towing and storing his car. Plaintiff did not pay Big Guys' bill for towing and storing his car.

9. Big Guys disposed of plaintiff's car at a lien sale on August 31, 2009, and subsequently claimed that plaintiff was liable to it for towing and storage charges.

10. When plaintiff failed to pay Big Guys' alleged deficiency claim, Big Guys retained Finex to collect that asserted debt from plaintiff.

11. Plaintiff is informed and believes that Finex entered into a subscriber agreement with Experian sometime prior to 2009. When it entered into that subscriber agreement, Finex had to certify the purposes for which it sought consumer reports and certify that the information would be used for no other purpose. 15 USC 1681e (a). At the same time, Experian was required to make a reasonable effort to verify the uses certified by Finex prior to furnishing Finex with consumer reports. Throughout the time that Finex has been a subscriber to Experian's credit reporting services, Experian has been required to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under 15 U.S.C. 1681b.

Complaint—*Holman v Experian et al*, No.

12. Plaintiff is informed and believes that when Finex became a subscriber, Experian failed to make a reasonable effort to verify the uses certified by Finex and thus willfully violated its obligations under section 1681e(a). If Experian did make a reasonable effort to verify the uses certified by Finex, then Experian knew that Finex was obtaining consumer reports for collections of towing deficiency claims and that Finex did not have a permissible purpose to obtain those reports. Additionally, plaintiff is informed and believes that Experian willfully violated its obligations under 1681e (a) by failing to maintain reasonable procedures to limit the furnishing of consumer reports to the purposes listed under section 1681b.

13. On September 14, 2009, pursuant to its normal procedure, Finex obtained plaintiff's credit report from Experian and used it to collect on Big Guys' towing deficiency claim.

14. Various individuals whose names and capacities are presently unknown to plaintiff obtained and used his consumer report on or around September 14, 2009, while acting for and within the scope of their business relationship with Finex. Said individuals did not have a lawful purpose for obtaining and using plaintiff's consumer report and therefore their receipt and use of plaintiff's consumer report violated the FCRA.

**CLASS ACTION ALLEGATIONS**

15. Plaintiff brings this action individually and as a class action, pursuant to Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class: All consumers whose consumer reports from Experian were accessed by Finex in

connection with Finex's efforts to collect on a towing deficiency claim within the period beginning five years prior to the filing of this Complaint and continuing through the resolution of this action.

16. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to defendants, Finex has been retained by many towing companies to collect their towing deficiency claims and its practice is to obtain a consumer report from Experian to aid in its collection efforts on most, if not all, of those claims. Accordingly, plaintiff estimates the class size numbers in the hundreds, if not thousands.

17. Questions of law and fact common to the Class predominate over any questions affecting only individual Class members. The principal questions are whether Finex had a permissible purpose to obtain the credit reports of persons from whom it was attempting to collect towing deficiency claims and whether Experian violated the FCRA by (i) failing to maintain reasonable procedures to limit the furnishing of consumer reports to permissible purposes listed under 1681b, those reports to Finex, (ii) failing to verify the uses certified by Finex prior to furnishing Finex with consumer reports, and (iii) furnishing Finex with consumer reports for purposes which Experian knew or should have known were impermissible.

18. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

19. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff

is committed to vigorously litigating this matter and has retained counsel experience in handling FCRA claims and class actions. Neither plaintiff nor his counsel has any interests that might cause them not to vigorously pursue this claim.

20. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

21. Whether Finex accessed a person's credit report from Experian in connection with its efforts to collect on a towing deficiency claim can be determined from defendants' business records.

22. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of the Class members in individually controlling the prosecution of their individual claims is slight because the maximum statutory damages are limited to between $100 and $1,000 under the FCRA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from defendants' business records.

//

### First Claim for Relief—Against Finex Group LLC

23. Plaintiff realleges ¶¶ 1-22 as though fully set forth herein.

24. Finex willfully violated the FCRA by obtaining a consumer report on plaintiff without having a permissible purpose within 15 USC § 1681b.

25. Finex willfully violated the FCRA, 15 USC § 1681f, by using plaintiff's consumer report to collect an alleged debt that did not arise from a credit transaction involving plaintiff and without plaintiff's consent.

26. Plaintiff seeks statutory and punitive damages for said Finex's willful violations of the FCRA pursuant to 15 USC § 1681n (a) (1) (A) and § 1681n (a) (2).

### Second Claim for Relief—Against Experian

27. Plaintiff realleges ¶¶ 1-27 as though fully set forth herein.

28. Experian furnished a consumer report on plaintiff to Finex for its use in collecting on a towing deficiency claim.

29. Experian knew or should have known Finex did not have a permissible purpose within the scope of 15 USC § 1681b and thus was in violation of the FCRA.

30. Plaintiff seeks statutory and punitive damages for said Experian's willful violations of the FCRA pursuant to 15 USC § 1681n (a) (1) (A) and § 1681n (a) (2).

**WHEREFORE**, plaintiff seeks judgment against defendants as follows:

(a) That an order be entered certifying the proposed Class under Rule 23 of the
   Federal Rules of Civil Procedure and appointing plaintiff and his counsel to
   represent the Class;

(b) That judgment be entered against defendants for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n (a) (2);

(c) That judgment be entered against defendants for punitive damages in an amount determined by the jury;

(d) That the Court award reasonable attorney's fees and costs; and

(e) That the Court grant such other and further relief as may be just and proper.

Dated: January 10, 2011.

ANDERSON, OGILVIE & BREWER LLP

*[signature]*

By: Andrew J. Ogilvie
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues.

*[signature]*

By: Andrew J. Ogilvie
Attorneys for Plaintiff