**United States District Court**
For the Northern District of California

1   IN THE UNITED STATES DISTRICT COURT

2

3   FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                                          No. C 11-0180 CW

5   ROANE HOLMAN, individually and on
    behalf of all others similarly        ORDER DENYING
6   situated,                             DEFENDANT EXPERIAN
                                          INFORMATION
7           Plaintiff,                    SOLUTIONS, INC.'S
                                          MOTION TO DISMISS
8       v.                                (Docket No. 11)

9   EXPERIAN INFORMATION SOLUTIONS, INC.;
    and FINEX GROUP LLC,
10
            Defendants.
11   _____/

12      Defendant Experian Information Solutions, Inc., moves to

13   dismiss Plaintiff Roane Holman's claim against it.  Plaintiff

14   opposes the motion.  Defendant Finex Group LLC has answered

15   Plaintiff's complaint, but joins Experian's motion.  The motion

16   will be decided on the papers.  Having considered the papers

17   submitted by the parties, the Court DENIES Experian's motion.

18                              BACKGROUND

19   I.   Allegations in This Case

20      This action arises from the alleged disclosure of Plaintiff's

21   credit report in violation of the Fair Credit Reporting Act (FCRA).

22      Plaintiff alleges that, on August 8, 2009, law enforcement

23   personnel directed Big Guys Towing to tow his car.  Subsequently,

24   Plaintiff failed to pay Big Guys for the towing and storage of his

25   car.  On August 31, 2009, Big Guys purportedly sold Plaintiff's car

26   and, thereafter, sought to recover from Plaintiff the difference

27   between his car's sale price and the amount he owed for Big Guys'

28   towing and storage services.

United States District Court
For the Northern District of California

To collect Plaintiff's towing-related debt, Big Guys allegedly retained Finex. On September 14, 2009 and pursuant to its subscription with Experian, Finex purportedly obtained a copy of Plaintiff's credit report.

Plaintiff brings a claim against Finex for a willful violation of the FCRA, 15 U.S.C. § 1681n. He asserts that Finex violated the FCRA by obtaining a consumer credit report without a permissible purpose. He also charges Experian with a willful violation of the FCRA, alleging that it furnished his credit report in the absence of a permissible purpose.

II.  Appeal in Pintos v. Pacific Creditors Association

In Pintos v. Pacific Creditors Association, Case No. C 03-5471 CW (N.D. Cal.), this Court granted summary judgment in favor of the defendants, Pacific Creditors Association (PCA) and Experian, concluding that it was permissible to furnish Maria Pintos's credit report for the purpose of collecting her towing-related debt. Experian had maintained that this purpose fell within the scope of 15 U.S.C. § 1681b(a)(3)(A), which authorizes a consumer reporting agency to furnish a consumer credit report to a person it has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." Pintos appealed. While the alleged events in the current case occurred, proceedings on Pintos's appeal were ongoing.

The Pintos appeal generated two opinions by the Ninth Circuit. In the first, issued September 21, 2007, the Ninth Circuit concluded that the Fair and Accurate Credit Transactions Act of

2

2003 (FACTA), Pub. L. No. 108-159, 117 Stat. 1952, amended the FCRA to define "credit" as a "'right . . . to defer payment,'" and, as a result, a "'credit transaction' is a transaction in which the consumer directly participates and voluntarily seeks credit." Pintos v. Pac. Creditors Ass'n, 504 F.3d 792, 798 (9th Cir. 2007) (citing Stergiopoulos v. First Midwest Bancorp, Inc., 427 F.3d 1043, 1047 (7th Cir. 2005)). On April 30, 2009, the Ninth Circuit withdrew this opinion and issued a superseding decision. The second Pintos opinion excised the previous references to the FACTA, but reached the same conclusion: collection of a towing-related debt did not provide a permissible purpose to obtain or furnish a credit report because it did not constitute "a transaction initiated by [the consumer]." Pintos v. Pac. Creditors Ass'n, 565 F.3d 1106, 1114 (9th Cir. 2009). Experian petitioned for rehearing en banc, which was denied; seven circuit judges dissented from the denial. See generally Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 670-72 (9th Cir. 2010). Following the denial of Experian's petition, on May 21, 2010, the Ninth Circuit panel amended the second Pintos opinion to clarify what arguments Experian and Pacific Creditors Association could raise on remand to this Court. Id. at 670. This amendment did not alter the analysis or holding of the April 2009 opinion. Id.

On June 1, 2010, the mandate in Pintos issued. On January 10, 2011, the United States Supreme Court denied Experian's petition for a writ of certiorari.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

United States District Court
For the Northern District of California

3

**United States District Court**
For the Northern District of California

Civ. P. 8(a).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

                              DISCUSSION

     Experian asserts that, in September 2009, no authority clearly established that it was impermissible under the FCRA to furnish consumer credit reports for use in the collection of towing-related debts.  Instead, Experian asserts, it was an open question whether section 1681b(a)(3)(A) permitted it to furnish Plaintiff's credit report to recover his towing-related debt.  Thus, Experian argues, Plaintiff cannot state a claim for a willful violation of the FCRA.

     The FCRA limits the purposes for which consumer reporting agencies may disclose credit reports.  15 U.S.C. § 1681b.  For willful violations of the statute, prevailing consumers may recover actual or statutory damages, punitive damages and reasonable attorneys' fees.  15 U.S.C. § 1681n(a).

     To prove a willful violation, a consumer must show that the

                                  4

defendant violated the FCRA either knowingly or recklessly.  <u>Safeco Ins. Co. of Am. v. Burr</u>, 551 U.S. 47, 57 (2007).  A defendant's action is considered reckless if it "is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."  <u>Id.</u> at 69.  A defendant that violates the FCRA based on an erroneous, but objectively reasonable, reading of the statute does not act recklessly.  <u>Id.</u>  To determine whether a defendant's reading was objectively reasonable, courts may consider the text of the Act or "guidance from the courts of appeal or the Federal Trade Commission."  <u>Id.</u> at 70.

As noted above, in April 2009, the Ninth Circuit issued its second opinion in <u>Pintos</u>, which indicated that the collection of a towing-related debt did not constitute a permissible purpose for furnishing a credit report under the FCRA.  Although that opinion was subject to Experian's petitions for rehearing <u>en banc</u> and for a writ of certiorari in the United States Supreme Court, the April 2009 opinion was "nevertheless final for such purposes as stare decisis, and full faith and credit."  <u>Wedbush, Noble, Cooke, Inc. v. SEC</u>, 714 F.2d 923, 924 (9th Cir. 1983).  Indeed, the April 2009 <u>Pintos</u> opinion was preceded by the Seventh Circuit's 2005 decision in <u>Stergiopolous</u>.  There, the Seventh Circuit stated,

> An entity may rely on subparagraph (3)(A) only if the consumer initiates the transaction. . . .  [T]here must be a direct link between a consumer's search for credit and the bank's credit report request.  If the connection between a consumer's search and a bank's request is clear, it is unlikely that the request will infringe the consumer's privacy interests, for it will "involve" the plaintiff directly.

427 F.3d at 1047 (citing <u>Cole v. U.S. Capital</u>, 389 F.3d 719, 725 (7th Cir. 2004)).   Notwithstanding the April 2009 <u>Pintos</u> opinion or the Seventh Circuit's 2005 decision in <u>Stergiopolous</u>, Experian apparently did not change its practices and, in September 2009, allegedly disclosed Plaintiff's credit report to Finex for the purpose of collecting a towing-related debt, even though Plaintiff did not initiate the transaction.   Against this background, Experian may have run "a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."   <u>Safeco</u>, 551 U.S. at 57.   Thus, Plaintiff states a claim against Experian for a willful violation of the FCRA.

Experian insists that, because the Supreme Court did not deny its petition for a writ of certiorari until January 2011, the use of credit reports to collect towing-related debts was still debatable in September 2009.   However, <u>Wedbush</u> clearly provides that, once precedential decisions are published, they are binding for the purposes of stare decisis.   The April 2009 <u>Pintos</u> decision indicated that Experian's practices were unlawful.   Experian cites <u>Carver v. Lehman</u>, 558 F.3d 869 (9th Cir. 2009), to argue that, until the appellate court's mandate issues, a decision is not final.   In <u>Carver</u>, the majority believed it was necessary to respond to its "concurring colleague's pre ambular observations about the processing of this case."   <u>Id.</u> at 878.   In its response, the majority discussed the procedure by which litigants may seek review of a panel decision prior to the issuance of the mandate. <u>Id.</u> at 878-79.   This discussion did not silently overrule <u>Wedbush</u>, nor could it.   <u>See, e.g.</u>, <u>Kotrous v. Goss-Jewett Co. of N. Cal.</u>, 523 F.3d 924, 933-34 (9th Cir. 2010) (stating that three-judge

panel cannot overrule prior Ninth Circuit decision).  Indeed, in United States v. Ruiz, a case cited by Experian, the Ninth Circuit observed that panel decisions are valid, pending decisions on petitions for rehearing en banc.  935 F.2d 1033, 1037 (9th Cir. 1991).[1]  Furthermore, in addition to the April 2009 Pintos decision, the Seventh Circuit concluded in 2005 that, under section 1681b(a)(3)(A), a consumer's credit report may be furnished only if the consumer initiated the transaction.  The April 2009 Pintos decision and the Seventh Circuit's decision in Stergiopolous demonstrate that Experian was not operating with a blank slate when it furnished Plaintiff's credit report in September 2009.

Accordingly, Experian's motion to dismiss must be denied.

CONCLUSION

For the foregoing reasons, the Court DENIES Experian's motion to dismiss Plaintiff's claim for a willful violation of the FCRA. (Docket No. 11.)  Experian shall answer Plaintiff's complaint within fourteen days of the date of this Order.  Fed. R. Civ. P. 12(a)(4)(A).

The case management conference will be held as scheduled on May 26, 2011 at 2:00 p.m.

IT IS SO ORDERED.


Dated: 5/5/2011

CLAUDIA WILKEN
United States District Judge

---

[1]  The court suggested that relying on a decision subject to a petition for rehearing could be a "gamble" that might not "pay off" because the decision might be later withdrawn or vacated.  Ruiz, 935 F.2d at 1037.  This statement, however, does not suggest that the decision lacks precedential value.

United States District Court
For the Northern District of California

7