ANDERSON, OGILVIE & BREWER, LLP
Andrew J. Ogilvie (SBN 57932)
Tel:     (415) 651-1952
Email: andy@aoblawyers.com
Mark F. Anderson (SBN 44787)
Tel:     (415) 651-1951
Email: mark@aoblawyers.com
600 California Street, 18th FL
San Francisco, CA 94108
Fax:    (415) 956-3233

Balám O. Letona (SBN 229642)
Law Office of Balám O. Letona
55 River Street, Ste 220
Santa Cruz, CA 94060
Tel:  (831) 421-0200
Fax: (831) 421-0400
Email: letonlaw@gmail.com

Attorneys for Plaintiffs Roane Holman, Narcisco Navarro Hernandez, Miguel A. Alvarez, and all others similarly situated,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROANE HOLMAN, NARCISCO NAVARRO HERNANDEZ, MIGUEL A. ALVAREZ, and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br><br>　　　　　Defendants. | Case No. CV 10-00180 CW<br><br>FIRST AMENDED COMPLAINT<br><br>CLASS ACTION<br><br>　　and<br><br>JURY TRIAL DEMAND |

## INTRODUCTION

1. This is a consumer class action against Experian Information Solutions, Inc. (Experian) for its willful violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b and § 1681e(a). Since at least 2007 Experian has known that collection agencies are not permitted to use consumer reports to collect on non-consensual towing deficiency claims. Experian also has known since 2007 that it must maintain reasonable procedures to limit the furnishing of consumer reports to permissible purposes, that it must make a reasonable effort to verify the uses that have been certified by a prospective user before it furnishes any reports and that it cannot rely on the subscriber's "blanket certification," and that it may not furnish a consumer report if it has reason to believe that it will not be used for a permissible purpose. In violation of these obligations, during the period 2008 to present Experian furnished thousands of consumer reports to Finex to use in collecting on non-consensual towing claims.

## PARTIES

2. Plaintiffs Roane Holman (Holman), Narcisco Navarro Hernandez (Navarro), and Miguel A. Alvarez (Alvarez) are "consumers" as defined by 15 U.S.C. § 1681a(c) who reside in San Francisco, Salinas and Watsonville, California, respectively.

3. Experian is a "consumer reporting agency" as defined in 15 U.S.C. §§ 1681a(f) and (p).

## JURISDICTION

4. This court has jurisdiction under 28 U.S.C. § 1331. Defendants were authorized to and have been doing business within this district at all relevant times.

## VENUE

5. The activities alleged herein occurred within this district.

# FACTS

6. On August 8, 2009, a law enforcement officer directed Big Guys Towing (Big Guys) to tow plaintiff Holman's car. After towing the car, Big Guys sent Holman a bill for towing and storing his car. Holman did not pay Big Guys' bill for towing and storage. Big Guys disposed of the vehicle on August 31, 2009, and subsequently claimed that Holman was liable for towing and storage charges. When Holman failed to pay Big Guys' alleged deficiency claim, Big Guys retained Finex Group, LLC (Finex) to collect the towing deficiency claim from Holman.

7. On September 21, 2009, a law enforcement officer directed Speed of Light, Inc. to tow plaintiff Alvarez's car. After towing the car, Speed of Light sent Alvarez a bill for towing and storage. Alvarez did not pay Speed of Light's bill. Speed of Light disposed of the car on October 22, 2009, and subsequently claimed that Alvarez was liable for the towing deficiency claim. When Alvarez failed to pay the towing deficiency claim, Speed of Light retained Finex to collect that alleged debt from Alvarez.

8. In or about August 2009, a law enforcement officer directed a tow company to tow plaintiff Navarro's car. After towing the car, the tow company sent Navarro a bill for towing and storage of the vehicle. After Navarro did not pay that bill, the tow company disposed of the vehicle and then claimed that Navarro was liable to it for towing deficiency claim. When Navarro failed to pay the towing deficiency claim, the towing company retained Finex to collect that asserted debt from him.

9. Finex was formed in late 2007. The owners' business plan was to engage in the debt collection business with emphasis on the collection of towing deficiency claims.

10. Finex entered into a subscriber agreement with Experian in January 2008. Experian's salesman sold Finex an Experian product called "Collection Advantage," which is a consumer report that contains the name of the consumer, his or her address and phone numbers and 33 attributes of credit-related information, such as aggregate credit,

judgments, liens, number of tradelines, number of inquiries, and trade balances.

11. Experian's Collection Advantage reports also include a "Recovery Score" for the consumer who is the subject of the report. The Recovery Score is designed and marketed by Experian as a tool to help collection agencies identify which accounts have the greatest recovery potential and which are the least worthwhile to pursue. The Recovery Score rank orders charged off accounts based on their collectability. Experian created the Recovery Score by looking at the individual's performance in paying charged off bank credit card accounts. Experian represents that its Recovery Score is predictive of likely payment during the next six months.

12. Finex used Experian's Collection Advantage reports to collect the towing deficiency claims. It used the Collection Advantage reports to organize and prioritize its collection efforts and it made Experian's Recovery Score available to its collectors to use in conversations and communications with consumers.

13. When Finex applied to become a subscriber to Experian's consumer reports, Finex certified that it was intending to use the reports for collections. Experian failed to make a reasonable effort to verify the uses that Finex had certified. If Experian had made a reasonable effort to verify the purposes for which Finex was obtaining consumer reports, it would have known that Finex was collecting on towing deficiency claims for which consumer reports cannot be used legally.

14. When Experian's sales representative suggested the Collection Advantage product to Finex, Finex's owners said the business focused on the collection of towing deficiency claims and that they were concerned about being in compliance with the Ninth Circuit's decision in the *Pintos* case. Finex's owners asked Experian for assurances Finex would not be violating the FCRA by obtaining and using Collection Advantage reports in its collection activities concerning these towing claims. Experian assured Finex' owners they would not violate *Pintos* by buying the Collection Advantage reports.

15. On September 14, 2009, Experian furnished its Collection Advantage report on plaintiff Holman to Finex for its use in collecting on Big Dog's towing deficiency claim.

16. On June 29, 2010, Experian furnished its Collection Advantage report on plaintiff Alvarez to Finex for its use in collecting on Speed of Light's towing deficiency claim.

17. On September 1, 2010, Experian furnished its Collection Advantage report on plaintiff Navarro to Finex for its use in collecting on the towing deficiency claim against Navarro.

18. After Finex became a subscriber, Experian furnished it with Collection Advantage reports on approximately 4,427 persons in 2008, on approximately 14,785 persons in 2009, and on approximately 21,236 persons in 2010. Along with the Recovery Scores, those Collection Advantage reports included Experian's data for all 33 attributes of credit-related information on each of those consumers.

## CLASS ACTION ALLEGATIONS

19. Pursuant to Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure, plaintiffs bring this action individually and as a class action for the following Class:

> All consumers whose consumer reports were furnished by Experian to Finex in connection with Finex's efforts to collect on a towing deficiency claim from January 1, 2008 to the present.

20. The Class is so numerous that joinder of all members is impracticable. Experian furnished to Finex Collection Advantage reports on more than 40,000 consumers from whom Finex was collecting towing deficiency claims. The vast majority of those consumers reside in California.

21. Questions of law and fact common to the Class predominate over any questions affecting only individual Class members. The principal questions are:

Whether Experian maintained reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed in 15 USC 1681b. (15 USC § 1681e(a)).

Whether Experian made a reasonable effort to verify the uses certified by Finex prior to furnishing Finex with consumer reports. (15 USC § 1681e(a)).

Whether Experian violated the FCRA by furnishing consumer reports to Finex when it had reasonable grounds for believing that Finex was not intending to use the reports for a permissible purpose. (15 USC § 1681e(a)).

22. Plaintiffs' claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

23. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs are committed to vigorously litigating this matter and have retained counsel experience in handling FCRA claims and class actions. Neither plaintiffs nor his counsel have any interests that might cause them not to vigorously pursue the claims.

24. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

25. Whether Experian furnished Finex with a person's consumer report for Finex's use in collecting on a towing deficiency claim can be determined from business records maintained by Finex and Experian.

26. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of the class members in individually controlling the prosecution of their individual claims is slight because statutory damages are limited to between $100 and $1,000 under the FCRA. Management of the class claims is likely to

present significantly fewer difficulties than those presented in many individual claims. The identities of the class members may be obtained from business records maintained by Finex and Experian.

**Experian Violated Sections 1681e(a) and 1681b of the FCRA**

27. Section 1681e(a) of the FCRA provides that every consumer reporting agency shall maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title. Under Section 1681e(a), prospective users of consumer reports must identify themselves and certify to the consumer reporting agencies the purposes for which they seek consumer reports. The consumer reporting agencies are then required to make a reasonable effort to verify the uses certified by the prospective user prior to furnishing such user a consumer report. Additionally, Section 1681e(a) prohibits a consumer reporting agency from furnishing a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in Section 1681b of the FCRA.

28. Experian violated Section 1681e(a) of the FCRA by failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under Section 1681b. Experian violated Section 1681e(a) by failing to verify the uses certified by Finex prior to furnishing consumer reports to Finex. And Experian violated Section 1681e(a) by furnishing consumer reports to Finex when it had reasonable grounds for believing that the reports would not be used for a purpose listed in Section 1681b.

29. Experian violated Section 1681b of the FCRA because it had no reason to believe that Finex intended to use its Collection Advantage product in connection with a "credit transaction involving the consumer on whom the report [was] to be furnished." In fact, Experian knew that Finex intended to use the Collection Advantage reports to collect debts that were unrelated to any credit transaction involving the consumers.

**Injury-in-Fact**

30.     Experian's violations of the FCRA caused injury-in-fact to the named plaintiffs and the other class members by exposing their personal and confidential information to use and abuse by persons who have no legal right to obtain or use that information.  Experian's violations of the FCRA put plaintiffs and the class members at a higher risk of identity theft than if their consumer reports had not been distributed illegally.  Furthermore, by selling plaintiffs' and the class members' consumer reports to Finex for its use in collecting on towing deficiency claims, Experian has enabled Finex to use the information to its advantage and to the disadvantage of plaintiffs and the class.  Additionally, by selling their consumer reports to Finex, Experian has violated plaintiffs' and the class members' right to be let alone.  Experian's FCRA violations have also deprived plaintiffs and the class members of the right to control their own personal information, which is another aspect of privacy that is protected by the FCRA.  Finally, by selling their private information to Finex, Experian has intruded upon the private affairs of the plaintiffs and the class members and it has misappropriated their highly confidential consumer information for its financial gain.

31.     The actual damages suffered by the plaintiffs and the class are relatively small and difficult to quantify, so instead of seeking actual damages, plaintiffs and the class will seek the statutory damages that Congress has provided in Section §1681n to remedy willful violations of the FCRA like the violations involved here.

**WHEREFORE**, plaintiffs seek relief as follows:

(a)     An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing plaintiffs and their counsel to represent the class.

(b)     Judgment against Experian for statutory damages in the amount of not less than $100 and not more than $1,000 per class member, pursuant to 15 U.S.C. § 1681n(a)(2).

(c)     Judgment against Experian for punitive damages in an amount determined by

the jury.

    (d)    Reasonable attorney's fees and costs.

    (e)    Such other and further relief as may be just and proper.

Dated: September 15, 2011.

                      ANDERSON, OGILVIE & BREWER LLP

                      LAW OFFICES OF BALÁM O. LETONA

                      By: /s/ *Mark F. Anderson*
                          Mark F. Anderson
                          Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues.

Dated: September 15, 2011.

                      ANDERSON, OGILVIE & BREWER LLP

                      LAW OFFICES OF BALÁM O. LETONA

                      By: /s/ *Mark F. Anderson*
                          Mark F. Anderson
                          Attorneys for Plaintiffs