IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROANNE HOLMAN; NARCISCO NAVARRO HERNANDEZ; MIGUEL A. ALVAREZ; and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant.<br>_____/ | No. C 11-0180 CW<br><br>ORDER REGARDING PLAINTIFFS' AMENDED ADMINISTRATIVE MOTION TO FILE UNDER SEAL (Docket No. 75) |

    Plaintiffs Roane Holman, Narcisco Navarro Hernandez and Miguel A. Alvarez move for leave to file under seal Exhibits D and E and Seven through Eleven of the Declaration of Mark F. Anderson in support of their motion for class certification. Plaintiffs do not seek leave to file an unredacted version of their memorandum of law in support of their motion for class certification; however, Plaintiffs have filed a redacted version of their memorandum in the public record and have submitted an unredacted version to the Court. Plaintiffs represent that Defendant Experian Information Solutions, Inc., has designated these exhibits as confidential. Plaintiffs also state that the confidentiality designations of these exhibits are the subject of a pending discovery dispute before the magistrate judge in this case, though Plaintiffs do not object to filing these exhibits under seal here.

    Defendant has filed a declaration in support of Plaintiffs' motion to seal. See Decl. of Kathy Centanni, Docket No. 76. In

its declaration, Defendant withdraws its confidentiality designation for Exhibit E in its entirety and withdraws its confidentiality designation for certain portions of Exhibit D. Id. at ¶ 2.

Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. See Civil L.R. 79-5(a). If a document has been designated as confidential by another party, that party must file a declaration establishing that the document is sealable. Civ. Local R. 79-5(d).

Plaintiffs are granted leave to file a motion to seal the unredacted version of their memorandum of law in support of their motion for class certification within four days from the date of this order. If Plaintiffs fail to do so, the Court will consider only the redacted memorandum of law that they already filed in the public record.

Defendant has provided reasons supporting the sealing of Exhibits Seven through Eleven and portions of Exhibit E. Accordingly, Plaintiff's amended motion for leave to file documents under seal is GRANTED to the extent it pertains to Exhibits Seven through Eleven and portions of Exhibit E (Docket No. 75). Within three days of the date of this Order, Plaintiff

2

shall electronically file Exhibits Seven through Eleven and an unredacted version of Exhibit E under seal, in accordance with General Order 62.  By that date, Plaintiff shall also file Exhibit D and a redacted version of Exhibit E in the public record.  After the magistrate judge has issued an order concerning the confidentiality designations of these exhibits under the protective order, Plaintiffs may file a motion to unseal these documents if Plaintiffs are able to demonstrate that the sealed exhibits should be released.

IT IS SO ORDERED.

Dated: 12/13/2011

CLAUDIA WILKEN
United States District Judge

3