Daniel J. McLoon (State Bar No. 109598)
Michael G. Morgan (State Bar No. 170611)
Sarah G. Conway (State Bar No. 261414)
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071-2300
Telephone:   (213) 489-3939
Facsimile:   (213) 243-2539
Email: djmcloon@JonesDay.com
       mgmorgan@JonesDay.com
       sgconway@JonesDay.com

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ROANE HOLMAN, NARCISCO NAVARRO HERNANDEZ, MIGUEL A. ALVAREZ,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendant. | Case No. CV-11-00180-CW<br><br>Assigned to the Honorable Claudia Wilken<br><br>**DECLARATION OF PAT FINNERAN IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Hearing: January 26, 2012<br>Time: 2:00 p.m.<br>Courtroom 2 |

I, Pat Finneran, declare as follows:

1. I am a Senior Marketing Manager in the Product Infrastructure department for defendant Experian Information Solutions, Inc. ("Experian"), a position I have held since around 2000. Prior to holding this position, I was a marketing manager at Experian from 1996 until 2000. I worked in Experian's Data Development department from 1995 to 1996. I began my career at TRW, which later became Experian, in 1980, holding various positions at an Experian branch office in San Diego, including consumer assistance, sales, and acting as the operations manager for the branch. I make this declaration in support of Experian's Opposition to Plaintiffs' Motion for Class Certification. I have personal knowledge of the facts stated in this declaration and if called as a witness I could and would testify competently to them.

2. My responsibilities include reviewing and enforcing the policies and procedures for Experian's databases and providing support for the legal and compliance department on legislation and litigation issues. When I worked in Experian's Data Development department, my responsibilities included reviewing and filing information received from Experian's data furnishers.

3. Although Experian obtains information pertaining to certain civil court proceedings, Experian's coverage of small claims cases is limited. Accordingly, Experian cannot reliably identify all towing deficiency debts that have been established by a court.

4. I have reviewed the towing scenarios set forth in the declaration of Jesse A. Enriquez. Experian's files do not contain the details necessary to determine which scenario gave rise to any of the towing deficiency debts for which Finex sought information from Experian nor which scenario gave rise to any of the towing deficiency debts reported to Experian by Finex.

//
//
//
//
//
//

5. I conducted an analysis of Experian's files related to the debts reported by Finex and identified more than 400 separate towing companies associated with those debts.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on December 21, 2011 at Costa Mesa, CA.

Pat Finneran

LAI-3156367