IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROANNE HOLMAN; NARCISCO NAVARRO HERNANDEZ; MIGUEL A. ALVAREZ; and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　Defendant.<br>_____/ | No. C 11-0180 CW<br><br>ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE PUBLICLY THEIR UNREDACTED MEMORANDUM IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION AND DENYING THEIR MOTION TO FILE UNDER SEAL (Docket Nos. 80 and 83) |

　　　　Plaintiffs Roane Holman, Narcisco Navarro Hernandez and Miguel A. Alvarez have filed motions seeking leave to file under seal their unredacted memorandum in support of their motion for class certification or alternatively to file their unredacted memorandum in the public record.  Plaintiffs represent that the memorandum references exhibits that Defendant Experian Information Solutions, Inc., has designated as confidential.  Plaintiffs argue that their class certification motion should be considered a dispositive motion.

　　　　Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so.  <u>Pintos v. Pac. Creditors Ass'n</u>, 605 F.3d 665, 678 (9th Cir. 2010).  When the filing is connected to a dispositive motion, the party pursuing sealing "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual

findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Id. at 679 (citation omitted).  Neither standard can be met simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal.  See Civil Local Rule 79-5(a).  If a document has been designated as confidential by another party, that party must file a declaration establishing that the document is sealable.  Civil Local Rule 79-5(d).

Defendant has not filed a declaration in support of Plaintiffs' motion to seal the unredacted memorandum.  Defendant has also not filed any response or opposition to Plaintiffs' motion to file the memorandum in the public record.

Accordingly, Plaintiffs' motion to seal the unredacted memorandum is DENIED (Docket No. 83) and Plaintiffs' motion to file the unredacted memorandum in the public record is GRANTED (Docket No. 80).  Within three days of the date of this Order, Plaintiffs shall electronically file their unredacted memorandum in support of their motion for class certification in the public record.

IT IS SO ORDERED.

Dated: 1/4/2012

CLAUDIA WILKEN
United States District Judge

2