IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROANNE HOLMAN; NARCISCO NAVARRO HERNANDEZ; MIGUEL A. ALVAREZ; and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant.<br>_____/ | No. C 11-0180 CW<br><br>ORDER REGARDING DEFENDANT'S MOTION TO FILE UNDER SEAL (Docket No. 84) |

    Defendant Experian Information Solutions, Inc. has filed an administrative motion seeking to file under seal its unredacted memorandum in support of its Opposition to Plaintiffs' Motion for Class Certification and Exhibit 4 to the Declaration of Michael G. Morgan in support of its Opposition.  The Court notes that Defendant has filed a redacted version of its memorandum in the public docket.  <u>See</u> Docket No. 85.  Defendant represents that the redacted portions of the memorandum discuss Exhibit 4.  Defendant further represents that non-party Finex Group LLC designated Exhibit 4 as confidential.

    Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so.  <u>Pintos v. Pac. Creditors Ass'n</u>, 565 F.3d 1106, 1115 (9th Cir. 2009).  This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by

a sworn declaration demonstrating with particularity the need to file each document under seal.  See Civil Local Rule 79-5(a).

Further, if a party wishes to file a document that has been designated confidential by another party, the submitting party must file and serve an Administrative Motion for a sealing order. Civil Local Rule 79-5(d).  The submitting party must provide adequate notice to the designating party that the submitting party is seeking to file material that the designating party believes is confidential, because within seven days after the administrative motion is filed, the designating party must file a declaration establishing that the information is sealable.  Id.  If the designating party does not file its responsive declaration, the document or proposed filing will be made part of the public record.  Id.

It is not clear that Finex has been served with or otherwise notified of the motion to seal.  Defendant has not attached a certificate of service showing that Finex was served with the motion to seal.  Further, though Finex was previously a party to this action, the claims against Finex were dismissed with prejudice by the parties' stipulation, see Docket No. 44, and Finex no longer receives electronic notifications from the Court regarding filings in the case.

Defendant is ordered to file proof with the Court that it has served that Finex with a copy of the motion to seal and of this order.  If Finex considers Exhibit 4 to be confidential and wishes it to be sealed, Finex may file a declaration in support of Defendant's motion to seal within seven days after the date on which Defendant serves Finex with copies of the motion to seal and

2

of this order.  The declaration must state with particularity good cause to file these documents under seal in light of Local Rule 79-5 and applicable law.

If parties designating the material as confidential fail to file their responsive declaration as required by Local Rule 79-5(d) and this order, the document or proposed filing will be made part of the public record.

IT IS SO ORDERED.

Dated: 1/9/2012

CLAUDIA WILKEN
United States District Judge