1   Daniel J. McLoon (State Bar No. 109598)
    Michael G. Morgan (State Bar No. 170611)
2   Sarah G. Conway (State Bar No. 261414)
    JONES DAY
3   555 South Flower Street, 50th Floor
    Los Angeles, CA 90071-2300
4   Telephone:    (213) 489-3939
    Facsimile:    (213) 243-2539
5   Email: djmcloon@jonesday.com
           mgmorgan@jonesday.com
6          sgconway@jonesday.com

7   Attorneys for Defendant
    EXPERIAN INFORMATION SOLUTIONS, INC.
8

9                 UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
10                      OAKLAND DIVISION

11  ROANE HOLMAN, NARCISCO            Case No. CV-11-00180-CW
    NAVARRO HERNANDEZ and MIGUEL A.
12  ALVAREZ                           EXPERIAN INFORMATION
    and all others similarly situated,   SOLUTIONS, INC.'S RESPONSES
13                                    TO PLAINTIFFS' SECOND SET OF
                Plaintiffs,           INTERROGATORIES
14
         v.
15
    EXPERIAN INFORMATION SOLUTIONS,
16  INC.; FINEX GROUP LLC,
17              Defendants.
18

19
20  PROPOUNDING PARTIES:        PLAINTIFFS

21  RESPONDING PARTY:           EXPERIAN INFORMATION SOLUTIONS, INC.

22  SET NUMBER:                 TWO

23

24

25

26

27          **Exh C**

28

1    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Experian

2 Information Solutions, Inc. (Experian), hereby responds to Plaintiffs' Second Set of

3 Interrogatories as follows:

4           **I. PRELIMINARY STATEMENT**

5    1.  Experian has not yet completed its discovery relating to this case, and its

6 investigation of the facts is continuing.  Experian will continue to investigate the facts relating to

7 this case up to and throughout the trial of this action.  These responses, while based on a

8 reasonable investigation by Experian, reflect only Experian's current state of knowledge

9 regarding the subject matter of the Interrogatories.  Discovery is ongoing and will continue as

10 long as permitted by court order, statute, and/or stipulation.  Experian expressly reserves the

11 right to amend these responses.

12    2.  Experian responds to the Interrogatories as it interprets and understands each of

13 them.  If Plaintiffs subsequently assert an interpretation of any Interrogatory that differs from

14 Experian's understanding, Experian reserves the right to supplement its objections and/or

15 responses.

16    3.  The fact that Experian has responded or objected to any Interrogatory or part

17 thereof may not be taken as an admission that Experian admits the existence of any fact set forth

18 in or assumed by such Interrogatory or that such a response constitutes relevant or material

19 evidence.  The fact that Experian has responded to part or all of any Interrogatory shall not be

20 construed to be a waiver by Experian of any objections to part or all of any Interrogatory.

21 Nothing contained herein shall be construed as an admission of the existence or nonexistence of

22 any fact.  No implied admissions whatsoever are intended by these responses.

23    4.  Experian has included the objections herein because the Interrogatories, as

24 phrased, are subject to those objections.  Plaintiffs should not assume that any information exists

25 that would have been disclosed absent any particular objection or that any agreement to produce

26 any information means that in fact any such information exist.

27 //

28 //

EXPERIAN'S RESPONSES TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES

## II. GENERAL OBJECTIONS

1.       Experian objects to Definitions, Instructions, and the Interrogatories to the extent they seek information or things subject to the attorney-client privilege, the attorney work product doctrine, the self-investigative privilege, Rule 26(b)(3) and the joint defense/common interest privileges, or any other applicable law, rule, privilege, or immunity.  Experian claims and invokes all such privileges and protections.  Experian deems the scope of these Interrogatories to exclude such privileged communications and does not intend these responses to waive any privilege afforded such information or communication.  Inadvertent disclosure of any privileged or protected information or documents in response to these Interrogatories shall not be deemed a waiver of the applicable privilege or protection.

2.       Experian objects generally to the Interrogatories to the extent they seek information that is equally available to the Plaintiffs or is in the public record on the grounds that such Interrogatories are unduly burdensome and oppressive and cause Experian unnecessary burden and expense.

3.       Each response to an individual Interrogatory herein is subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, and admissibility) that would require the exclusion of any statement contained therein if the Interrogatory were asked of a witness present and testifying in court, or of any statement contained therein if the answer were given by said witness.  All such objections are reserved.

4.       Experian objects to these Interrogatories to the extent they seek proprietary or confidential trade secret information or information protected by the privacy rights of third parties.

5.       Experian objects to the Definitions, Instructions, and Interrogatories to the extent they are overbroad, unduly burdensome, oppressive, vague, or ambiguous.

6.       Experian objects to the Definitions, Instructions, and Interrogatories to the extent they seek disclosure of information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence.

EXPERIAN'S RESPONSES TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES

1        7.     Experian objects to these Interrogatories to the extent they are compound.

2  Experian reserves its right to treat compound questions as multiple Interrogatories when they are

3  separated into distinct subparts.

4        8.     Experian objects to the definition of "Experian," "you" and "your" on the grounds

5  they are overbroad and unduly burdensome by seeking to impose obligations on Experian

6  beyond those permitted in the Federal Rules of Civil Procedure.

7        9.     Experian objects to the definitions of "identify" and "describe" to the extent they

8  impose a requirement or discovery obligation beyond those set forth in the Federal Rules of Civil

9  Procedure.  Further, Experian objects to the multiple definitions supplied for "identify" and

10  "describe" as overbroad, unduly burdensome, vague, and ambiguous, thus rendering the

11  Interrogatories impossible to answer under that construction.

12       10.    Experian objects to the Definitions, Instructions, and Interrogatories to the extent

13  they are inconsistent with, or enlarge upon, Experian's obligations to respond as imposed by law,

14  and to the extent the Interrogatories and Definitions exceed the permissible scope of discovery as

15  set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Orders entered by this

16  Court.  In responding to these Interrogatories, Experian will comply with the requirements set

17  forth in those Rules, not with any Definitions or Interrogatories that exceed or alter the

18  requirements of those Rules.

19       11.    Experian incorporates the foregoing General Objections and limitations into each

20  of the following responses, which responses are made subject to and without waiver of those

21  General Objections and limitations.

22                  **III. RESPONSES TO INTERROGATORIES**

23  <u>**INTERROGATORY NO. 11:**</u>

24        In the section entitled "Experian's Position" in the Sale Force Talk Track, October 2007

25  (EIS000004), Experian said it "is reviewing its compliance policies in light of the recent *Pintos*

26  9th Circuit appellate decision" and that it "will notify its clients regarding compliance policies

27  after the final outcome of the court's review."  State whether Experian believed in October 2007

28  that the law allowed it to wait for the final outcome of the *Pintos* case before it was required to

EXPERIAN'S RESPONSES TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES

1   implement policies and procedures to comply with the *Pintos* decision. If so, please state the

2   factual and legal basis for Experian's belief in that regard and identify all persons who were

3   involved in reaching that conclusion and all documents that refer to or reflect Experian's review,

4   analysis or conclusions regarding this issue.

5   **RESPONSE TO INTERROGATORY NO. 11:**

6         Experian objects that, under the Supreme Court's decision in *Safeco Insurance Company*

7   *of America v. Burr*, 551 U.S. 47, 69-70 (2007), the determination of whether a defendant willfully

8   violated the FCRA turns on an objective test: whether the defendant engaged in conduct that was,

9   at the time it occurred, clearly established – by either "pellucid" statutory text or "authoritative"

10  interpretations of that text by the courts of appeals or the FTC—as unlawful. *Id.* at 70; *see also*

11  *Levine v. World Fin. Network Nat. Bank*, 554 F.3d 1314, 1318-19 (11th Cir. 2009). The

12  defendant's subjective beliefs, intentions, and even purported bad faith are not taken into account

13  in any way in this objective test. *Id.* at 70, fn. 20. Accordingly, Experian objects that this

14  Interrogatory, by seeking information about Experian's subjective beliefs about the *Pintos* ruling

15  in October 2007, seeks information that is irrelevant and is not reasonably calculated to lead to

16  the discovery of admissible evidence.

17        Also, Experian relied on legal counsel to interpret the *Pintos* ruling in October 2007, and

18  thus this Interrogatory seeks information that is protected by the attorney work-product doctrine

19  and the attorney-client privilege.

20        Experian also objects that this Interrogatory erroneously assumes that Experian did not

21  take steps in response to the *Pintos* decision in October 2007. *See* Experian's Response to

22  Plaintiff's First Set of Interrogatories, Response to Interrogatory No. 8 and Amended Response to

23  Interrogatory No. 3; Experian's Response to Plaintiff's First Set of Requests for Production of

24  Documents, Response to Document Request No. 5; EIS1-EIS13 and EIS228; witnesses identified

25  in Experian's Supplemental Rule 26(a)(1) Disclosures; and documents produced on September

26  30, 2011 at Mr. Henke's deposition.

27        Experian further objects that: (i) this Interrogatory is unduly burdensome and oppressive;

28  (ii) this Interrogatory is not limited to a relevant category of subscriber; (iii) this Interrogatory

1  seeks information that is not relevant to the subject matter of this litigation and is not reasonably

2  calculated to lead to the discovery of admissible evidence; (iv) the terms "policies" and

3  "procedures" are vague and ambiguous in that they could relate to nearly every aspect of

4  Experian's activities, including employee training, vetting of new subscribers, communications

5  with subscribers, the inner workings of Experian's computer systems, and Experian's security

6  procedures; (v) this Interrogatory seeks information protected by the attorney-client privilege and

7  the attorney work-product doctrine; and (vi) this Interrogatory seeks proprietary or confidential

8  trade secret information concerning Experian's unique and highly sophisticated computer system.

9  **INTERROGATORY NO. 12:**

10  In the section entitled "Experian's Position" in the Sale Force Talk Track, May 2009

11  (EIS000005), Experian said it "is reviewing its compliance policies in light of the recent *Pintos*

12  9th Circuit appellate decision" and that it "will notify its clients regarding compliance policies

13  after the final outcome of the court's review."  State whether Experian believed in May 2009 that

14  the law allowed it to wait for the final outcome of the *Pintos* case before it was required to

15  implement policies and procedures to comply with the *Pintos* decision.  If so, please state the

16  factual and legal basis for Experian's belief in that regard and identify all persons who were

17  involved in reaching that conclusion and all documents that refer to or reflect Experian's review,

18  analysis or conclusions regarding this issue.

19  **RESPONSE TO INTERROGATORY NO. 12:**

20  Experian objects that, under the Supreme Court's decision in *Safeco Insurance Company*

21  *of America v. Burr*, 551 U.S. 47, 69-70 (2007), the determination of whether a defendant willfully

22  violated the FCRA turns on an objective test: whether the defendant engaged in conduct that was,

23  at the time it occurred, clearly established – by either "pellucid" statutory text or "authoritative"

24  interpretations of that text by the courts of appeals or the FTC—as unlawful.  *Id.* at 70; *see also*

25  *Levine v. World Fin. Network Nat. Bank*, 554 F.3d 1314, 1318-19 (11th Cir. 2009).  The

26  defendant's subjective beliefs, intentions, and even purported bad faith are not taken into account

27  in any way in this objective test. *Id.* at 70, fn. 20.  Accordingly, Experian objects that this

28  Interrogatory, by seeking information about Experian's subjective beliefs about the *Pintos* ruling

1   in May 2009, seeks information that is irrelevant and is not reasonably calculated to lead to the

2   discovery of admissible evidence.

3        Also, Experian relied on legal counsel to interpret the *Pintos* ruling in May 2009, and thus

4   this Interrogatory seeks information that is protected by the attorney work-product doctrine and

5   the attorney-client privilege.

6        Experian also objects that this Interrogatory erroneously assumes that Experian did not

7   take steps in response to the *Pintos* decision in May 2009.  *See* Experian's Response to Plaintiff's

8   First Set of Interrogatories, Response to Interrogatory No. 8, Response to Interrogatory No. 9 and

9   Amended Response to Interrogatory No. 3; Experian's Response to Plaintiff's First Set of

10  Requests for Production of Documents, Response to Document Request No. 5; EIS1-EIS13 and

11  EIS228; witnesses identified in Experian's Supplemental Rule 26(a)(1) Disclosures; and

12  documents produced on September 30, 2011 at Mr. Henke's deposition.

13       Experian further objects that: (i) this Interrogatory is unduly burdensome and oppressive;

14  (ii) this Interrogatory is not limited to a  relevant category of subscriber; (iii) this Interrogatory

15  seeks information that is not relevant to the subject matter of this litigation and is not reasonably

16  calculated to lead to the discovery of admissible evidence; (iv) the terms "policies" and

17  "procedures" are vague and ambiguous in that they could relate to nearly every aspect of

18  Experian's activities, including employee training, vetting of new subscribers, communications

19  with subscribers, the inner workings of Experian's computer systems, and Experian's security

20  procedures; (v) this Interrogatory seeks information protected by the attorney-client privilege and

21  the attorney work-product doctrine; and (vi) this Interrogatory seeks proprietary or confidential

22  trade secret information concerning Experian's unique and highly sophisticated computer system.

23  **<u>INTERROGATORY NO. 13:</u>**

24       In the section entitled "Experian's Position" in the Sale Force Talk Track, June 2010

25  (EIS000006), Experian said it "is reviewing its compliance policies in light of the Ninth Circuit's

26  latest decision in the *Pintos* case" and that it "will notify its clients in the coming weeks regarding

27  new compliance policies, possibly including re-certification, updated membership documents,

28  and audits."  State whether Experian believed in June 2010 that the law allowed it to wait until the

EXPERIAN'S RESPONSES TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES

1    Ninth Circuit denied *en banc* review before it was required to implement policies and procedures

2    to comply with the *Pintos* decision.  If so, please state the factual and legal basis for Experian's

3    belief in that regard and identify all persons who were involved in reaching that conclusion and

4    all documents that refer to or reflect Experian's review, analysis or conclusions regarding this

5    issue.

6    **RESPONSE TO INTERROGATORY NO. 13:**

7          Experian objects that, under the Supreme Court's decision in *Safeco Insurance Company*

8    *of America v. Burr*, 551 U.S. 47, 69-70 (2007), the determination of whether a defendant willfully

9    violated the FCRA turns on an objective test: whether the defendant engaged in conduct that was,

10   at the time it occurred, clearly established – by either "pellucid" statutory text or "authoritative"

11   interpretations of that text by the courts of appeals or the FTC—as unlawful.  *Id.* at 70; *see also*

12   *Levine v. World Fin. Network Nat. Bank*, 554 F.3d 1314, 1318-19 (11th Cir. 2009).  The

13   defendant's subjective beliefs, intentions, and even purported bad faith are not taken into account

14   in any way in this objective test.  *Id.* at 70, fn. 20.  Accordingly, Experian objects that this

15   Interrogatory, by seeking information about Experian's subjective beliefs about the *Pintos* ruling

16   in June 2010, seeks information that is irrelevant and is not reasonably calculated to lead to the

17   discovery of admissible evidence.

18         Also, Experian relied on legal counsel to interpret the *Pintos* ruling in June 2010, and thus

19   this Interrogatory seeks information that is protected by the attorney work-product doctrine and

20   the attorney-client privilege.

21         Experian also objects that this Interrogatory erroneously assumes that Experian did not

22   take steps in response to the *Pintos* decision in June 2010.  *See* Experian's Response to Plaintiff's

23   First Set of Interrogatories, Response to Interrogatory No. 8, Response to Interrogatory No. 9 and

24   Amended Response to Interrogatory No. 3; Experian's Response to Plaintiff's First Set of

25   Requests for Production of Documents, Response to Document Request No. 5; EIS1-EIS13 and

26   EIS228; witnesses identified in Experian's Supplemental Rule 26(a)(1) Disclosures; and

27   documents produced on September 30, 2011 at Mr. Henke's deposition.

28         Experian further objects that: (i) this Interrogatory is unduly burdensome and oppressive;

1  (ii) this Interrogatory is not limited to a relevant category of subscriber; (iii) this Interrogatory

2  seeks information that is not relevant to the subject matter of this litigation and is not reasonably

3  calculated to lead to the discovery of admissible evidence; (iv) the terms "policies" and

4  "procedures" are vague and ambiguous in that they could relate to nearly every aspect of

5  Experian's activities, including employee training, vetting of new subscribers, communications

6  with subscribers, the inner workings of Experian's computer systems, and Experian's security

7  procedures; (v) this Interrogatory seeks information protected by the attorney-client privilege and

8  the attorney work-product doctrine; and (vi) this Interrogatory seeks proprietary or confidential

9  trade secret information concerning Experian's unique and highly sophisticated computer system.

10  **INTERROGATORY NO. 14:**

11      If Experian contends that it has any "reading" of the Fair Credit Reporting Act that

12  provides Experian with a defense under *Safeco v. Burr*, 551 U.S. 47 (2007) to Plaintiffs' claims in

13  this lawsuit, please explain in detail what that "reading" is, the date and name of each person who

14  made that "reading" of the FCRA, and what actions or decisions, if any, resulted from that

15  reading of the FCRA.

16  **RESPONSE TO INTERROGATORY NO. 14:**

17      Experian objects that this Interrogatory purports to seek information regarding Experian's

18  defense to "Plaintiffs' claims in this lawsuit," and yet the lawsuit purports to assert claims on

19  behalf of a class of more than 40,000 consumers. The nature of each class member's claim, and,

20  in turn, Experian's defenses to that claim, depends on each class member's highly individualized

21  circumstances. As explained in Experian's Opposition to Plaintiffs' Motion for Class

22  Certification, no consumer who "initiate[s]" the towing of his car or whose towing debt has been

23  "judicially established," has a valid Fair Credit Reporting Act (FCRA) claim under *Pintos v.*

24  *Pacific Creditors Association*, 605 F.3d 665, 676 (9th Cir. 2010). The class description, however,

25  pays no heed to what is required under *Pintos* and includes consumers who have no right to

26  recover, including consumers whose debts resulted from a towing which they initiated and

27  consumers whose underlying debts have been established by a court. In order to respond to this

28  Interrogatory, Experian would have to delve into the highly individualized circumstances for

1 | more than 40,000 class members.  Accordingly, Experian objects that this Interrogatory is
2 | overbroad and highly burdensome.
3 |       Additionally, Experian objects that this vague Interrogatory improperly purports to seek
4 | privileged and irrelevant information regarding Experian's interpretations of its obligations under
5 | the FCRA.  Under the Supreme Court's decision in *Safeco Insurance Company of America v.*
6 | *Burr*, 551 U.S. 47, 69-70 (2007), the determination of whether a defendant willfully violated the
7 | FCRA turns on an objective test: whether the defendant engaged in conduct that was, at the time
8 | it occurred, clearly established – by either "pellucid" statutory text or "authoritative"
9 | interpretations of that text by the courts of appeals or the FTC—as unlawful.  *Id.* at 70; *see also*
10 | *Levine v. World Fin. Network Nat. Bank*, 554 F.3d 1314, 1318-19 (11th Cir. 2009).  The
11 | defendant's subjective beliefs, intentions, and even purported bad faith are not taken into account
12 | in any way in this objective test.  *Id.* at 70, fn. 20.  Accordingly, Experian objects that this
13 | Interrogatory, by seeking information about Experian's subjective beliefs, seeks information that
14 | is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.
15 | Moreover, Experian relied on legal counsel to interpret the various *Pintos* rulings, and thus this
16 | Interrogatory seeks information that is protected by the attorney work-product doctrine and the
17 | attorney-client privilege.
18 |       Experian also objects that: (i) the term "reading" is undefined, vague, and ambiguous; (ii)
19 | this Interrogatory is not limited to a  relevant category of subscriber; (iii) this Interrogatory seeks
20 | information that is not relevant to the subject matter of this litigation and is not reasonably
21 | calculated to lead to the discovery of admissible evidence; (iv) this Interrogatory is unduly
22 | burdensome and oppressive; (v) this Interrogatory seeks information protected by the attorney-
23 | client privilege and the attorney work-product doctrine; and (vi) because this Interrogatory
24 | purports to seek information regarding more than 40,000 class members, this Interrogatory
25 | contains more than 40,000 subparts and thus Plaintiffs have greatly exceeded the twenty-five
26 | interrogatory limit under FRCP 33(a)(1).
27 | **INTERROGATORY NO. 15:**
28 |       If you contend that any violation of the Fair Credit Reporting Act by Experian that

1    occurred in this case was not "willful," please explain in detail the factual and legal basis for such

2    contention and identify all witnesses and documents that have evidence relating to that

3    contention.

4    **RESPONSE TO INTERROGATORY NO. 15:**

5          Experian objects that, because this Interrogatory is not limited to any particular alleged

6    "violation," this Interrogatory seeks information pertaining to Plaintiffs' claims on behalf of a

7    class of more than 40,000 consumers.  The nature of each class member's claim, and, in turn,

8    Experian's defenses to that claim, depends on each class member's highly individualized

9    circumstances.  As explained in Experian's Opposition to Plaintiffs' Motion for Class

10   Certification, no consumer who "initiate[s]" the towing of his car or whose towing debt has been

11   "judicially established" has a valid Fair Credit Reporting Act (FCRA) claim under *Pintos v.*

12   *Pacific Creditors Association*, 605 F.3d 665, 676 (9th Cir. 2010).  The class description pays no

13   heed to what is required under *Pintos* and includes consumers who have no right to recover,

14   including consumers whose debts resulted from a towing which they initiated and consumers

15   whose underlying debts have been established by a court.  A response to this Interrogatory would

16   require Experian to delve into the highly individualized circumstances of more than 40,000 class

17   members.  Accordingly, this Interrogatory is grossly overbroad and highly burdensome.

18         Also, Experian objects that, under the Supreme Court's decision in *Safeco Insurance*

19   *Company of America v. Burr*, 551 U.S. 47, 69-70 (2007), the determination of whether a

20   defendant willfully violated the FCRA turns on an objective test: whether the defendant engaged

21   in conduct that was, at the time it occurred, clearly established – by either "pellucid" statutory

22   text or "authoritative" interpretations of that text by the courts of appeals or the FTC—as

23   unlawful.  *Id.* at 70; *see also Levine v. World Fin. Network Nat. Bank*, 554 F.3d 1314, 1318-19

24   (11th Cir. 2009).  The defendant's subjective beliefs, intentions, and even purported bad faith are

25   not taken into account in any way in this objective test. *Id.* at 70, fn. 20.  Accordingly, Experian

26   objects that this Interrogatory, by seeking information about Experian's subjective beliefs, seeks

27   information that is irrelevant and is not reasonably calculated to lead to the discovery of

28   admissible evidence.

1    Experian further objects that: (i) this Interrogatory is unduly burdensome and oppressive;

2    (ii) this Interrogatory is not limited to a  relevant category of subscriber; (iii) this Interrogatory

3    seeks information that is not relevant to the subject matter of this litigation and is not reasonably

4    calculated to lead to the discovery of admissible evidence; (iv) Experian objects that the term

5    "reading" is undefined, vague, and ambiguous; (v) this Interrogatory seeks information protected

6    by the attorney-client privilege and the attorney work-product doctrine; (vi) this Interrogatory

7    seeks proprietary or confidential trade secret information concerning Experian's unique and

8    highly sophisticated computer system; and (vii) because this Interrogatory purports to seek

9    information regarding more than 40,000 class members, this Interrogatory contains more than

10   40,000 subparts and thus Plaintiffs have greatly exceeded the twenty-five interrogatory limit

11   under FRCP 33(a)(1).

12   **INTERROGATORY NO. 16:**

13       If Experian contends that between September 2009 and the fall of 2010 it implemented

14   any procedures to comply with the *Pintos* decision, describe in detail each of those procedures

15   and identify the witnesses who have knowledge of those procedures and the documents that

16   constitute, refer to, or reflect those procedures.

17   **RESPONSE TO INTERROGATORY NO. 16:**

18       Experian objects that, under the Supreme Court's decision in *Safeco Insurance Company*

19   *of America v. Burr*, 551 U.S. 47, 69-70 (2007), the determination of whether a defendant willfully

20   violated the FCRA turns on an objective test: whether the defendant engaged in conduct that was,

21   at the time it occurred, clearly established – by either "pellucid" statutory text or "authoritative"

22   interpretations of that text by the courts of appeals or the FTC—as unlawful.  *Id.* at 70; *see also*

23   *Levine v. World Fin. Network Nat. Bank*, 554 F.3d 1314, 1318-19 (11th Cir. 2009).  The

24   defendant's subjective beliefs, intentions, and even purported bad faith are not taken into account

25   in any way in this objective test. *Id.* at 70, fn. 20.  Accordingly, Experian objects that this

26   Interrogatory, by seeking information about Experian's subjective beliefs about various *Pintos*

27   rulings, seeks information that is irrelevant and is not reasonably calculated to lead to the

28   discovery of admissible evidence.

1    Also, Experian relied on legal counsel to interpret the various *Pintos* rulings, and thus this

2    Interrogatory seeks information that is protected by the attorney work-product doctrine and the

3    attorney-client privilege.

4    Experian further objects that: (i) this Interrogatory is unduly burdensome and oppressive;

5    (ii) this Interrogatory is not limited to a  relevant category of subscriber; (iii) this Interrogatory

6    seeks information that is not relevant to the subject matter of this litigation and is not reasonably

7    calculated to lead to the discovery of admissible evidence; (iv) the terms "policies" and

8    "procedures" are vague and ambiguous in that they could relate to nearly every aspect of

9    Experian's activities, including employee training, vetting of new subscribers, communications

10   with subscribers, the inner workings of Experian's computer systems, and Experian's security

11   procedures; (v) this Interrogatory seeks information protected by the attorney-client privilege and

12   the attorney work-product doctrine; and (vi) this Interrogatory seeks proprietary or confidential

13   trade secret information concerning Experian's unique and highly sophisticated computer system.

14   Notwithstanding and without waiving these objections, Experian responds as follows:  *See*

15   Experian's Response to Plaintiff's First Set of Interrogatories, Response to Interrogatory No. 8,

16   Response to Interrogatory No. 9 and Amended Response to Interrogatory No. 3; Experian's

17   Response to Plaintiff's First Set of Requests for Production of Documents, Response to

18   Document Request No. 5; EIS1-EIS13 and EIS228; witnesses identified in Experian's

19   Supplemental Rule 26(a)(1) Disclosures; and documents produced on September 30, 2011 at Mr.

20   Henke's deposition.

21   Dated: January 12, 2012                    JONES DAY

22

23                                              By: _____

24                                                  Michael G. Morgan

25                                              Attorneys for Defendant
                                                EXPERIAN INFORMATION SOLUTIONS,
26                                              INC.

27   LAI-3157088v3

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **VERIFICATION**

I, Kathy Centanni, declare as follows:

I am the Compliance Director in the Regulatory Compliance department at Experian Information Solutions, Inc. ("Experian") located in Costa Mesa, California.  I am authorized to make this verification on Experian's behalf.

I have read Experian Information Solutions, Inc.'s Responses to Plaintiffs' Second Set of Interrogatories, and know the contents thereof.  I am informed and believe that the matters stated therein are true and on that ground verify such matters are true.  These Responses are limited by the records and information still in existence, presently recollected, and thus far discovered in the course of preparing these Responses.  Experian reserves the right to change or supplement these Responses or to later add unintentionally omitted matters or matters that Experian subsequently becomes aware of based on reviewing additional information.

I verify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 12, 2012, in Costa Mesa, California.

Kathy Centanni

LAI-3157638v1

## PROOF OF SERVICE

I, Flora Tartalone, declare:

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 555 South Flower Street, 50th Floor, Los Angeles, California  90071-2300.  On January 12, 2012, I served a copy of the within document(s):

**EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

☒      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐      by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐      by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒      by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Andrew J. Ogilvie, Esq.
Mark F. Anderson, Esq.
Carol Brewer, Esq.
ANDERSON, OGILVIE & BREWER, LLP
600 California Street, 18th Floor
San Francisco, CA  94108
Tel:  (415) 651-1951/(415) 651-1952
Fax: (415) 956-3233
andy@aoblawyers.com
mark@aoblawyers.com
carol@aoblawyers.com

Balám O. Letona, Esq.
LAW OFFICE OF BALĀM O. LETONA
55 River Street, Suite 220
Santa Cruz, CA 94064
Tel. (831) 421-0200
Fax. (831) 421-0400
letonalaw@gmail.com

I am readily familiar with the firm's practice of collection and processing correspondence

PROOF OF SERVICE
CV-11-00180-CW

1   for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

2   day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

3   motion of the party served, service is presumed invalid if postal cancellation date or postage

4   meter date is more than one day after date of deposit for mailing an affidavit.

5           I declare that I am employed in the office of a member of the bar of this court at whose

6   direction the service as made.

7           I declare under penalty of perjury that the foregoing is true and correct.

8           Executed on January 12, 2012, at Los Angeles, California.

9

10                                                  Flora Tartalone

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28