IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROANNE HOLMAN; NARCISCO NAVARRO HERNANDEZ; MIGUEL A. ALVAREZ; and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant.<br>_____/ | No. C 11-0180 CW<br><br>ORDER DENYING DEFENDANT'S MOTION TO FILE UNDER SEAL (Docket No. 84) |

    Defendant Experian Information Solutions, Inc. has filed an administrative motion seeking to file under seal its unredacted memorandum in Opposition to Plaintiffs' Motion for Class Certification and Exhibit 4 to the Declaration of Michael G. Morgan in support of its Opposition. The Court notes that Defendant has filed a redacted version of its memorandum in the public docket. See Docket No. 85. Defendant represents that the redacted portions of the memorandum discuss Exhibit 4. Defendant further represents that non-party Finex Group LLC designated Exhibit 4 as confidential.

    Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so. Pintos v. Pac. Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by

a sworn declaration demonstrating with particularity the need to file each document under seal. See Civil Local Rule 79-5(a).

Further, if a party wishes to file a document that has been designated confidential by another party, the submitting party must file and serve an Administrative Motion for a sealing order. Civil Local Rule 79-5(d). The submitting party must provide adequate notice to the designating party that the submitting party is seeking to file material that the designating party believes is confidential, because within seven days after the administrative motion is filed, the designating party must file a declaration establishing that the information is sealable. Id. If the designating party does not file its responsive declaration, the document or proposed filing will be made part of the public record. Id.

On January 9, 2012, this Court directed Defendant to serve Finex, the designating party, with copies of its motion to seal and the Court's order. In the Court's order, the Court warned that, if party designating the material as confidential fails to file its responsive declaration as required by Local Rule 79-5(d) and that order, the document or proposed filing would be made part of the public record.

Defendant has submitted proof that, on January 9, 2012, it served Finex with a copy of the motion to seal and of the Court's order of January 9, 2012. See Docket Nos. 94 and 95. However, Finex has not filed a declaration in support of Defendant's motion to seal.

Accordingly, the Court DENIES Defendant's motion to seal (Docket No. 84). Within three days of the date of this Order,

2

1  Defendant may electronically file in the public record its
2  unredacted memorandum in Opposition to Plaintiffs' Motion for
3  Class Certification and Exhibit 4 to the Declaration of Michael G.
4  Morgan in support of its Opposition, or withdraw them from
5  consideration.
6       IT IS SO ORDERED.

8  Dated:  1/20/2012                    _____
                                        CLAUDIA WILKEN
                                        United States District Judge

United States District Court
For the Northern District of California

3