1  Daniel J. McLoon (State Bar No. 109598)
   Michael G. Morgan (State Bar No. 170611)
2  JONES DAY
   555 South Flower Street, 50th Floor
3  Los Angeles, CA 90071-2300
   Telephone:   (213) 489-3939
4  Facsimile:   (213) 243-2539
   Email:       djmcloon@jonesday.com
5                mgmorgan@jonesday.com

6  Attorneys for Defendant
   EXPERIAN INFORMATION SOLUTIONS, INC.

7

8              UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
9                 OAKLAND DIVISION

10 ROANE HOLMAN,                          **Case No. CV-11-00180-CW**
   and all others similarly situated,
11                                        **EXPERIAN INFORMATION**
                                          **SOLUTIONS, INC.'S**
12            Plaintiffs,                 **SUPPLEMENTAL RESPONSE TO**
                                          **PLAINTIFF'S [THIRD] REQUEST**
13    v.                                  **FOR DOCUMENTS NOS. 12-17**

14 EXPERIAN INFORMATION SOLUTIONS,
   INC.; FINEX GROUP LLC,
15
              Defendants.
16

17

18 PROPOUNDING PARTY:      ROANE HOLMAN

19 RESPONDING PARTY:       EXPERIAN INFORMATION SOLUTIONS, INC.

20 SET NUMBER:             THREE[1]

21

22

23

24

25

26                    # Exhibit 1

27    _____
      [1] The request for production was titled "Plaintiff's Second Request for Documents
28 Directed to Experian," but this is actually the third request for documents propounded by
   plaintiff.

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Experian

2  Information Solutions, Inc. ("Experian"), hereby supplements its response to Plaintiff's [Third]

3  Set of Requests for Production of Documents ("Requests") as follows:

### I. PRELIMINARY STATEMENT

5    1.    Experian has not yet completed its discovery relating to this case, and its

6  investigation of the facts is continuing.  Experian will continue to investigate the facts relating to

7  this case up to and throughout the trial of this action.  These responses, while based on a

8  reasonable investigation by Experian, reflect only Experian's current state of knowledge

9  regarding the subject matter of the Requests.  Discovery is ongoing and will continue as long as

10  permitted by statute and/or stipulation.  Experian expressly reserves the right to amend these

11  responses.

12    2.    Experian responds to Plaintiff's Requests as it interprets and understands each of

13  them.  If Plaintiff subsequently asserts an interpretation of any Request that differs from

14  Experian's understanding, Experian reserves the right to supplement its objections and/or

15  responses.

16    3.    The fact that Experian has responded or objected to any Request or part thereof

17  may not be taken as an admission that Experian admits the existence of any fact set forth in or

18  assumed by such Request or that such a response constitutes relevant or material evidence.  The

19  fact that Experian has responded to part or all of any Request shall not be construed to be a

20  waiver by Experian of any objections to part or all of any Request.  Nothing contained herein

21  shall be construed as an admission of the existence or nonexistence of any fact.  No implied

22  admissions whatsoever are intended by these responses.

23    4.    Experian has included the objections herein because the Requests, as phrased, are

24  subject to those objections.  Plaintiff should not assume that any documents exist that would have

25  been produced absent any particular objection or that any agreement to produce documents means

26  that in fact any such documents exist.

27  //

28  //

## II. GENERAL OBJECTIONS

1.     Experian objects to Plaintiff's Requests to the extent that they seek documents, information, or things subject to the attorney-client privilege, the attorney work product doctrine, the self-investigative privilege, Rule 26(b)(3) and the joint defense/common interest privileges, or any other applicable law, rule, privilege, or immunity.  Experian claims and invokes all such privileges and protections.  Experian deems the scope of these Requests to exclude such privileged communications, and does not intend these responses to waive any privilege afforded such information or communication.  Experian further objects to the Requests to the extent that they require Experian to prepare a privilege log beyond what is required by the Federal Rules of Civil Procedure.

2.     Experian objects to all Definitions and Requests insofar as they seek to require Experian to prepare a log of documents created subsequent to any threatened litigation that have been withheld as a result of any applicable privilege, doctrine or immunity.  Experian does not deem the Requests to seek the production of such a log, which would, in any event, be unreasonable, unduly burdensome, and harassing.

3.     Experian objects generally to the Requests to the extent they seek information that is equally available to Plaintiff or is in the public record on the grounds that such Requests are unduly burdensome and oppressive and cause Experian unnecessary burden and expense.

4.     Experian objects generally to the Requests to the extent they seek information not available from sources within Experian's possession, custody, or control.  Requests seeking such information impose an obligation on Experian that is not authorized by the Federal Rules of Civil Procedure and are objectionable on that ground.  Accordingly, Experian will respond to the Requests by providing only such information as is currently available based upon a reasonable investigation from sources within its possession, custody, or control.

5.     Each response to an individual Request herein is subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, and admissibility) that would require the exclusion of any statement contained therein if the Request were asked of a witness present and testifying in court, or of any

EXPERIAN'S SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S [THIRD] REQUEST FOR
DOCUMENTS NOS. 12-17

1    statement contained therein if the answer were given by said witness.  All such objections are

2    reserved.

3         6.      Experian objects to these Requests to the extent they seek proprietary or

4    confidential trade secret information or information protected by the privacy rights of third

5    parties.  All documents produced by Experian in this litigation will be produced subject to the

6    terms of the Protective Order entered in this action.

7         7.      Experian objects to the definition of "you," "your," and "yours" on the grounds

8    that they are overbroad and unduly burdensome by seeking to impose obligations on Experian

9    beyond those permitted in the Federal Rules of Civil Procedure.

10        8.      Experian objects to the Definitions, Instructions, and Requests to the extent they

11   are inconsistent with, or enlarge upon, Experian's obligations to respond as imposed by law, and

12   to the extent the Requests and Definitions exceed the permissible scope of discovery as set forth

13   in the Federal Rules of Civil Procedure, the Local Rules, and the Orders entered by this Court.  In

14   responding to these requests, Experian will comply with the requirements set forth in those Rules,

15   not with any Definitions or Requests that exceed or alter the requirements of those Rules.

16        9.      Experian incorporates the foregoing General Objections and limitations into each

17   of the following responses, which responses are made subject to and without waiver of those

18   General Objections and limitations.

19                        **III.  RESPONSES AND OBJECTIONS**

20   **DOCUMENT REQUEST NO. [12]:**

21        All documents in the files and records of Experian's Compliance Department that refer or

22   relate to the decision in *Pintos v. Pacific Creditors Association (Pintos),* including but not limited

23   to all emails, letters, reports, analyses and other documents that mention *Pintos.*

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

25        In addition to its General Objections, Experian objects that this Request seeks documents

26   protected by the attorney-client privilege and the attorney work product doctrine.  Experian also

27   objects that this Request is vague and overbroad and seeks to impose an undue burden on

28   Experian by requiring production of electronically stored information that is not reasonably

EXPERIAN'S SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S [THIRD] REQUEST FOR
DOCUMENTS NOS. 12-17

1    accessible because of undue burden or cost. Experian also objects that the Request requires a

2    legal conclusion and fails to describe documents with the reasonable particularity required under

3    Rule 34. Experian also objects that the Request seeks documents that are neither relevant to this

4    lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Experian

5    objects that this Request is not limited to a relevant category of user, a relevant time frame or a

6    relevant subject matter. Experian also objects to the extent the Request seeks documents that

7    already have been produced, including EIS000001-EIS000003; EIS000004- EIS000013;

8    EIS000018-EIS000020; EIS0000130-EIS0000131; EIS0000153-EIS0000221; EIS000228.

9    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

10       Subject to and without waiving its objections, Experian responds as follows: As written,

11   this request is incredibly overbroad and vague. It purports to seek "[a]ll documents in the files

12   and records of Experian's Compliance Department that refer or relate to the decision in" *Pintos*.

13   This request covers an astonishingly large amount of ground. All files and records that somehow

14   "relate to" any of the FCRA's permissible purpose requirements also "relate to the decision in"

15   *Pintos*, for example, as do all documents that "relate to" 15 U.S.C. §§ 1681a(m) and 1681b(c), or

16   to anything else discussed in *Pintos*. Yet only a small slice (if that) of all this material is even

17   potentially relevant to this case.

18       Accordingly, in a good faith attempt to respond to this overbroad request, Experian

19   construes this request narrowly to seek only those documents that evidence Experian's response

20   to the various holdings by the Ninth Circuit Court of Appeals in *Pintos v. Pacific Creditors*

21   *Association* relating to the circumstances under which a consumer credit report may be used to

22   collect on a towing debt, including where the consumer initiates the towing of his vehicle or

23   where the towing debt has been judicially established.

24       Pursuant to this limitation, Experian already has produced documents detailing Experian's

25   response to the particular holdings described above. *See* EIS000001-EIS000003; EIS000004-

26   EIS000013; EIS000018-EIS000020; EIS0000130-EIS0000131; EIS0000153-EIS0000221;

27   EIS000228. Additionally, Experian has conducted searches of the files of the following

28   individuals who were most involved in Experian's response to those holdings: Ms. Pat Finneran;

EXPERIAN'S SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S [THIRD] REQUEST FOR
DOCUMENTS NOS. 12-17

1    Mr. Dan Buell; Ms. Laura Mundy; Ms. Cathy Jones; Ms. Kathy Centanni; Ms. Ann Sterling; and

2    Mr. Jason Engel.  The searches used the search term "Pintos" and the stemmed search term

3    "towing" and then excluded from those results any of the following: (i) materials that are subject

4    to any privilege/work product objection; (ii) materials pertaining to resellers; (iii) materials

5    pertaining to particular consumer(s); or (iv) materials relating to subscribers that do not engage in

6    towing-related collections work.  The searches also excluded post-litigation documents as well as

7    documents created after January 6, 2011, which is the date on which Experian cut off Finex's

8    access to Experian consumer credit information.  Experian will produce documents satisfying the

9    search criteria.  In this regard, Experian already has produced certain documents and provided a

10   privilege log with respect to certain documents identified in these searches and will continue to

11   supplement both its production and its privilege log on a rolling basis.

12   **DOCUMENT REQUEST NO. [13]:**

13         For every other department of Experian that had any responsibility for complying with the

14   permissible purpose limitations of the Fair Credit Reporting Act, all documents in the files and

15   records of those departments that refer or relate to the decision in *Pintos v. Pacific Creditors*

16   *Association (Pintos),* including but not limited to all emails, letters, reports, analyses and other

17   documents that mention *Pintos.*

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

19         In addition to its General Objections, Experian objects that this Request seeks documents

20   protected by the attorney-client privilege and the attorney work product doctrine.  Experian also

21   objects that this Request is vague and overbroad and seeks to impose an undue burden on

22   Experian by requiring production of electronically stored information that is not reasonably

23   accessible because of undue burden or cost.  Virtually every department at Experian bears some

24   responsibility for preventing the dissemination of Experian consumer credit information for

25   purposes not permitted under the FCRA, and thus this Request purports to require Experian to

26   search nearly all of its files.  Experian also objects that the Request requires a legal conclusion

27   and fails to describe documents with the reasonable particularity required under Rule 34.

28   Experian also objects that the Request seeks documents that are neither relevant to this lawsuit

EXPERIAN'S SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S [THIRD] REQUEST FOR
DOCUMENTS NOS. 12-17

1   nor reasonably calculated to lead to the discovery of admissible evidence.  Experian objects that

2   this Request is not limited to a relevant category of user, a relevant time frame or a relevant

3   subject matter.

4   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

5         Subject to and without waiving its objections, Experian responds as follows:  *See*

6   Supplemental Response to Request for Production No. 12.

7   **DOCUMENT REQUEST NO. [14]:**

8         All documents in the files and records of Experian's department that is responsible for its

9   Collection Advantage products that refer or relate to *Pintos,* including but not limited to all

10  emails, letters, reports, analyses and other documents that mention *Pintos.*

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

12        In addition to its General Objections, Experian objects that this Request is vague and

13  ambiguous as to the phrase "Experian's department that is responsible for its Collection

14  Advantage product."  This Request erroneously assumes that there is a single department at

15  Experian that oversees all aspects of Collection Advantage.  Experian also objects that this

16  Request seeks documents protected by the attorney-client privilege and the attorney work product

17  doctrine.  Experian also objects that this Request is vague and overbroad and seeks to impose an

18  undue burden on Experian by requiring production of electronically stored information that is not

19  reasonably accessible because of undue burden or cost.  Experian also objects that the Request

20  requires a legal conclusion and fails to describe documents with the reasonable particularity

21  required under Rule 34.  Experian also objects that the Request seeks documents that are neither

22  relevant to this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

23  Experian objects that this Request is not limited to a relevant category of user, a relevant time

24  frame or a relevant subject matter

25  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

26        Subject to and without waiving its objections, Experian responds as follows:  *See*

27  Supplemental Response to Request for Production No. 12.

28

EXPERIAN'S SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S [THIRD] REQUEST FOR
DOCUMENTS NOS. 12-17

1    **DOCUMENT REQUEST NO. [15]:**

2       All documents that constitute or refer to any changes to Experian's procedures that

3    Experian *made* as a result of *Pintos.*

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

5       Experian objects that the words "changes" and "procedures" and the phrase "as a result

6    of" are vague and ambiguous. Experian objects to the extent that the Request seeks documents

7    protected by the attorney-client privilege and the attorney work-product doctrine. Experian

8    objects that this Request seeks proprietary or confidential trade secret information concerning

9    Experian's unique and highly sophisticated computer system. This system was developed at

10   substantial expense, is extremely valuable, and is maintained with the utmost secrecy to protect

11   Experian's competitive edge in the credit reporting industry. Disclosure of information

12   concerning this system could create a serious risk that current or potential competitors of

13   Experian might misuse the information to reverse engineer Experian's computer system and that

14   credit clinics or identity thieves might misuse the information for fraudulent or criminal purposes.

15   Experian also objects that this Request is vague and overbroad and seeks to impose an undue

16   burden on Experian by requiring production of electronically stored information that is not

17   reasonably accessible because of undue burden or cost. Experian also objects that this Request is

18   not limited to a relevant category of user, a relevant time frame or a relevant subject matter.

19   Experian also objects that the Request fails to describe documents with the reasonable

20   particularity required under Rule 34.

21      Subject to and without waiving these objections and the General Objections, Experian

22   responds as follows: *See* Experian's Response to Interrogatory No. 8 contained in Plaintiff's First

23   Set of Interrogatories; Experian's Response to Document Request No. 5; EIS000001-EIS000003;

24   EIS000008-EIS000013; EIS000228.

25   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

26      Subject to and without waiving its objections, Experian responds as follows: *See*

27   Supplemental Response to Request for Production No. 12.

28

EXPERIAN'S SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S [THIRD] REQUEST FOR
DOCUMENTS NOS. 12-17

1    **DOCUMENT REQUEST NO. [16]:**

2          All documents that constitute or refer to any changes to Experian's procedures that

3    Experian *considered making* in light of *Pintos*, but which proposed changes were never

4    implemented.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

6          Experian objects that the words "changes" and "procedures" and the phrase "in light of"

7    are vague and ambiguous.  Experian also objects that the Request seeks documents protected by

8    the attorney-client privilege and the attorney work-product doctrine.  Experian objects that this

9    Request seeks proprietary or confidential trade secret information concerning Experian's unique

10   and highly sophisticated computer system.  This system was developed at substantial expense, is

11   extremely valuable, and is maintained with the utmost secrecy to protect Experian's competitive

12   edge in the credit reporting industry.  Disclosure of information concerning this system could

13   create a serious risk that current or potential competitors of Experian might misuse the

14   information to reverse engineer Experian's computer system and that credit clinics or identity

15   thieves might misuse the information for fraudulent or criminal purposes.  Experian also objects

16   that this Request is vague and overbroad and seeks to impose an undue burden on Experian by

17   requiring production of electronically stored information that is not reasonably accessible because

18   of undue burden or cost.  Experian also objects that this Request is not limited to a relevant

19   category of user, a relevant time frame or a relevant subject matter.  Experian also objects that the

20   Request fails to describe documents with the reasonable particularity required under Rule 34.

21   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

22         Subject to and without waiving its objections, Experian responds as follows: *See*

23   Supplemental Response to Request for Production No. 12.

24   **DOCUMENT REQUEST NO. [17]:**

25         All documents that were shown or provided to any Experian sales representatives that

26   refer or relate to or mention *Pintos*.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

28         In addition to its General Objections, Experian objects that this Request seeks documents

EXPERIAN'S SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S [THIRD] REQUEST FOR
DOCUMENTS NOS. 12-17

1  protected by the attorney-client privilege and the attorney work product doctrine. Experian also

2  objects that the Request requires a legal conclusion and fails to describe documents with the

3  reasonable particularity required under Rule 34. Experian also objects that the Request seeks

4  documents that are neither relevant to this lawsuit nor reasonably calculated to lead to the

5  discovery of admissible evidence. Experian also objects that this Request is vague and overbroad

6  and seeks to impose an undue burden on Experian by requiring production of electronically stored

7  information that is not reasonably accessible because of undue burden or cost. Experian objects

8  that this Request is overbroad and unduly burdensome and seeks information that has no

9  relevance whatsoever to this litigation, and is not limited to a relevant category of user, a relevant

10 time frame or a relevant subject matter.

11 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

12 Subject to and without waiving its objections, Experian responds as follows: *See*

13 Supplemental Response to Request for Production No. 12.

14 Dated: February 10, 2012                    JONES DAY

15

16 By: _____

17      Michael G. Morgan

18 Attorneys for Defendant
   EXPERIAN INFORMATION SOLUTIONS,
   INC.

19

20 LAI-3159750v1

21

22

23

24

25

26

27

28

EXPERIAN'S SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S [THIRD] REQUEST FOR
DOCUMENTS NOS. 12-17