1   Daniel J. McLoon (State Bar No. 109598)
    Michael G. Morgan (State Bar No. 170611)
2   JONES DAY
    555 South Flower Street, 50th Floor
3   Los Angeles, CA 90071-2300
    Telephone:    (213) 489-3939
4   Facsimile:    (213) 243-2539
    Email:        djmcloon@jonesday.com
5                 mgmorgan@jonesday.com

6   Attorneys for Defendant
    EXPERIAN INFORMATION SOLUTIONS, INC.

7

8

9               UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
10                    OAKLAND DIVISION

11

12  ROANE HOLMAN, NARCISCO          | Case No. CV-11-00180-CW
    NAVARRO HERNANDEZ and MIGUEL A. |
13  ALVAREZ                         | EXPERIAN INFORMATION
    and all others similarly situated, | SOLUTIONS, INC.'S OBJECTIONS
14                                   | TO PLAINTIFFS' NOTICE OF
                                     | DEPOSITION OF EXPERIAN
15              Plaintiffs,          | INFORMATION SOLUTIONS, INC.
                                     | PURSUANT TO RULE 30(b)(6)
16        v.
17  EXPERIAN INFORMATION SOLUTIONS,
    INC.,
18
               Defendant.
19

20

21

22

23

24

25

26

27

28
                                    EXPERIAN'S OBJECTIONS TO NOTICE OF
                                    30(b)(6) DEPOSITION OF EXPERIAN
                                    INFORMATION SOLUTIONS, INC.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that Defendant Experian Information Solutions, Inc. ("Experian") hereby objects to Plaintiffs' Notice of Deposition of Experian ("Notice") pursuant to Rule 30(b)(6).

## GENERAL OBJECTIONS

A.    Time: Experian objects that the Notice is defective in that it improperly seeks to require Experian's representative to appear for deposition only fourteen days after Plaintiffs noticed the deposition. Because of the complexity of the deposition topics proposed in the Notice, fourteen days is insufficient notice.

B.    Duplicative Testimony: Experian objects to the Notice, and each topic listed therein, to the extent it calls for testimony and information that is duplicative of the testimony previously given in this case by Experian's other witnesses.

C.    Privileges: Experian objects to the Notice, and each topic listed therein, to the extent it seeks testimony or information protected from discovery by the attorney-client communication privilege, the attorney work-product doctrine, the privilege afforded financial records, and the right of privacy of any person or entity, including without limitation that contained in any applicable privilege or protection. Experian claims such privileges and invokes such protection.

D.    Trade Secrets: Experian objects to the Notice, and each topic listed therein, to the extent it seeks testimony or information that is confidential, proprietary, or otherwise commercially sensitive information or trade secrets.

E.    Expert Testimony: Experian objects to the Notice, and each topic listed therein, to the extent it calls for testimony and information that is or may be the subject of expert witness testimony.

F.    Right to Supplement: Experian has responded and objected to the Notice based upon its best, good faith understanding and interpretation of each topic therein. Accordingly, if Plaintiffs subsequently assert a different interpretation than that presently understood by Experian, or if other information becomes available, Experian reserves the right to supplement or

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

2

1    amend these responses and objections.

2         G.      Experian incorporates the foregoing General Objections and limitations into each

3    of the following specific responses, which responses are made subject to, and without waiver of,

4    these General Objections and limitations.

5                    **SPECIFIC OBJECTIONS TO DEPOSITION TOPICS**

6    **Deposition Topic No. 1**

7         Authenticate and explain the documents that Experian has produced in this case.  For each

8    category of documents, Experian will be asked to

9         a. Explain what the documents are, how they were prepared and kept and what they are

10   used for.

11        b. State whether there are any other documents in Experian's possession, custody or

12   control that are responsive to the document demand, and if so, identify those additional

13   documents and explain why they have not been produced.

14   **Objections to Deposition Topic No. 1**

15        In addition to the General Objections above, which are incorporated herein by this

16   reference, Experian objects that the topic is unduly burdensome and oppressive in that Experian

17   has produced over 500 pages of documents and is continuing to supplement its document

18   production based upon a targeted search of documents from seven additional custodians.  The

19   persons knowledgeable about these documents with the detail requested in subsection (a) would

20   be the individuals listed on the documents themselves.  With respect to this topic's request for

21   testimony relating to how unspecified documents were prepared and whether additional

22   documents exist, this request is unduly burdensome and seeks information that would be better

23   sought through interrogatories or requests for documents.

24        Experian also objects that, to the extent that this topic seeks information relating to post-

25   litigation matters, including matters relating to the time period after Experian stopped providing

26   consumer credit information to Finex in January 2011, this topic seeks information that neither is

27   relevant nor reasonably calculated to lead to the discovery of admissible evidence and/or that

28   relates to subsequent remedial measures.

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

3

1    Experian also objects that this topic (i) does not describe with reasonable particularity the

2    matters on which examination is requested; (ii) is overly broad, oppressive, and unduly

3    burdensome in that it seeks privileged information, including information reflected in Experian's

4    Privilege Log; and (iii) seeks information protected by the attorney-client communication

5    privilege and protected attorney work product doctrine.  Experian also objects that the phrase

6    "what they are used for" is vague and unintelligible and does not describe any subject matter with

7    reasonable particularity.

8    Subject to and without waiving the General Objections and the objections stated above,

9    Experian responds as follows:  Experian is prepared to meet and confer with plaintiffs' counsel to

10    discuss ways to narrow this topic to address Experian's objections.

11    **Deposition Topic No. 2**

12    Experian will be asked to explain in detail its Supplemental Responses to Plaintiffs'

13    Second Set of Interrogatories and to identify the witnesses, documents and facts that support

14    those responses.

15    **Objections to Deposition Topic No. 2**

16    In addition to the General Objections above, which are incorporated herein by this

17    reference, Experian objects to the topic on the grounds and to the extent that it: (i) is unduly

18    burdensome and seeks information that would be better sought through interrogatories or requests

19    for documents; (ii) does not describe with reasonable particularity the matters on which

20    examination is requested; and (iii) is overly broad, oppressive, and unduly burdensome in that,

21    among other things, it seeks "witnesses, documents and facts" already provided in Experian's

22    Supplemental Responses to Plaintiff's Second Set of Interrogatories themselves.  Experian also

23    objects to the topic on the grounds that it seeks information protected by the attorney-client

24    communication privilege and protected attorney work product doctrine, including but not limited

25    to privileged information relating to the preparation and drafting of discovery responses by

26    attorneys.

27

28

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

4

1    Subject to and without waiving the General Objections and the objections stated above,

2    Experian responds as follows:  Experian is prepared to meet and confer with plaintiffs' counsel to

3    discuss ways to narrow this topic to address Experian's objections.

4    **Deposition Topic No. 3**

5    Experian will be asked to explain its statements in its October 7, 2007 petition for

6    rehearing in *Pintos v. Pacific Creditors Association* and in particular, its statements on pages 1

7    and 14-15 of that petition concerning the significance of the *Pintos* decision.

8    **Objections to Deposition Topic No. 3**

9    In addition to the General Objections above, which are incorporated herein by this

10   reference, Experian objects that this topic fails to describe the information it is seeking with

11   reasonable particularity in that the phrase "statements on pages 1 and 14-15" is ambiguous as to

12   which of the many statements on pages 1 and 14-15 are referenced by the topic.  Experian also

13   objects that this topic seeks information that is protected from disclosure by the attorney-client

14   communication privilege and the attorney work product doctrine.  Although the petition for

15   rehearing in *Pintos v. Pacific Creditors Association* is a public document, the attorney-client

16   communication privilege and the attorney work product doctrine protect from disclosure the work

17   product and legal assessment that went into the document.  Experian also objects that: (i) this

18   topic is unduly burdensome and oppressive; and (ii) this topic seeks information that is not

19   relevant to the subject matter of this litigation and is not reasonably calculated to lead to the

20   discovery of admissible evidence.

21   Subject to and without waiving the General Objections and the objections stated above,

22   Experian responds as follows:  Experian is prepared to meet and confer with plaintiffs' counsel to

23   discuss ways to narrow this topic to address Experian's objections.

24   **Deposition Topic No. 4**

25   Experian will be asked to identify each person who made any decision about how

26   Experian would respond to the September 21, 2007 *Pintos* decision, what that person decided and

27   when the decision was made.

28

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

5

**Objections to Deposition Topic No. 4**

In addition to the General Objections above, which are incorporated herein by this reference, Experian objects that it relied on legal counsel to interpret the *Pintos* ruling, and thus this topic improperly seeks information that is protected by the attorney work product doctrine and the attorney-client communication privilege.  Experian also objects that: (i) this topic is unduly burdensome and oppressive in that, among other things, it is duplicative of information already provided to Plaintiffs and seeks information that would be better sought through interrogatories or requests for documents (*See* Experian's Response to Plaintiffs' Third Set of Interrogatories, Response to Interrogatory No. 19); (ii) this topic is not limited to a relevant category of subscriber; (iii) this topic seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence; and (iv) the topic fails to describe the information it is seeking with reasonable particularity.

Experian also objects that, to the extent that this topic seeks information relating to post-litigation matters, including matters relating to the time period after Experian stopped providing consumer credit information to Finex in January 2011, this topic seeks information that neither is relevant nor reasonably calculated to lead to the discovery of admissible evidence and/or that relates to subsequent remedial measures.

Subject to and without waiving the General Objections and the objections stated above, Experian responds as follows:  Experian is prepared to meet and confer with plaintiffs' counsel to discuss ways to narrow this topic to address Experian's objections.

**Deposition Topic No. 5**

Experian will be asked explain what it did to train its Membership Department employees between September 2007 the end [sic] of 2011 concerning the *Pintos* case.

a. Without limiting the foregoing description of this topic, Experian will be asked to explain in detail what, if any, training it gave to its Membership Department employees about the "important category of 'permissible purposes' " that *Pintos* had removed from the FCRA, the content of that training, when it was given and the employees who received it. (The quoted language is from the petition for rehearing dated October 7, 2007.)

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

1    b. Experian will be asked to identify all documents that constitute, reflect or mention all

2  training provided to those employees.

3    c. Experian will be asked to explain why it decided not to provide more training about

4  Pintos to its Membership Department employees during this period and who was responsible for

5  that decision.

6  **Objections to Deposition Topic No. 5**

7    In addition to the General Objections above, which are incorporated herein by this

8  reference, Experian objects that this topic seeks cumulative testimony and is unduly burdensome

9  in that plaintiffs have already deposed the head of the Membership Department, Mr. Peter Henke,

10  on topics relating to the training that the Membership Department received after the various

11  *Pintos* decisions were decided. Experian also objects that this topic seeks information that is

12  protected from disclosure by the attorney-client communication privilege and the attorney work

13  product doctrine. The attorney-client communication privilege and attorney work product

14  doctrine protect from disclosure the underlying assessment of Experian's legal obligations and

15  legally required compliance procedures following the various *Pintos* decisions and the

16  development of training based on that assessment.

17    Experian also objects that this topic seeks information that is neither relevant to this action

18  nor reasonably calculated to lead to the discovery of admissible evidence because, among other

19  things, it seeks information regarding the reasons why Experian decided not to take particular

20  actions in response to the various *Pintos* decisions. Such information is irrelevant under *Safeco v.*

21  *Burr*, 551 U.S. 47 (2007), where the Supreme Court made clear that the determination of whether

22  a defendant willfully violated the FCRA depends on an objective test—i.e., whether the

23  defendant's conduct raised an "unjustifiably high risk" of violating the statute. 551 U.S. at 70.

24  Thus, evidence of the defendant's subjective intent or belief is irrelevant to the issue of whether

25  the defendant acted willfully. *Id.* at n. 20.

26    Experian also objects that, to the extent that this topic seeks information relating to post-

27  litigation matters, including matters relating to the time period after Experian stopped providing

28  consumer credit information to Finex in January 2011, this topic seeks information that neither is

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

1  relevant nor reasonably calculated to lead to the discovery of admissible evidence and/or that

2  relates to subsequent remedial measures.

3       Experian also objects that: (i) this topic does not describe with reasonable particularity the

4  matters on which examination is requested; (ii) this topic is unduly burdensome and oppressive;

5  and (iii) this topic seeks information that is not relevant to the subject matter of this litigation and

6  is not reasonably calculated to lead to the discovery of admissible evidence, as plaintiffs' use of

7  the phrases "important category of 'permissible purposes'" and "removed from the FCRA," refer

8  to Experian's October 7, 2007 petition for rehearing, where they are used in reference to non-

9  towing matters such as child support payments and tax collection, neither of which is relevant to

10  the subject matter of this litigation. Experian also objects that this topic seeks information that

11  would be better sought through interrogatories or requests for documents.

12       Subject to and without waiving the General Objections and the objections stated above,

13  Experian responds as follows: Experian is prepared to meet and confer with plaintiffs' counsel to

14  discuss ways to narrow this topic to address Experian's objections.

15  **Deposition Topic No. 6**

16       Experian will be asked to explain what training on *Pintos*, if any, it has provided to its

17  Membership Department employees since the end of 2011 and whether it plans to provide them

18  with training on the permissible purpose limitations of *Pintos* and who is responsible for those

19  decisions.

20  **Objections to Deposition Topic No. 6**

21       In addition to the General Objections above, which are incorporated herein by this

22  reference, Experian objects that plaintiffs have already deposed the head of the Membership

23  Department, Mr. Peter Henke, on topics relating to the training that the Membership Department

24  received after the various *Pintos* decisions. Experian also objects that this topic seeks information

25  that is protected from disclosure by the attorney-client communication privilege and the attorney

26  work product doctrine. The attorney-client communication privilege and attorney work product

27  doctrine protect from disclosure the underlying assessment of Experian's legal obligations and

28

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

8

1  legally required compliance procedures following the various *Pintos* decisions and the

2  development of training based on that assessment.

3       Experian also objects that, to the extent that this topic seeks information relating to post-

4  litigation matters, including matters relating to the time period after Experian stopped providing

5  consumer credit information to Finex in January 2011, this topic seeks information that neither is

6  relevant nor reasonably calculated to lead to the discovery of admissible evidence and/or that

7  relates to subsequent remedial measures.

8       Experian also objects that: (i) this topic does not describe with reasonable particularity the

9  matters on which examination is requested; (ii) this topic is unduly burdensome and oppressive;

10  and (iii) this topic seeks information that is not relevant to the subject matter of this litigation and

11  is not reasonably calculated to lead to the discovery of admissible evidence.  Experian also

12  objects that this topic seeks information that would be better sought through interrogatories or

13  requests for documents.

14       Subject to and without waiving the General Objections and the objections stated above,

15  Experian responds as follows:  Experian is prepared to meet and confer with plaintiffs' counsel to

16  discuss ways to narrow this topic to address Experian's objections.

17  **Deposition Topic No. 7**

18       Experian will be asked to whether, at any time since the 2007 *Pintos* opinion, it changed

19  its Membership Application form to require a collection agency applicant to provide detailed

20  information about the accounts it collects. If Experian has made any such changes in its

21  Membership Application form, it will be asked to state when and why the changes were made and

22  to describe them in detail and to identify the people who decided to make those changes. If it has

23  not made any such changes in the Membership Application form, it will be asked to explain why

24  it has not made any such changes.

25  **Objections to Deposition Topic No. 7**

26       In addition to the General Objections above, which are incorporated herein by this

27  reference, Experian objects that this topic seeks information that is protected from disclosure by

28  the attorney-client communication privilege and the attorney work product doctrine.  Although

1    the Membership Application form is not privileged, the attorney-client communication privilege

2    and attorney work product doctrine protect from disclosure the underlying assessment of

3    Experian's legal obligations and legally required compliance procedures following the various

4    *Pintos* decisions. Any inquiry as to why certain changes were made or not made in the wake of

5    the various *Pintos* decisions necessarily impinges on these privileged attorney-client

6    communications and/or documents and mental impressions that are protected by the work product

7    doctrine.

8         Experian also objects that this topic seeks information that is neither relevant to this action

9    nor reasonably calculated to lead to the discovery of admissible evidence because, among other

10   things, it seeks information regarding the reasons why Experian decided to take, or not to take,

11   particular actions in response to the various *Pintos* decisions. Such information is irrelevant

12   under *Safeco v. Burr*, 551 U.S. 47 (2007), where the Supreme Court made clear that the

13   determination of whether a defendant willfully violated the FCRA depends on an objective test—

14   i.e., whether the defendant's conduct raised an "unjustifiably high risk" of violating the statute.

15   551 U.S. at 70. Thus, evidence of the defendant's subjective intent or belief is irrelevant to the

16   issue of whether the defendant acted willfully. *Id.* at n. 20.

17        Experian also objects that, to the extent that this topic seeks information relating to post-

18   litigation matters, including matters relating to the time period after Experian stopped providing

19   consumer credit information to Finex in January 2011, this topic seeks information that neither is

20   relevant nor reasonably calculated to lead to the discovery of admissible evidence and/or that

21   relates to subsequent remedial measures.

22        Experian also objects that: (i) this topic is unduly burdensome and oppressive; and (ii) this

23   topic seeks information that is not relevant to the subject matter of this litigation and is not

24   reasonably calculated to lead to the discovery of admissible evidence. Experian also objects that

25   plaintiffs have already deposed the head of the Membership Department, Mr. Peter Henke, on

26   topics relating to the Membership Department procedures, including changes to those procedures

27   following the various *Pintos* decisions.

28

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

10

1    Subject to and without waiving the General Objections and the objections stated above,

2  Experian responds as follows: Experian is prepared to meet and confer with plaintiffs' counsel to

3  discuss ways to narrow this topic to address Experian's objections.

4  **Deposition Topic No. 8**

5    Experian will be asked to whether, at any time since the 2007 *Pintos* opinion, it changed

6  its Customer Profile Document checklist (see EIS 132-135) to require a more specific statement

7  of the types of collections being handled by a collection agency subscriber. If Experian has made

8  any such changes in its Customer Profile Document, it will be asked to state when and why the

9  changes were made and to describe them in detail and to identify the people who decided to make

10  those changes. If it has not made any such changes in the Customer Profile Document, it will be

11  asked to explain why it has not made any such changes.

12  **Objections to Deposition Topic No. 8**

13    In addition to the General Objections above, which are incorporated herein by this

14  reference, Experian objects that this topic seeks information that is protected from disclosure by

15  the attorney-client communication privilege and the attorney work product doctrine. Although

16  the Customer Profile Document form is not privileged, the attorney-client communication

17  privilege and attorney work product doctrine protect from disclosure the underlying assessment of

18  Experian's legal obligations and legally required compliance procedures following the various

19  *Pintos* decisions. Any inquiry as to why certain changes were made or not made in the wake of

20  the various *Pintos* decisions necessarily impinges on these privileged attorney-client

21  communications and seeks information protected from disclosure by the attorney work product

22  doctrine.

23    Experian also objects that this topic seeks information that is neither relevant to this action

24  nor reasonably calculated to lead to the discovery of admissible evidence because, among other

25  things, it seeks information regarding the reasons why Experian decided to take, or not to take,

26  particular actions in response to the various *Pintos* decisions. Such information is irrelevant

27  under *Safeco v. Burr*, 551 U.S. 47 (2007), where the Supreme Court made clear that the

28  determination of whether a defendant willfully violated the FCRA depends on an objective test—

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

1    i.e., whether the defendant's conduct raised an "unjustifiably high risk" of violating the statute.

2    551 U.S. at 70.  Thus, evidence of the defendant's subjective intent or belief is irrelevant to the

3    issue of whether the defendant acted willfully.  *Id.* at n. 20.

4          Experian also objects that, to the extent that this topic seeks information relating to post-

5    litigation matters, including matters relating to the time period after Experian stopped providing

6    consumer credit information to Finex in January 2011, this topic seeks information that neither is

7    relevant nor reasonably calculated to lead to the discovery of admissible evidence and/or that

8    relates to subsequent remedial measures.

9          Experian also objects that: (i) this topic is unduly burdensome and oppressive; and (ii) this

10   topic seeks information that is not relevant to the subject matter of this litigation and is not

11   reasonably calculated to lead to the discovery of admissible evidence.  Experian also objects that

12   plaintiffs have already deposed the head of the Membership Department, Mr. Peter Henke, on

13   topics relating to the Membership Department procedures, including changes to those procedures

14   following the various *Pintos* decisions.

15         Subject to and without waiving the General Objections and the objections stated above,

16   Experian responds as follows:  Experian is prepared to meet and confer with plaintiffs' counsel to

17   discuss ways to narrow this topic to address Experian's objections.

18   **Deposition Topic No. 9**

19         Experian will be asked to whether, at any time since the 2007 *Pintos* opinion, it has

20   required its Membership Department analysts to ask new clients in the collections industry to

21   describe in detail the types of collections they were handling. If Experian has made any such

22   changes in the procedures for the Membership Department analysts, it will be asked to state when

23   and why the changes were made and to describe them in detail and to identify the people who

24   decided to make those changes. If it has not made any such changes, it will be asked to explain

25   why it has not made any such changes.

26   **Objections to Deposition Topic No. 9**

27         In addition to the General Objections above, which are incorporated herein by this

28   reference, Experian objects that this topic seeks information that is protected from disclosure by

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

12

1    the attorney-client communication privilege and the attorney work product doctrine.  The

2    attorney-client communication privilege and attorney work product doctrine protect from

3    disclosure the underlying assessment of Experian's legal obligations and legally required

4    compliance procedures following the various *Pintos* decisions and the development of any change

5    to those procedures based on that assessment by Experian's legal team.  Any inquiry as to why

6    certain changes were made or not made in the wake of the various *Pintos* decisions necessarily

7    impinges on these privileged attorney-client communications and seeks information protected

8    from disclosure by the attorney work product doctrine.

9        Experian also objects that this topic seeks information that is neither relevant to this action

10   nor reasonably calculated to lead to the discovery of admissible evidence because, among other

11   things, it seeks information regarding the reasons why Experian decided to take, or not to take,

12   particular actions in response to the various *Pintos* decisions.  Such information is irrelevant

13   under *Safeco v. Burr*, 551 U.S. 47 (2007), where the Supreme Court made clear that the

14   determination of whether a defendant willfully violated the FCRA depends on an objective test—

15   i.e., whether the defendant's conduct raised an "unjustifiably high risk" of violating the statute.

16   551 U.S. at 70.  Thus, evidence of the defendant's subjective intent or belief is irrelevant to the

17   issue of whether the defendant acted willfully.  *Id.* at n. 20.

18       Experian also objects that, to the extent that this topic seeks information relating to post-

19   litigation matters, including matters relating to the time period after Experian stopped providing

20   consumer credit information to Finex in January 2011, this topic seeks information that neither is

21   relevant nor reasonably calculated to lead to the discovery of admissible evidence and/or that

22   relates to subsequent remedial measures.

23       Experian also objects that: (i) this topic is unduly burdensome and oppressive; and (ii) this

24   topic seeks information that is not relevant to the subject matter of this litigation and is not

25   reasonably calculated to lead to the discovery of admissible evidence.  Experian also objects that

26   plaintiffs have already deposed the head of the Membership Department, Mr. Peter Henke, on

27   topics relating to the Membership Department procedures, including changes to those procedures

28   following the various *Pintos* decisions.

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

13

1    Subject to and without waiving the General Objections and the objections stated above,

2  Experian responds as follows:  Experian is prepared to meet and confer with plaintiffs' counsel to

3  discuss ways to narrow this topic to address Experian's objections.

4  **Deposition Topic No. 10**

5    Experian will be asked to whether, at any time since the 2007 *Pintos* opinion, it has

6  instructed its Membership Department to require collection agency applicants to provide it with

7  samples of the debts they were collecting. If Experian has instructed its Membership Department

8  to require collection agency applicants to provide it with samples of the debts they were

9  collecting, it will be asked to state when and why the changes were made and to describe them in

10  detail and to identify the people who decided to make those changes. If it has not made any such

11  changes, it will be asked to explain why it has not made any such changes.

12  **Objections to Deposition Topic No. 10**

13    In addition to the General Objections above, which are incorporated herein by this

14  reference, Experian objects that this topic seeks information that is protected from disclosure by

15  the attorney-client communication privilege and the attorney work product doctrine.  The

16  attorney-client communication privilege and attorney work product doctrine protect from

17  disclosure the underlying assessment of Experian's legal obligations and legally required

18  compliance procedures following the various *Pintos* decisions and the development of any change

19  to those procedures based on that assessment by Experian's legal team.  Any inquiry as to why

20  certain changes were made or not made in the wake of the various *Pintos* decisions necessarily

21  impinges on these privileged attorney-client communications and/or documents and mental

22  impressions that are protected by the work product doctrine.

23    Experian also objects that this topic seeks information that is neither relevant to this action

24  nor reasonably calculated to lead to the discovery of admissible evidence because, among other

25  things, it seeks information regarding the reasons why Experian decided to take, or not to take,

26  particular actions in response to the various *Pintos* decisions.  Such information is irrelevant

27  under *Safeco v. Burr*, 551 U.S. 47 (2007), where the Supreme Court made clear that the

28  determination of whether a defendant willfully violated the FCRA depends on an objective test—

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

14

1    i.e., whether the defendant's conduct raised an "unjustifiably high risk" of violating the statute.

2    551 U.S. at 70.  Thus, evidence of the defendant's subjective intent or belief is irrelevant to the

3    issue of whether the defendant acted willfully.  *Id.* at n. 20.

4        Experian also objects that, to the extent that this topic seeks information relating to post-

5    litigation matters, including matters relating to the time period after Experian stopped providing

6    consumer credit information to Finex in January 2011, this topic seeks information that neither is

7    relevant nor reasonably calculated to lead to the discovery of admissible evidence and/or that

8    relates to subsequent remedial measures.

9        Experian also objects that: (i) this topic is unduly burdensome and oppressive; and (ii) this

10   topic seeks information that is not relevant to the subject matter of this litigation and is not

11   reasonably calculated to lead to the discovery of admissible evidence.  Experian also objects that

12   plaintiffs have already deposed the head of the Membership Department, Mr. Peter Henke, on

13   topics relating to the Membership Department procedures, including changes to those procedures

14   following the various *Pintos* decisions.

15       Subject to and without waiving the General Objections and the objections stated above,

16   Experian responds as follows:  Experian is prepared to meet and confer with plaintiffs' counsel to

17   discuss ways to narrow this topic to address Experian's objections.

18   **Deposition Topic No. 11**

19       Experian will be asked to explain whether, at any time since the 2007 Pintos decision, it

20   has revised its site inspection checklist so that the site inspector asks the prospective subscriber to

21   describe in detail and/or provide examples of the types of debts that prospective new subscriber

22   was collecting. If Experian has made any such changes to its site inspection checklist, it will be

23   asked to state when and why the changes were made and to describe them in detail and to identify

24   the people who decided to make those changes. If it has not made any such changes, it will be

25   asked to explain why it has not made any such changes.

26   **Objections to Deposition Topic No. 11**

27       In addition to the General Objections above, which are incorporated herein by this

28   reference, Experian objects that this topic seeks information that is protected from disclosure by

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

1   the attorney-client communication privilege and the attorney work product doctrine.  Although

2   the confidential site inspection form is not privileged, the attorney-client communication privilege

3   and attorney work product doctrine protect from disclosure the underlying assessment of

4   Experian's legal obligations and legally required compliance procedures following the various

5   *Pintos* decisions.  Any inquiry as to why certain changes were made or not made in the wake of

6   the various *Pintos* decisions necessarily impinges on these privileged attorney-client

7   communications and seeks information protected from disclosure by the attorney work product

8   doctrine.

9        Experian also objects that this topic seeks information that is neither relevant to this action

10  nor reasonably calculated to lead to the discovery of admissible evidence because, among other

11  things, it seeks information regarding the reasons why Experian decided to take, or not to take,

12  particular actions in response to the various *Pintos* decisions.  Such information is irrelevant

13  under *Safeco v. Burr*, 551 U.S. 47 (2007), where the Supreme Court made clear that the

14  determination of whether a defendant willfully violated the FCRA depends on an objective test—

15  i.e., whether the defendant's conduct raised an "unjustifiably high risk" of violating the statute.

16  551 U.S. at 70.  Thus, evidence of the defendant's subjective intent or belief is irrelevant to the

17  issue of whether the defendant acted willfully.  *Id.* at n. 20.

18       Experian also objects that, to the extent that this topic seeks information relating to post-

19  litigation matters, including matters relating to the time period after Experian stopped providing

20  consumer credit information to Finex in January 2011, this topic seeks information that neither is

21  relevant nor reasonably calculated to lead to the discovery of admissible evidence and/or that

22  relates to subsequent remedial measures.

23       Experian also objects that: (i) this topic is unduly burdensome and oppressive; and (ii) this

24  topic seeks information that is not relevant to the subject matter of this litigation and is not

25  reasonably calculated to lead to the discovery of admissible evidence.  Experian also objects that

26  plaintiffs have already deposed the head of the Membership Department, Mr. Peter Henke, on

27  topics relating to the Membership Department procedures, including changes to those procedures

28  following the various *Pintos* decisions.

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

16

1    Subject to and without waiving the General Objections and the objections stated above,

2   Experian responds as follows: Experian is prepared to meet and confer with plaintiffs' counsel to

3   discuss ways to narrow this topic to address Experian's objections.

4   **Deposition Topic No. 12**

5    Experian will be asked to explain why it sent out its "Important Notice" about the *Pintos*

6   case to collection industry subscribers in 2010. It will also be asked whether it used language

7   from Trans Union's "Important Notice" (Exh 68) when it drafted its own "Important Notice," and

8   if so, where, how, who and when Experian obtained that Trans Union document.

9   **Objections to Deposition Topic No. 12**

10    In addition to the General Objections above, which are incorporated herein by this

11   reference, Experian objects that this topic seeks information that is protected from disclosure by

12   the attorney-client communication privilege and the attorney work product doctrine. Although

13   the Important Notice is not privileged, the attorney-client communication privilege and attorney

14   work product doctrine protect from disclosure the underlying assessment of Experian's legal

15   obligations and legally required compliance procedures following the various *Pintos* decisions

16   and the drafting of the Important Notice by Experian's legal team.

17    Experian also objects that this topic seeks information that is neither relevant to this action

18   nor reasonably calculated to lead to the discovery of admissible evidence because, among other

19   things, it seeks information regarding the reasons why Experian decided to take, or not to take,

20   particular actions in response to the various *Pintos* decisions. Such information is irrelevant

21   under *Safeco v. Burr*, 551 U.S. 47 (2007), where the Supreme Court made clear that the

22   determination of whether a defendant willfully violated the FCRA depends on an objective test—

23   i.e., whether the defendant's conduct raised an "unjustifiably high risk" of violating the statute.

24   551 U.S. at 70. Thus, evidence of the defendant's subjective intent or belief is irrelevant to the

25   issue of whether the defendant acted willfully. *Id.* at n. 20.

26    Experian also objects that: (i) this topic is unduly burdensome and oppressive; and (ii) this

27   topic seeks information that is not relevant to the subject matter of this litigation and is not

28   reasonably calculated to lead to the discovery of admissible evidence.

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

1        Subject to and without waiving the General Objections and the objections stated above,

2   Experian responds as follows:  Experian is prepared to meet and confer with plaintiffs' counsel to

3   discuss ways to narrow this topic to address Experian's objections.

4   **Deposition Topic No. 13**

5        Experian will be asked to explain why it decided to wait until 2010 to send its "Important

6   Notice" about the *Pintos* case to its collection agency subscribers and who made that decision.

7   **Objections to Deposition Topic No. 13**

8        In addition to the General Objections above, which are incorporated herein by this

9   reference, Experian objects that this topic seeks information that is protected from disclosure by

10  the attorney-client communication privilege and the attorney work product doctrine.  Although

11  the Important Notice is not privileged, the attorney-client communication privilege and attorney

12  work product doctrine protect from disclosure the underlying assessment of Experian's legal

13  obligations and legally required compliance procedures following the various *Pintos* decisions

14  and the drafting of the Important Notice by Experian's legal team.  Any inquiry as to why certain

15  changes were made or not made in the wake of the various *Pintos* decisions necessarily impinges

16  on these privileged attorney-client communications and seeks information protected from

17  disclosure by the attorney work product doctrine.

18       Experian also objects that this topic seeks information that is neither relevant to this action

19  nor reasonably calculated to lead to the discovery of admissible evidence because, among other

20  things, it seeks information regarding the reasons why Experian decided to take, or not to take,

21  particular actions in response to the various *Pintos* decisions.  Such information is irrelevant

22  under *Safeco v. Burr*, 551 U.S. 47 (2007), where the Supreme Court made clear that the

23  determination of whether a defendant willfully violated the FCRA depends on an objective test—

24  i.e., whether the defendant's conduct raised an "unjustifiably high risk" of violating the statute.

25  551 U.S. at 70.  Thus, evidence of the defendant's subjective intent or belief is irrelevant to the

26  issue of whether the defendant acted willfully.  *Id.* at n. 20.

27       Experian also objects that this topic: (i) is unduly burdensome and oppressive; (ii) seeks

28  information that is not relevant to the subject matter of this litigation and is not reasonably

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

1   calculated to lead to the discovery of admissible evidence; and (iii) seeks information that would

2   be better sought through interrogatories.

3       Subject to and without waiving the General Objections and the objections stated above,

4   Experian responds as follows:  Experian is prepared to meet and confer with plaintiffs' counsel to

5   discuss ways to narrow this topic to address Experian's objections.

6   **Deposition Topic No. 14**

7       Experian will be asked to explain why it sent "Re-Certification" forms to collections

8   clients in 2011, and why it did not send such Re-Certification forms earlier. It will also be asked

9   to identify the persons who made those decisions.

10  **Objections to Deposition Topic No. 14**

11      In addition to the General Objections above, which are incorporated herein by this

12  reference, Experian objects that this topic seeks information that is protected from disclosure by

13  the attorney-client communication privilege and the attorney work product doctrine.  Although

14  the re-certification forms are not privileged, the attorney-client communication privilege and

15  attorney work product doctrine protect from disclosure the underlying assessment of Experian's

16  legal obligations and legally required compliance procedures following the various *Pintos*

17  decisions.  Any inquiry as to why certain procedures were implemented or were not implemented

18  in the wake of the various *Pintos* decisions necessarily impinges on these privileged attorney-

19  client communications and seeks information protected from disclosure by the attorney work

20  product doctrine.

21      Experian also objects that this topic seeks information that is neither relevant to this action

22  nor reasonably calculated to lead to the discovery of admissible evidence because, among other

23  things, it seeks information regarding the reasons why Experian decided to take, or not to take,

24  particular actions in response to the various *Pintos* decisions.  Such information is irrelevant

25  under *Safeco v. Burr*, 551 U.S. 47 (2007), where the Supreme Court made clear that the

26  determination of whether a defendant willfully violated the FCRA depends on an objective test—

27  i.e., whether the defendant's conduct raised an "unjustifiably high risk" of violating the statute.

28

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

1   551 U.S. at 70. Thus, evidence of the defendant's subjective intent or belief is irrelevant to the

2   issue of whether the defendant acted willfully. *Id.* at n. 20.

3          Experian also objects that: (i) this topic is unduly burdensome and oppressive; (ii) this

4   topic seeks information that is not relevant to the subject matter of this litigation and is not

5   reasonably calculated to lead to the discovery of admissible evidence; and (iii) seeks information

6   that would be better sought through interrogatories.

7          Subject to and without waiving the General Objections and the objections stated above,

8   Experian responds as follows:  Experian is prepared to meet and confer with plaintiffs' counsel to

9   discuss ways to narrow this topic to address Experian's objections.

10  **Deposition Topic No. 15**

11         Experian will be asked to explain why it did not take action following the first *Pintos*

12  decision in September 2007 until 2010 to notify its collection clients about that decision and its

13  impact on their use of credit reports.

14  **Objections to Deposition Topic No. 15**

15         In addition to the General Objections above, which are incorporated herein by this

16  reference, Experian objects that it relied on legal counsel to interpret each of the several *Pintos*

17  rulings, and thus this topic improperly seeks information that is protected by the attorney work-

18  product doctrine and the attorney-client communication privilege.  Any inquiry as to why certain

19  procedures were implemented or were not implemented in the wake of the various *Pintos*

20  decisions necessarily impinges on these privileged attorney-client communications and/or

21  documents and mental impressions that are protected by the work product doctrine.

22         Experian also objects that this topic seeks information that is neither relevant to this action

23  nor reasonably calculated to lead to the discovery of admissible evidence because, among other

24  things, it seeks information regarding the reasons why Experian decided to take, or not to take,

25  particular actions in response to the various *Pintos* decisions.  Such information is irrelevant

26  under *Safeco v. Burr*, 551 U.S. 47 (2007), where the Supreme Court made clear that the

27  determination of whether a defendant willfully violated the FCRA depends on an objective test—

28  i.e., whether the defendant's conduct raised an "unjustifiably high risk" of violating the statute.

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

20

1    551 U.S. at 70.  Thus, evidence of the defendant's subjective intent or belief is irrelevant to the

2    issue of whether the defendant acted willfully.  *Id.* at n. 20.

3         Experian also objects that: (i) this topic is unduly burdensome and oppressive; (ii) this

4    topic is not limited to a relevant category of subscriber; (iii) this topic seeks information that is

5    not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the

6    discovery of admissible evidence; (iv) this topic seeks information protected by the attorney-

7    client communication privilege and the attorney work-product doctrine; (v) this topic requires a

8    legal conclusion; and (vi) the topic fails to describe the information it is seeking with reasonable

9    particularity.

10        Subject to and without waiving the General Objections and the objections stated above,

11   Experian responds as follows:  Experian is prepared to meet and confer with plaintiffs' counsel to

12   discuss ways to narrow this topic to address Experian's objections.

13   **Deposition Topic No. 16**

14        Experian will be asked whether any other cases have been brought against it for failing to

15   comply with the limitations on permissible purposes announced in the *Pintos* case and, if so, to

16   identify such cases.

17   **Objections to Deposition Topic No. 16**

18        In addition to the General Objections above, which are incorporated herein by this

19   reference, Experian objects to the topic on the grounds, and to the extent, that it: (i) seeks

20   information that would be better sought through interrogatories; (ii) does not describe with

21   reasonable particularity the matters on which examination is requested; (iii) is neither relevant to

22   the subject matter of the present litigation nor reasonably calculated to lead to the discovery of

23   admissible evidence; (iv) is overly broad, oppressive, and unduly burdensome; and (v) seeks

24   information that can be obtained from public sources or that is already known to plaintiffs'

25   counsel.

26        Experian also objects that, to the extent that this topic seeks information relating to post-

27   litigation matters, including matters relating to the time period after Experian stopped providing

28   consumer credit information to Finex in January 2011, this topic seeks information that neither is

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

1  relevant nor reasonably calculated to lead to the discovery of admissible evidence and/or that

2  relates to subsequent remedial measures.

3          Subject to and without waiving the General Objections and the objections stated above,

4  Experian responds as follows:  Experian is prepared to meet and confer with plaintiffs' counsel to

5  discuss ways to narrow this topic to address Experian's objections.

6  **Deposition Topic No. 17**

7          Experian will be asked to state its profits and its net worth as stated in its most recent

8  financial reports.

9  **Objections to Deposition Topic No. 17**

10         In addition to the General Objections above, which are incorporated herein by this

11  reference, Experian objects that the only potential relevance of such a request would be for an

12  award of punitive damages.  However, evidence of a defendant's financial condition and other

13  evidence relevant only to punitive damages is not admissible until after a finding of liability.  As

14  such, this topic is premature.  Experian also objects that this request is oppressive, irrelevant, and

15  not reasonably calculated to lead to the discovery of admissible evidence.  Experian objects to

16  this request on the grounds that it seeks confidential financial information.  Experian also objects

17  that the term "most recent financial reports" is vague and ambiguous.  Experian also objects that

18  this request is oppressive because it fails to identify a relevant time period.  Experian will be

19  prepared to lodge appropriate financial statements with the court under seal at the commencement

20  of trial.

21  Dated: March 2, 2012                                JONES DAY

22

23                                                      By:

24                                                          Michael G. Morgan

25                                                      Attorneys for Defendant
                                                        EXPERIAN INFORMATION SOLUTIONS,
26                                                      INC.

27

28

EXPERIAN'S OBJECTIONS TO NOTICE OF
30(b)(6) DEPOSITION OF EXPERIAN
INFORMATION SOLUTIONS, INC.

22