UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLMAN, et al., | No. C 11-00180 CW (DMR) |
| Plaintiffs, | **ORDER ON PLAINTIFFS' MOTIONS TO COMPEL** |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al., | |
| Defendants. | |

Before the court are the parties' joint letters regarding the following discovery disputes: (1) Plaintiffs' motion to compel production of documents, responses to interrogatories and deposition testimony concerning matters that Defendant Experian Information Solutions, Inc. ("Experian") claims are protected by the attorney-client privilege and/or attorney work product doctrine [Docket No. 157]; (2) Plaintiffs' motion to compel unredacted versions of documents that contain redactions for non-responsive information [Docket No. 157]; and (3) Plaintiffs' motion to compel responses to late requests for admissions and interrogatories [Docket No. 154]. The court held a hearing on the discovery disputes on June 14, 2012. The court also heard argument on Defendant's motion for leave to serve discovery on absent class members [Docket No. 156], which will be discussed in a separate order.

Having considered the papers, the relevant legal authority, and the argument of counsel, and for the reasons stated at the hearing and set forth below, the court orders that Plaintiffs' motion to compel discovery that is subject to Experian's claim of attorney-client privilege and/or the work

1 product doctrine is DENIED; Plaintiffs' motion to compel unredacted versions of documents
2 containing non-responsive sensitive information is GRANTED; and Plaintiffs' motion to compel
3 responses to late discovery is GRANTED.

**I.  MOTION TO COMPEL DISCOVERY SUBJECT TO EXPERIAN'S PRIVILEGE AND WORK PRODUCT CLAIMS**

**A.  Plaintiffs' Discovery Requests**

Plaintiffs seek production of documents related to "Talk Tracks" circulated by Experian to its sales force that contain instructions regarding what to tell subscribers about its policies for compliance with the Fair Credit Reporting Act ("FCRA") after the Ninth Circuit issued its first opinion in *Pintos v. Pac. Creditors Ass'n*, 504 F.3d 792 (9th Cir. 2007), *opinion withdrawn and superseded*, 565 F.3d 1106 (9th Cir. 2009), *opinion amended and superseded on denial of reh'g*, 605 F.3d 665 (9th Cir. 2010). (Ogilvie Decl. Ex. 1, May 16, 2012.) Plaintiffs also seek responses to interrogatories asking Experian to state (a) whether Experian believed at the time of issuing each Talk Track that the law allowed it to wait for the final outcome of the *Pintos* case before it was required to implement policies and procedures to comply with the *Pintos* decision and (b) the factual and legal basis for Experian's contention that any violation of the FCRA was not willful, as well as the identity of supporting witnesses and relevant documents. (Ogilvie Decl. Ex. 2.) Further, Plaintiffs have noticed a 30(b)(6) deposition of Experian designating topics that cover these subject matters and have requested a deposition of Ann Sterling, Experian's in-house counsel. (Ogilvie Decl. Exs. 3, 4.)

Experian concedes that Plaintiffs are entitled to discover what actions Experian took or failed to take in response to *Pintos*. However, Experian objects to discovery into its legal department's discussions regarding how to comply with *Pintos* and why, on the grounds of relevance, attorney-client privilege, and the work product doctrine.

**B.  Relevance**

As a threshold matter, Experian objects that because "willful liability under the FCRA is an exclusively *objective* inquiry," Plaintiffs are not entitled to discovery concerning in-house counsel's legal research or knowledge about Experian's obligations to comply with *Pintos* when the decision

was rendered in 2007. In other words, Experian argues that discovery regarding what Experian subjectively thought about FCRA compliance post-*Pintos* is not relevant to the question of whether its actions, when viewed objectively, amounted to willful behavior. [Docket No. 157 at 4.] Experian's argument focuses on the showing required to establish willfulness for purposes of assessing statutory damages and other remedies pursuant to 15 U.S.C. § 1681n. However, Experian ignores the fact that the discovery sought by Plaintiffs is relevant for the purposes of establishing Experian's liability for failure to maintain reasonable procedures pursuant to 15 U.S.C. § 1681e.

15 U.S.C. § 1681e requires credit reporting agencies to maintain reasonable procedures designed to limit the furnishing of credit reports to the permissible purposes set forth in Section 1681b:

> Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title.

§ 1681e(a). Plaintiffs allege that Experian violated Section 1681e(a) of the FCRA (1) by failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under Section 1681b; (2) by failing to verify the uses certified by Finex prior to furnishing consumer reports to Finex; and (3) by furnishing consumer reports to Finex when it had reasonable grounds for believing that the reports would not be used for a purpose listed in Section 1681b. (Am. Compl. ¶ 28.) Section 1681b permits a credit reporting agency to furnish a consumer report to a person whom it has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." § 1681b(a)(3)(A). Plaintiffs allege that Experian provided credit reports to Finex in violation of section 1681b because "Experian knew that Finex intended to use the Collection Advantage reports to collect debts that were unrelated to any credit transaction involving the consumers." (Am. Compl. ¶ 29.)

The FCRA provides different remedies for willful, as opposed to negligent violations. In *Pintos*, Judge Wilken summarized the relevant remedial provisions of the FCRA:

> The FCRA limits the purposes for which consumer reporting agencies may disclose credit reports, 15 U.S.C. § 1681b, and requires such agencies to "maintain reasonable procedures" that prevent disclosure in the absence of a permissible purpose, *id.* § 1681e. Violations of these requirements may be willful or negligent. *Compare* 15 U.S.C. § 1681n *with id.* § 1681o. For willful violations, prevailing consumers may recover actual or statutory damages, punitive damages and reasonable attorneys' fees. 15 U.S.C. § 1681n(a). In contrast, for negligent violations, a consumer may recover only actual damages and reasonable attorneys' fees. *Id.* § 1681o(a).

*Pintos*, No. 03-5471 CW, 2011 WL 1399292, at *3 (N.D. Cal. Apr. 13, 2011) (not reported in F. Supp. 2d).

Experian contends that the discovery Plaintiffs seek is not relevant because the discussions by Experian's legal department about how to comply with *Pintos* do not bear on whether Experian willfully violated the FCRA, because willful liability is determined by an objective standard. [Docket. No. 157 at 18.] In *Safeco Insurance Company of America v. Burr*, 551 U.S. 47 (2007), the Supreme Court held that courts must assess willful violations of the FCRA pursuant to section 1681n for recklessness under "an objective standard: action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* at 68 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). "Thus, a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

While a court must apply an objective standard to determine the willfulness of an alleged FCRA violation pursuant to section 1681n, *Safeco* does not foreclose all discovery into Experian's responses to *Pintos*. Plaintiffs have alleged that Experian failed to maintain reasonable procedures in compliance with section 1681e. As the Third Circuit has recognized, "the reasonableness of a credit reporting agency's procedures is 'normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question.'" *Cortez v. Trans Union, LLC*, 617 F.3d 688, 709 (3d Cir. 2010) (quoting *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004)). The issue of whether Experian failed to follow reasonable procedures may include what

Experian did in response to *Pintos*, and why. For this reason, the court rejects Experian's threshold objection that the discovery in question is irrelevant.

### C. Privilege

Experian argues that even if the discovery is relevant, responsive information is protected from discovery by the attorney-client privilege and work product doctrine. Plaintiffs contend that the documents and testimony at issue are not protected by the attorney-client privilege or work product doctrine on three grounds: (1) Experian waived the privilege and/or work product protection by placing the privileged matters in controversy; (2) the privilege does not attach to documents regarding Experian's business decisions, rather than documents that were prepared primarily to seek legal advice; and (3) Experian waived the attorney-client privilege by failing to provide a timely and complete privilege log.

#### 1. Implicit Waiver

First, Plaintiffs argue that Experian has implicitly waived the attorney-client privilege: "[b]y contending that its failure to alter its procedures in 2007 was, at most, a negligent violation, Experian has tendered the issue and thus waived the privilege." [Docket No. 157 at 7.] Experian responds that it cannot be deemed to have implicitly waived its attorney-client privilege by denying allegations of willful violations of the FCRA. [Docket No. 157 at 11.]

Under Ninth Circuit authority,

> an implied waiver of the attorney-client privilege occurs when (1) the party asserts the privilege as a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense.

*Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (citation omitted). "[A]n overarching consideration is whether allowing the privilege to protect against disclosure of the information would be 'manifestly unfair' to the opposing party." *Id.* (citation omitted).

Here, Plaintiffs contend that they need discovery related to the research and discussions that led to the "Talk Tracks" that Experian circulated after the Ninth Circuit panel issued its *Pintos* opinion in 2007; those "Talk Tracks" instructed the Experian sales force to tell subscribers that

Experian would notify them about compliance policies "after the outcome of the court's final review." [Docket No. 157 at 2 (quotation marks omitted).] Plaintiffs contend that they need this discovery because Experian has indicated its intent to call a rebuttal expert who will testify that its actions, including its delayed response to *Pintos*, may have been negligent but were not willful. [Docket No. 157 at 3.] Plaintiffs argue that Experian has waived the attorney-client privilege by contending that its violation was negligent, not willful, "because it reasonably thought it could wait until the [*Pintos*] decision became final," such that Plaintiffs "should be allowed the discovery to show that it knew its course of action would violate the law." [Docket No. 157 at 7.]

In *Claffey v. River Oaks Hyundai*, 486 F. Supp. 2d 776 (N.D. Ill. 2007), the district court rejected a similar waiver argument by plaintiffs who alleged that an automobile financing corporation and car dealers violated the FCRA by accessing or using the plaintiffs' credit information without their permission and without any other legal basis:

> The attorney-client privilege may be waived "when the client asserts claims or defenses that put his attorneys' advice at issue in the litigation." *Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995). [Defendant] COAF has not waived the privilege, however, merely by asserting that it did not willfully violate the statute. Among other reasons, willfulness is not a "defense"-even though COAF incorrectly pled it as such. Rather, it is part of what a plaintiff has to prove to recover damages. *See Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir. 2004) (affirming denial of "willfulness" damages on the ground that plaintiff was unable to prove willfulness). The plaintiffs have offered no authority for the proposition that they can force a waiver of COAF's attorney-client privilege simply by injecting the issue of willfulness into the case, or that COAF has waived the privilege simply by denying the plaintiffs' willfulness allegation. Indeed, to waive the attorney-client privilege, "a defendant must do more than merely deny a plaintiff's allegations. The holder [of the privilege] must inject a new factual or legal issue into the case." *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987).
>
> The fact that COAF's state of mind theoretically might have been affected by advice of legal counsel does not put the privilege in issue, unless COAF uses advice by counsel to support its denial of willfulness.

*Claffey*, 486 F. Supp. 2d at 778 (second brackets in original) (emphasis removed). Similarly, here, Experian's mere denial of willfulness does not effect an implied waiver of its attorney-client privilege. Moreover, as Plaintiffs acknowledge, Experian has disclaimed any reliance on an advice of counsel defense. [Docket No. 157 at 3.] *Cf. Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162-63 (9th Cir. 1992) (holding that "to the extent that Pennzoil claims that its tax position is

6

reasonable because it was based on advice of counsel, Pennzoil puts at issue the tax advice it received" and thereby implicitly waived attorney-client privilege).

During oral argument, Experian unequivocally stated to the court that it will not rely on an advice of counsel defense for any purpose in this case. Experian further represented that expert witness testimony would be confined to industry practices in the context of the ongoing *Pintos* litigation, and would not be offered on the question of what Experian's lawyers did or what a reasonable lawyer would have done. Based on those representations, the court finds that Experian has not placed attorney advice at issue and that there is no implied waiver of the attorney-client privilege.

### 2. Talk Tracks

Plaintiffs contend that because Ms. Sterling prepared the Talk Tracks for circulation to non-legal sales staff about how Experian would respond to the *Pintos* ruling, her decisions about Experian's compliance procedures were business -- not legal -- decisions, so that all her drafts and communications relating to those decisions should be discoverable. [Docket No. 157 at 8.] Experian does not dispute Plaintiffs' argument that the attorney-client privilege only attaches to confidential communications made primarily for the purpose of seeking or giving legal advice. Experian points out, however, that it has never claimed that the Talk Tracks are privileged. [Docket No. 157 at 12.] Experian further concedes that it does not object to a deposition of Ms. Sterling to confirm that she authored the Talk Tracks and that they constituted the policy of the company. Plaintiffs do not appear to argue that the attorney-client privilege would not attach to the legal advice underlying the Talk Tracks. In light of Experian's representations that it would exclude advice of counsel from the scope of its defense, the privilege is not waived, and Plaintiffs may not conduct discovery on Ms. Sterling's legal rationale for drafting the Talk Tracks.

### 3. Privilege Logs

Plaintiffs contend that Experian waived its attorney-client privilege by failing to provide a timely privilege log. Taking into account the factors articulated in *Burlington Northern & Santa Fe Railway Company v. United States Disttrict Court for the District of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005), the court determines that Experian timely objected to Plaintiffs' discovery requests;

that the parties were engaged in efforts to narrow Plaintiffs' discovery requests; that Experian was engaged in ongoing document review resulting in review of over 115,000 pages of documents; that the parties were engaged in a genuine dispute about the scope of discovery; and that Experian did not needlessly delay in providing a privilege log. [Docket No. 157 at 13-14.] Having reviewed Experian's privilege log, the court determines that it is sufficiently detailed to evaluate the privilege claims. [*See* Docket No. 139.] Having conducted a "holistic reasonableness analysis" of Experian's privilege assertion under *Burlington*, the court finds that Experian did not waive the attorney-client privilege.

## II.    REDACTION OF NON-RESPONSIVE INFORMATION

Plaintiffs object to Experian's redaction of non-privileged information that it contends is not responsive to Plaintiffs' discovery requests. Experian argued that the redactions were made to protect highly sensitive business information. As the court stated at the hearing, any confidential financial or proprietary business information is sufficiently protected by the procedures set forth in the protective order entered in this case.[1] The court ordered Experian to produce unredacted versions of the non-privileged documents and to provide a revised redaction log within 30 days of the hearing.

## III.   MOTION TO COMPEL RESPONSES TO LATE DISCOVERY REQUESTS

Plaintiffs move to compel responses to its second set of requests for admissions and fourth set of interrogatories, which seek discovery related to class members who either asked to have their vehicles towed or had judgment taken against them on the towing charges that Finex was attempting to collect. Experian objects to these requests on the ground that the responses were due three days after the discovery cut-off, which Plaintiffs admit were caused by counsel's miscalculation.

As the court held at the hearing on the parties' discovery disputes, the court finds good cause to permit late discovery here. The three-day delay caused by counsel's inadvertence is brief and will not cause undue prejudice, the parties were engaged in robust discovery, and the discovery sought

---

[1] At the hearing, the parties agreed to make a stipulated request to modify the protective order to provide for the destruction of covered documents after the completion of the case.

8

by Plaintiffs is relevant, targeted, and specific in attempting to narrow the evidentiary issues concerning the class list.

The parties were ordered to complete the subject discovery within 90 days of the hearing and were instructed to meet and confer if any further extension of time became necessary.

**IT IS SO ORDERED.**

Dated: June 27, 2012



DONNA M. RYU
United States Magistrate Judge