United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLMAN,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. ET AL,<br><br>　　　　Defendant(s).<br>_____/ | No. C 11-00180 CW (DMR)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO SERVE DISCOVERY ON ABSENT CLASS MEMBERS**<br>**[DOCKET NO. 156]** |

In this class action, Plaintiffs seek relief for alleged disclosure of credit reports by Defendant Experian Information Solutions, Inc. ("Experian") in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. On April 27, 2012, the Honorable Claudia Wilken certified a class of approximately 38,000 class members, [Docket No. 138], and subsequently amended the order to define the class as follows:

> all consumers whose consumer reports were furnished by Experian to Finex [Group, LLC ("Finex")] from January 12, 2009 to the present in connection with Finex's efforts to collect on a towing deficiency claim that was not reduced to a judgment and was not the result of a transaction that the consumer initiated.

[Docket No. 146 at 1.] On May 16, 2012, the parties filed a joint discovery letter brief regarding Experian's request to serve discovery on the absent class members. [Docket No. 156.] Specifically, Experian proposes to send to each class member a six-question form questionnaire designed to obtain information about the circumstances under which the class member's car was towed, as well

1  as the nature of the towing-related fees.  Experian argues that this discovery is essential to its ability
2  to prepare its defense and to determine class membership.  The proposed questionnaire would
3  require each potential class member to provide timely responses under penalty of perjury, or risk his
4  or her ability to recover damages in this case.  [*See* Docket No. 156 at 14-15.]

5  Plaintiffs argue that the discovery is unwarranted, fails to meet the legal standards for absent
6  class member discovery, and amounts to a blatant attempt to shrink the size of the class.

7  The court conducted a hearing on June 14, 2012.  For the reasons stated during the hearing
8  and in this order, Experian's request for discovery on absentee class members is DENIED.

## I. Background

10  This action arises from Experian's purported disclosure of the credit reports of class members
11  to Finex[1] in violation of the FCRA.  Plaintiffs seek statutory damages under section 1681n for
12  Experian's alleged willful violation of section 1681e(a), which limits the use of consumer reports to
13  purposes listed in section 1681b.  Plaintiffs allege that Experian willfully violated section 1681e(a)
14  by furnishing consumer reports to Finex and failing to verify that Finex was using those reports for a
15  permissible purpose, even though Experian had reason to believe that Finex was not doing so.

16  Named plaintiff Holman alleges that on August 8, 2009, law enforcement personnel directed
17  Big Guys Towing ("Big Guys") to tow his car.  Subsequently, Holman failed to pay Big Guys for the
18  towing and storage of his car.  On August 31, 2009, Big Guys purportedly sold Holman's car and,
19  thereafter, sought to recover from him the difference between the car's sale price and the amount
20  owed to Big Guys for towing and storage services.  Big Guys retained Finex to collect Holman's
21  towing-related debt.  On September 14, 2009 and pursuant to its subscription with Experian, Finex
22  purportedly obtained a copy of Holman's credit report for the purpose of collecting a towing-related
23  debt, even though Holman did not initiate the transaction.

24  Plaintiffs' action is grounded in the procedural history of *Pintos v. Pacific Creditors*
25  *Associationn*, No. C-03-5471-CW, slip op. (N.D. Cal. Nov. 9, 2004) [Docket No. 82].  In *Pintos*, the
26  district court granted summary judgment in favor of Pacific Creditors Association and Experian,

---

[1] Plaintiffs originally brought suit against both Finex and Experian.  Finex subsequently was dismissed by stipulation.

2

concluding that it was permissible to furnish the plaintiff's credit report for the purpose of collecting her towing-related debt. Experian had maintained that this purpose fell within the scope of section 1681b(a)(3)(A), which authorizes a consumer reporting agency to furnish a consumer credit report to a person it has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." § 1681b(a)(3)(A). Pintos appealed from the judgment.

The *Pintos* appeal generated two opinions by the Ninth Circuit, both reversing the district court. In the first, issued September 21, 2007, the Ninth Circuit concluded that the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), Pub. L. No. 108-159, 117 Stat. 1952, amended the FCRA to define "credit" as a "'right . . . to defer payment,'" and, as a result, a "'credit transaction' is a transaction in which the consumer directly participates and voluntarily seeks credit." *Pintos v. Pac. Creditors Ass'n*, 504 F.3d 792, 798 (9th Cir. 2007) (citing *Stergiopoulos v. First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1047 (7th Cir. 2005)), *withdrawn & superseded by* 565 F.3d 1006 (9th Cir. 2009), *amended & superseded on denial of rehr'g by* 605 F.3d 665 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 900 (2011). On April 30, 2009, the Ninth Circuit withdrew this opinion and issued a superseding decision, *Pintos*, 565 F.3d 1006. The second *Pintos* opinion excised the previous references to the FACTA, but reached the same conclusion: collection of a towing-related debt did not provide a permissible purpose to obtain or furnish a credit report because it did not constitute "a transaction initiated by [the consumer]." *Id.* at 1114. Experian petitioned for rehearing en banc, which the Court denied. *Pintos*, 605 F.3d 665. In the same order, the Ninth Circuit panel amended the second *Pintos* opinion to clarify what arguments Experian and Pacific Creditors Association could raise on remand. *Id.* at 670. This amendment did not alter the analysis or holding of the April 2009 opinion.

Plaintiffs allege that, notwithstanding the first *Pintos* decision or *Stergiopoulos*, Experian did not change its practices to conform to the new legal standard. Experian insists that, because the Supreme Court did not deny its petition for a writ of certiorari until January 2011, the use of credit reports to collect towing-related debts was still debatable in September 2009, when Experian gave

3

access to Holman's credit report to Finex. Against this backdrop, Experian seeks leave to propound the class member discovery to gather facts regarding the circumstances of each tow, as well as the nature of the tow charges.

## II. Legal Standards Regarding Class Member Discovery

Courts considering requests for discovery on absent class members often apply the standard articulated by the Seventh Circuit in *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340-41 (7th Cir. 1974).[2] This standard permits such discovery "only where the proponent of the discovery establishes" four criteria:

> that (1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent.

*McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517 (S.D. Cal. 2008) (citing *Clark*, 501 F.2d at 340-42).

Other courts have articulated standards that are similar to, or overlap with the factors set forth in, *Clark*. For example, in *McCarthy v. Paine Webber Group, Inc.*, 164 F.R.D. 309 (D. Conn. 1995), the court required parties seeking discovery to make a "strong showing . . . that the information sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class." *Id*. at 313 (citations omitted). It reasoned that "[d]iscovery of absent class members, while not forbidden, is rarely permitted due to the facts that absent class members are not 'parties' to the action, and that to permit extensive discovery would defeat the purpose of class actions which is to prevent massive joinder of small claims." *Id*. (citations omitted); *see also McPhail*, 251 F.R.D. at 517 n.3 (citing *McCarthy*, 164 F.R.D. at 313).

Similarly, in *Tierno v. Rite Aid Corp.*, No. C-05-2520-TEH, 2008 WL 2705089 (N.D. Cal. July 8, 2008) (not reported in F. Supp. 2d), the court held that the proponent must demonstrate three factors to justify discovery on absentee class members: (1) whether the information sought is relevant; (2) whether the information is not readily obtainable from the representative parties or

---

[2] The Ninth Circuit has not yet ruled on the standards governing absent class member discovery.

other sources; and (3) whether the request is not unduly burdensome and made in good faith. *See id.* at *6 (citing *Cornn v. UPS, Inc.*, No. C-03-2001-TEH, 2006 WL 2642540, *2 (N.D. Cal. Sept. 14, 2006) (not reported in F. Supp. 2d)).

### III. Analysis

As an initial matter, the court notes that Experian's request is unprecedented. Experian seeks leave to propound discovery on approximately 38,000 absent class members. It does not cite a single comparable case in support of such a massive undertaking. Moreover, Experian's undifferentiated request is aimed at all class members, rather than focusing on individuals specifically identified or placed at issue in this litigation. *See, e.g.*, *Moreno v. Autozone, Inc.*, No. C-05-4432- MJJ (EMC), 2007 WL 2288165, at *1 (N.D. Cal. Aug. 3, 2007) (not reported in F. Supp. 2d) (permitting depositions of two putative class members who submitted declarations in support of motion for class certification); *Mas v. Cumulus Media Inc.*, No. C-10-1396-EMC, 2010 WL 4916402, at *3 (N.D. Cal. Nov. 22, 2010) (not reported in F. Supp. 2d) (allowing request for documents and deposition of two class members listed in plaintiff's initial disclosures). Thus, Experian's request immediately raises the question of whether it is unduly burdensome, as well as whether it is designed to whittle down the size of the class.

Plaintiffs challenge the proposed questionnaire on the ground that it takes undue advantage of class members and reduces the class size because the discovery request functions as an opt-in requirement. Experian asserts that the questionnaire does not create an opt-in requirement because the potential consequences for not completing the questionnaire need not be decided at this time. However, its proposed questionnaire clearly states that if absent class members fail to make a timely response, their "ability to recover damages in this case may be affected." [Docket No. 156 at 14.] This language appears to jeopardize class membership for failure to respond to the questionnaire. As noted in *McPhail*, a court should not allow discovery when it requires absent class members "to take some affirmative action to remain in the class." 251 F.R.D. at 517 (citation omitted).

Experian argues that the questionnaire is not designed to take undue advantage of class members, but rather is directed at the threshold issue of class membership. In so arguing, Experian relies on statements made by Judge Wilken at the hearing on Plaintiffs' motion for class certification.

At that hearing, Judge Wilken engaged in dialogue with counsel regarding the adjudication of individual class member damages, in light of the Seventh Amendment right to a jury trial. As part of that discussion, the court alluded to the possibility of requiring class members to testify in order to establish their entitlement to relief and membership in the class, should the parties fail to agree to a claims procedure. [Docket No. 116 at 14-22.] Experian now points to Judge Wilken's statements to argue that the proposed class discovery is necessary to prevent being blind-sided by the witnesses' trial testimony. Experian argues that, in light of Judge Wilken's comments, the failure to permit the requested discovery at this juncture would amount to a due process violation. Having reviewed the transcript, the court determines that Judge Wilken did not order that individual class members would be required to testify at the trial to determine liability, but rather was exploring the contours of damage proceedings, in the event of a class-wide liability finding. Experian's proposed questionnaire is aimed at individual questions, which are "more properly adjudicated after the common questions have been determined." *Kline v. First W. Gov't Sec., Inc.*, No. 83-1076, 1996 WL 122717, at *3-4 (E.D. Pa. Mar. 11, 1996) (not reported in F. Supp.) (footnote and citations omitted) (denying request to propound written discovery on 2400 absent class members); *see also McCarthy*, 164 F.R.D. at 313 (holding that standards for class member discovery focus on whether discovery is "directly relevant to common questions" and "necessary at trial of issues common to the class" (citation omitted)).

  Although the undue burden of the 38,000 questionnaires, as well as their likely effect of reducing the class, are each sufficient grounds for denying Experian's request, there are other reasons to do so. Responding to the questions is likely to require the assistance of counsel. For example, one question asks, "If your answer to no. 2 is yes, did you request or authorize that towing of your car, either directly with the towing company, or indirectly through a family member, friend, police officer or other individual?" [Docket No. 156 at 14.] Although an educated individual would likely be able to parse through the compound twists and turns of this inquiry regarding direct or indirect requests or authorizations, such a question may confuse many responders. *See, e.g.*, *McPhail*, 251 F.R.D. at 518 (noting that each class member "would need to confer with Class Counsel to understand the purpose of the request, the penalty for not filing a response, the need to

1  discuss all relevant information, [and] the need to refresh their recollection with documentation" in
2  denying discovery request (citation and quotation marks omitted)).
3      In addition, Experian has not met its burden of demonstrating that the information is not
4  readily obtainable from other sources. As noted by Plaintiffs, towing records may well provide
5  significant amounts of the information that Experian seeks.

## **IV. Conclusion**

7      For the foregoing reasons, the court denies Experian's request for leave to propound
8  discovery directed to all absent class members.

10 IT IS SO ORDERED.

12 Dated: July 2, 2012

                                DONNA M. RYU
                                United States Magistrate Judge