# EXHIBIT A

ORIGINAL

Daniel J. McLoon (State Bar No. 109598)
Michael G. Morgan (State Bar No. 170611)
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071-2300
Telephone:     (213) 489-3939
Facsimile:      (213) 243-2539
Email: djmcloon@jonesday.com
        mgmorgan@jonesday.com

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ROANE HOLMAN,<br>and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS,<br>INC.; FINEX GROUP LLC,<br><br>Defendants. | Case No. CV-11-00180-CW<br><br>**DEFENDANT EXPERIAN<br>INFORMATION SOLUTIONS, INC.'S<br>SECOND SET OF<br>INTERROGATORIES TO<br>PLAINTIFF MIGUEL A. ALVAREZ** |

PROPOUNDING PARTY:    DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

RESPONDING PARTY:    PLAINTIFF MIGUEL A. ALVAREZ

SET NUMBER:            TWO

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Experian Information Solutions, Inc. ("Experian"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby serves upon Plaintiff Miguel A. Alvarez ("Plaintiff") the following interrogatories, which must be answered separately and fully in writing, under oath, within thirty days after service.

## I. DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to Experian's interrogatories:

1. "YOU" or "YOUR" refers to Plaintiff Alvarez and his agents.

2. "EXPERIAN" refers to Experian Information Solutions, Inc.

3. "FINEX" refers to Finex Group LLC, a California corporation with its principal place of business in San Jose, California.

4. "FINEX LIST" refers to the spreadsheets that Plaintiffs provided to Experian on or about July 9, 2012 purporting to set forth information pertaining to approximately 36,387 consumers.

5. "FINEX FILES" refers to the consumer account files and other records that Plaintiffs provided to Experian on or about May 16, 2012 and August 8, 2012.

6. "COMMUNICATION" means any and all forms of exchanging information, whether in writing, electronically, verbally, orally, telephonically, or otherwise.

7. The words "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

8. The use of the word "including" shall be construed to mean "including without limitation."

9. "All," "Any," and "Each" shall be construed as "any and every."

10. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

11. "RELATE TO," "RELATED TO," or "RELATING TO" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

12.    In answering these interrogatories, YOU shall furnish all information known or available.  If any of these interrogatories cannot be answered in full, the interrogatory shall be answered to the extent possible.

13.    In the event YOU assert any form of objection or privilege as a ground for not answering an interrogatory or any part of an interrogatory, set forth the legal grounds and facts upon which the objection or privilege is based.  If the objection relates only to part of the interrogatory, the balance of the interrogatory should be answered in full.

### III. INTERROGATORIES

**INTERROGATORY NO. 20:**

If YOU deny Request for Admission No. 1 with respect to any consumer whose FINEX FILE contains a note or other written document in which the consumer requests a tow, then identify each such consumer and identify all the evidence that YOU claim establishes that the consumer did not initiate the tow of the consumer's vehicle.

**INTERROGATORY NO. 21:**

If YOU deny Request for Admission No. 2 with respect to any consumer whose FINEX FILE contains a note or other written document indicating that the person requested a tow through an automobile club (e.g., AAA), then identify each such consumer and identify all the evidence that YOU claim establishes that the consumer did not initiate the tow of the consumer's vehicle.

**INTERROGATORY NO. 22:**

If YOU deny Request for Admission No. 3 with respect to any consumer whose FINEX FILE contains a note or other written document indicating that the consumer requested a tow and was later unable to obtain insurance coverage for the tow, then identify each such consumer and identify all the evidence that YOU claim establishes that the consumer did not initiate the tow of the consumer's vehicle.

**INTERROGATORY NO. 23:**

If YOU deny Request for Admission No. 4 with respect to any consumer whose FINEX FILE contains a note or other written document indicating that the consumer paid for the tow with a check that later bounced, then identify each such consumer and identify all the evidence that

YOU claim establishes that the consumer did not initiate the tow of the consumer's vehicle.

**INTERROGATORY NO. 24:**

If YOU deny Request for Admission No. 5 with respect to any consumer whose FINEX FILE contains evidence that, at the time of the tow, the consumer provided a credit card to the tow company, then identify each such consumer and identify all the evidence that YOU claim establishes that the consumer did not initiate the tow of the consumer's vehicle.

Dated: October ___, 2012

JONES DAY

By: _____
    Michael G. Morgan

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

# PROOF OF SERVICE

I, Martha Manriquez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, 50th Floor, Los Angeles, California 90071-2300. On July 13, 2012, I served a copy of the within document(s):

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFF MIGUEL A. ALVAREZ**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒ by placing the document(s) listed above in a sealed envelope addressed to the persons at the address set forth below and providing them to a professional messenger service for personal service.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| **VIA PERSONAL AND ELECTRONIC SERVICE** | **VIA FIRST CLASS MAIL AND ELECTRONIC SERVICE** |
|---|---|
| Andrew J. Ogilvie, Esq.<br>Mark F. Anderson, Esq.<br>Carol Brewer, Esq.<br>ANDERSON, OGILVIE & BREWER, LLP<br>600 California Street, 18th Floor<br>San Francisco, CA 94108<br>Tel: (415) 651-1951/(415) 651-1952<br>Fax: (415) 956-3233<br>andy@aoblawyers.com<br>mark@aoblawyers.com<br>carol@aoblawyers.com | Balám O. Letona, Esq.<br>LAW OFFICE OF BALÃM O. LETONA<br>55 River Street, Suite 220<br>Santa Cruz, CA 94064<br>Tel. (831) 421-0200<br>Fax. (831) 421-0400<br>letonalaw@gmail.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

1   I declare that I am employed in the office of a member of the bar of this court at whose

2   direction the service as made.

3        I declare under penalty of perjury that the foregoing is true and correct.

4        Executed on October 12, 2012, at Los Angeles, California.

5

6

7                                            Martha Manriquez

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORIGINAL

1  Daniel J. McLoon (State Bar No. 109598)
   Michael G. Morgan (State Bar No. 170611)
2  JONES DAY
   555 South Flower Street, 50th Floor
3  Los Angeles, CA 90071-2300
   Telephone:    (213) 489-3939
4  Facsimile:    (213) 243-2539
   Email: djmcloon@jonesday.com
5        mgmorgan@jonesday.com

6  Attorneys for Defendant
   EXPERIAN INFORMATION SOLUTIONS, INC.

7

8                    UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

10

11

12  ROANE HOLMAN, and all others similarly    Case No. CV-11-00180-CW
    situated,
13                                            **DEFENDANT EXPERIAN
                    Plaintiffs,               INFORMATION SOLUTIONS, INC.'S
14                                            SECOND SET OF REQUESTS FOR
         v.                                   PRODUCTION OF DOCUMENTS TO
15                                            PLAINTIFF MIGUEL A. ALVAREZ**
    EXPERIAN INFORMATION SOLUTIONS,
16  INC.; FINEX GROUP LLC,

17                  Defendants.

18

19  PROPOUNDING PARTY:    DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

20  RESPONDING PARTY:     PLAINTIFF MIGUEL A. ALVAREZ

21  SET NUMBER:           TWO

22

23

24

25

26

27

28

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Experian Information Solutions, Inc. ("Experian"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby serves upon Plaintiff Miguel A. Alvarez ("Plaintiff") the following requests for production of documents. Plaintiff shall produce the requested documents for inspection and copying at the offices of Jones Day, 555 South Flower, 50th Floor, Los Angeles, California, 90071, within 30 days of the service of these requests.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to Experian's requests:

1.     "DOCUMENT" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountant's work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

2.     "YOU" or "YOUR" refers to Plaintiff Miguel A. Alvarez and his agents.

3.     Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

4.     The documents requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled according to the number of the document request to which the documents pertain.

5. The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source. All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to YOU or any of YOUR attorneys, consultants, representatives, employees, officers, directors, partners, or other agents.

6. In the event YOU assert any form of objection or privilege as a ground for not answering a document production request or any part of a request, please set forth the legal grounds and facts upon which the objection or privilege is based. If the objection relates to only part of the document request, the balance of the request should be answered in full. With respect to any document which is withheld on a claim of privilege, YOU shall provide, at the time the responses are due hereunder, a statement setting forth as to each such document the following information:

    a. the name(s) of the sender(s) of the document;

    b. the name(s) of the author(s) of the document;

    c. the name(s) of the person(s) to whom the document or copies were sent;

    d. the date of the document;

    e. a brief description of the nature and subject matter of the document; and

    f. the nature of the privilege or the authority which is claimed to give rise to it.

7. If any documents requested have been destroyed, lost, mislaid, or are otherwise missing, please so state, specifying for each document or thing:

    a. the type of document;

    b. a description of the nature and contents of the document;

    c. the identity of the author;

    d. the circumstances under which it was destroyed, lost, mislaid, or otherwise misplaced;

    e. the identity of all Person(s) having knowledge of the circumstances under which it ceased to exist; and

1         f.   the identity of all Person(s) who had knowledge of the contents.

2       8.    Should you obtain any other documents or information which would supplement or modify the documents or information supplied by you in response to this request, you are directed, pursuant to Federal Rule of Civil Procedure 26(e), to give timely notice of such documents and information and to furnish the additional documents or information to EXPERIAN without delay.

**DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS identified in YOUR responses to Experian's Second Set of Interrogatories.

Dated: October _2_, 2012              JONES DAY

                                      By: _____
                                            Michael G. Morgan

                                     Attorneys for Defendant
                                     EXPERIAN INFORMATION SOLUTIONS, INC.

**PROOF OF SERVICE**

I, Martha Manriquez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, 50th Floor, Los Angeles, California 90071-2300. On July 13, 2012, I served a copy of the within document(s):

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF MIGUEL A. ALVAREZ**

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒     by placing the document(s) listed above in a sealed envelope addressed to the persons at the address set forth below and providing them to a professional messenger service for personal service.

☒     by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| VIA PERSONAL AND ELECTRONIC SERVICE | VIA FIRST CLASS MAIL AND ELECTRONIC SERVICE |
|---|---|
| Andrew J. Ogilvie, Esq. <br> Mark F. Anderson, Esq. <br> Carol Brewer, Esq. <br> ANDERSON, OGILVIE & BREWER, LLP <br> 600 California Street, 18th Floor <br> San Francisco, CA 94108 <br> Tel: (415) 651-1951/(415) 651-1952 <br> Fax: (415) 956-3233 <br> andy@aoblawyers.com <br> mark@aoblawyers.com <br> carol@aoblawyers.com | Balám O. Letona, Esq. <br> LAW OFFICE OF BALÃM O. LETONA <br> 55 River Street, Suite 220 <br> Santa Cruz, CA 94064 <br> Tel. (831) 421-0200 <br> Fax. (831) 421-0400 <br> letonalaw@gmail.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

1   I declare that I am employed in the office of a member of the bar of this court at whose

2   direction the service as made.

3       I declare under penalty of perjury that the foregoing is true and correct.

4       Executed on October 12, 2012, at Los Angeles, California.

5

6                                    _____
                                     Martha Manriquez
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Daniel J. McLoon (State Bar No. 109598)
   Michael G. Morgan (State Bar No. 170611)
2  JONES DAY
   555 South Flower Street, Fiftieth Floor
3  Los Angeles, CA 90071-2300
   Telephone:    (213) 489-3939
4  Facsimile:    (213) 243-2539
   Email: djmcloon@JonesDay.com
5         mgmorgan@JonesDay.com

6  Attorneys for Defendant
   EXPERIAN INFORMATION SOLUTIONS, INC.

7

8

9              UNITED STATES DISTRICT COURT

10      NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

11

12  ROANE HOLMAN, and all others similarly      Case No. CV-11-00180-CW
    situated,
13                                              Assigned to the Honorable
              Plaintiffs,                       Claudia Wilken
14
       v.                                       **EXPERIAN INFORMATION**
15                                              **SOLUTIONS, INC.'S FIRST SET OF**
    EXPERIAN INFORMATION SOLUTIONS,             **REQUESTS FOR ADMISSION TO**
16  INC.; FINEX GROUP LLC,                      **PLAINTIFF MIGUEL A. ALVAREZ**

17            Defendants.

18

19  PROPOUNDING PARTY:    DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

20  RESPONDING PARTY:     PLAINTIFF MIGUEL A. ALVAREZ

21  SET NO.:              ONE

22

23

24

25

26

27

28

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Federal Rule of Civil Procedure 36, Experian Information Solutions, Inc. ("Experian") hereby requests that Plaintiff Miguel A. Alvarez ("Plaintiff") respond to the following requests for admissions within thirty (30) days of service.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to Experian's Request for Admissions:

1.     "YOU" or "YOUR" refers to Plaintiff Alvarez and his agents.

2.     "EXPERIAN" refers to Experian Information Solutions, Inc.

3.     "FINEX" refers to Finex Group LLC, a California corporation with its principal place of business in San Jose, California.

4.     "FINEX LIST" refers to the spreadsheets that Plaintiffs provided to Experian on or about July 9, 2012 purporting to set forth information pertaining to approximately 36,387 consumers.

5.     "FINEX FILES" refers to the consumer account files and other records that Plaintiffs provided to Experian on or about May 16, 2012 and August 8, 2012.

## REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

With respect to each consumer whose FINEX FILE contains a note or other written document in which the consumer requests a tow, admit that YOU have no evidence to establish that the tow of the consumer's vehicle was not initiated by the consumer.  (*See e.g.*, FINEX FILE produced as 116219.pdf, containing a letter in which the consumer writes: "Transmission went out TOW AWAY Car is Broken Don't Want Anymore feel Free to call This Phone # (818) 269-8389 IF You Have Any Questions Thanks.")

### REQUEST FOR ADMISSION NO. 2:

With respect to each consumer whose FINEX FILE contains a note or other written document indicating that the person requested a tow through an automobile club (e.g., AAA), admit that YOU have no evidence to establish that the tow was not initiated by the consumer. (*See e.g.*, FINEX FILE produced as 119316.pdf, containing a letter from the Automobile Club of

Southern California indicating that "the call was placed by our member" and refusing to pay for the tow.)

**REQUEST FOR ADMISSION NO. 3:**

With respect to each consumer whose FINEX FILE contains a note or other written document indicating that the consumer requested a tow and was later unable to obtain insurance coverage for the tow, admit that YOU have no evidence to establish that the consumer did not initiate the tow. (*See e.g.*, FINEX FILE produced as 113093.pdf, containing a letter from State Farm Insurance stating that "[Y]our 1990 Mazda pickup was towed twice. It was originally towed from the area of disablement to a repair facility, then towed from that repair shop to another location because you felt like the repair shop was taking advantage and charging for unnecessary repairs. However, since the repairs could have been accomplished at the repair facility, only the first tow is covered.")

**REQUEST FOR ADMISSION NO. 4:**

With respect to each consumer whose FINEX FILE contains a note or other written document indicating that the consumer paid for the tow with a check that later bounced, admit that YOU have no evidence to establish that the consumer did not initiate the tow. (*See e.g.*, FINEX FILE produced as 109755.pdf, containing a letter from the towing company stating that "At the time of service we accepted your personal check in the amount of $65.00 for the charges due. Please be advised that your check has been returned to us unpaid.")

**REQUEST FOR ADMISSION NO. 5:**

With respect to each consumer whose FINEX FILE contains evidence that, at the time of the tow, the consumer provided a credit card to the tow company, admit that YOU have no evidence to establish that the consumer did not initiate the tow. (*See e.g.*, FINEX FILE produced as 109723.pdf, containing a letter from the towing company states "We recently towed your Ford

/

/

/

/

Mustang on November 3, 2008 from Burlingame to Belmont. There was an issue with your credit card.")

Dated: October 16, 2012

JONES DAY

By: _____
Michael G. Morgan

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

## PROOF OF SERVICE

I, Martha Manriquez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, 50th Floor, Los Angeles, California 90071-2300. On July 13, 2012, I served a copy of the within document(s):

**EXPERIAN INFORMATION SOLUTIONS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF MIGUEL A. ALVAREZ**

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒    by placing the document(s) listed above in a sealed envelope addressed to the persons at the address set forth below and providing them to a professional messenger service for personal service.

☒    by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| VIA PERSONAL AND ELECTRONIC SERVICE | VIA FIRST CLASS MAIL AND ELECTRONIC SERVICE |
|---|---|
| Andrew J. Ogilvie, Esq.<br>Mark F. Anderson, Esq.<br>Carol Brewer, Esq.<br>ANDERSON, OGILVIE & BREWER, LLP<br>600 California Street, 18th Floor<br>San Francisco, CA 94108<br>Tel: (415) 651-1951/(415) 651-1952<br>Fax: (415) 956-3233<br>andy@aoblawyers.com<br>mark@aoblawyers.com<br>carol@aoblawyers.com | Balám O. Letona, Esq.<br>LAW OFFICE OF BALÃM O. LETONA<br>55 River Street, Suite 220<br>Santa Cruz, CA 94064<br>Tel. (831) 421-0200<br>Fax. (831) 421-0400<br>letonalaw@gmail.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

1   I declare that I am employed in the office of a member of the bar of this court at whose

2   direction the service as made.

3       I declare under penalty of perjury that the foregoing is true and correct.

4       Executed on October 12, 2012, at Los Angeles, California.

5

6

7   Martha Manriquez

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ORIGINAL

1 | Daniel J. McLoon (State Bar No. 109598)
Michael G. Morgan (State Bar No. 170611)
2 | JONES DAY
555 South Flower Street, 50th Floor
3 | Los Angeles, CA 90071-2300
Telephone:  (213) 489-3939
4 | Facsimile:  (213) 243-2539
Email: djmcloon@jonesday.com
5 |       mgmorgan@jonesday.com

6 | Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

7

8

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

11

| | |
|---|---|
| ROANE HOLMAN,<br>and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS,<br>INC.; FINEX GROUP LLC,<br><br>Defendants. | Case No. CV-11-00180-CW<br><br>**DEFENDANT EXPERIAN<br>INFORMATION SOLUTIONS, INC.'S<br>SECOND SET OF<br>INTERROGATORIES TO<br>PLAINTIFF NARCISCO NAVARRO<br>HERNANDEZ** |

PROPOUNDING PARTY:   DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

RESPONDING PARTY:   PLAINTIFF NARCISCO NAVARRO HERNANDEZ

SET NUMBER:       TWO

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Experian Information Solutions, Inc. ("Experian"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby serves upon Plaintiff Narciso Navarro Hernandez ("Plaintiff") the following interrogatories, which must be answered separately and fully in writing, under oath, within thirty days after service.

## I. DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to Experian's interrogatories:

1. "YOU" or "YOUR" refers to Plaintiff Hernandez and his agents.

2. "EXPERIAN" refers to Experian Information Solutions, Inc.

3. "FINEX" refers to Finex Group LLC, a California corporation with its principal place of business in San Jose, California.

4. "FINEX LIST" refers to the spreadsheets that Plaintiffs provided to Experian on or about July 9, 2012 purporting to set forth information pertaining to approximately 36,387 consumers.

5. "FINEX FILES" refers to the consumer account files and other records that Plaintiffs provided to Experian on or about May 16, 2012 and August 8, 2012.

6. "COMMUNICATION" means any and all forms of exchanging information, whether in writing, electronically, verbally, orally, telephonically, or otherwise.

7. The words "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

8. The use of the word "including" shall be construed to mean "including without limitation."

9. "All," "Any," and "Each" shall be construed as "any and every."

10. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

11. "RELATE TO," "RELATED TO," or "RELATING TO" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

1

12.    In answering these interrogatories, YOU shall furnish all information known or available. If any of these interrogatories cannot be answered in full, the interrogatory shall be answered to the extent possible.

13.    In the event YOU assert any form of objection or privilege as a ground for not answering an interrogatory or any part of an interrogatory, set forth the legal grounds and facts upon which the objection or privilege is based. If the objection relates only to part of the interrogatory, the balance of the interrogatory should be answered in full.

## III. INTERROGATORIES

**INTERROGATORY NO. 20:**

If YOU deny Request for Admission No. 1, then identify each person on the FINEX LIST who YOU contend did not initiate the tow of their vehicle and identify all the evidence that supports that claim.

**INTERROGATORY NO. 21:**

If YOU deny Request for Admission No. 2, then identify each person on the FINEX LIST who YOU contend did not have a towing debt that was judicially established and identify all the evidence that supports that claim.

**INTERROGATORY NO. 22:**

If YOU deny Request for Admission No. 3 with respect to any consumer whose FINEX FILE contains a notice of lien sale purporting to indicate that a public agency authorized the tow of the consumer's vehicle, then identify each such consumer and identify all the evidence that YOU claim establishes that the tow was not initiated by the consumer.

**INTERROGATORY NO. 23:**

If YOU deny Request for Admission No. 4 with respect to any consumer whose FINEX FILE contains a notice of lien sale purporting to indicate that a public agency did not authorize the tow of the consumer's vehicle, then identify each such consumer and identify all the evidence that YOU claim establishes that the consumer did not ask the public agency to request the tow.

**INTERROGATORY NO. 24:**

Identify each consumer on the FINEX LIST who initiated the towing of his or her vehicle

1    and identify all  evidence that YOU have which establishes that the consumer initiated the towing

2    of his or her vehicle.

3    **<u>INTERROGATORY NO. 25:</u>**

4         Identify each consumer on the FINEX LIST whose towing debt was judicially established

5    and identify all evidence that YOU have which establishes that the consumer's towing debt was

6    judicially established.

7

8    Dated: October ⟨⟩, 2012                    JONES DAY

9

10                                              By: _____

11                                                  Michael G. Morgan

12                                              Attorneys for Defendant
                                                EXPERIAN INFORMATION SOLUTIONS,
13                                              INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            3

**PROOF OF SERVICE**

I, Martha Manriquez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, 50th Floor, Los Angeles, California 90071-2300. On July 13, 2012, I served a copy of the within document(s):

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFF NARCISO NAVARRO HERNANDEZ**

☒      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒      by placing the document(s) listed above in a sealed envelope addressed to the persons at the address set forth below and providing them to a professional messenger service for personal service.

☒      by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| VIA PERSONAL AND ELECTRONIC SERVICE | VIA FIRST CLASS MAIL AND ELECTRONIC SERVICE |
| --- | --- |
| Andrew J. Ogilvie, Esq. <br> Mark F. Anderson, Esq. <br> Carol Brewer, Esq. <br> ANDERSON, OGILVIE & BREWER, LLP <br> 600 California Street, 18th Floor <br> San Francisco, CA 94108 <br> Tel: (415) 651-1951/(415) 651-1952 <br> Fax: (415) 956-3233 <br> andy@aoblawyers.com <br> mark@aoblawyers.com <br> carol@aoblawyers.com | Balám O. Letona, Esq. <br> LAW OFFICE OF BALÁM O. LETONA <br> 55 River Street, Suite 220 <br> Santa Cruz, CA 94064 <br> Tel. (831) 421-0200 <br> Fax. (831) 421-0400 <br> letonalaw@gmail.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

1    I declare that I am employed in the office of a member of the bar of this court at whose

2    direction the service as made.

3        I declare under penalty of perjury that the foregoing is true and correct.

4        Executed on October 12, 2012, at Los Angeles, California.

5

6                                        _____

7                                        Martha Manriquez

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Daniel J. McLoon (State Bar No. 109598)
   Michael G. Morgan (State Bar No. 170611)
2  JONES DAY
   555 South Flower Street, 50th Floor
3  Los Angeles, CA 90071-2300
   Telephone:   (213) 489-3939
4  Facsimile:   (213) 243-2539
   Email: djmcloon@jonesday.com
5         mgmorgan@jonesday.com

6  Attorneys for Defendant
   EXPERIAN INFORMATION SOLUTIONS, INC.

7

8                    UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

10

11

12 ROANE HOLMAN,                        Case No. CV-11-00180-CW
   and all other similarly situated,
13                                      **DEFENDANT EXPERIAN
              Plaintiffs,               INFORMATION SOLUTIONS, INC.'S
14                                      SECOND SET OF REQUESTS FOR
       v.                               PRODUCTION OF DOCUMENTS TO
15                                      PLAINTIFF NARCISCO NAVARRO
   EXPERIAN INFORMATION SOLUTIONS,      HERNANDEZ**
16 INC.; FINEX GROUP LLC,

17            Defendants.

18

19 PROPOUNDING PARTY:   DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

20 RESPONDING PARTY:    PLAINTIFF NARCISCO NAVARRO HERNANDEZ

21 SET NO.:             TWO

22

23

24

25

26

27

28

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Experian Information Solutions, Inc. ("Experian"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby serves upon Plaintiff Narciso Navarro Hernandez ("Plaintiff") the following requests for production of documents. Plaintiff shall produce the requested documents for inspection and copying at the offices of Jones Day, 555 South Flower, 50th Floor, Los Angeles, California, 90071, within 30 days of the service of these requests.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to Experian's requests:

1. "DOCUMENT" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountant's work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

2. "YOU" or "YOUR" refers to Plaintiff Narciso Navarro Hernandez and his agents.

3. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

4. The documents requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled according to the number of the document request to which the documents pertain.

1

5. The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source. All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to YOU or any of YOUR attorneys, consultants, representatives, employees, officers, directors, partners, or other agents.

6. In the event YOU assert any form of objection or privilege as a ground for not answering a document production request or any part of a request, please set forth the legal grounds and facts upon which the objection or privilege is based. If the objection relates to only part of the document request, the balance of the request should be answered in full. With respect to any document which is withheld on a claim of privilege, YOU shall provide, at the time the responses are due hereunder, a statement setting forth as to each such document the following information:

    a. the name(s) of the sender(s) of the document;

    b. the name(s) of the author(s) of the document;

    c. the name(s) of the person(s) to whom the document or copies were sent;

    d. the date of the document;

    e. a brief description of the nature and subject matter of the document; and

    f. the nature of the privilege or the authority which is claimed to give rise to it.

7. If any documents requested have been destroyed, lost, mislaid, or are otherwise missing, please so state, specifying for each document or thing:

    a. the type of document;

    b. a description of the nature and contents of the document;

    c. the identity of the author;

    d. the circumstances under which it was destroyed, lost, mislaid, or otherwise misplaced;

    e. the identity of all Person(s) having knowledge of the circumstances under which it ceased to exist; and

1        f.   the identity of all Person(s) who had knowledge of the contents.

2        8.    Should you obtain any other documents or information which would supplement

or modify the documents or information supplied by you in response to this request, you are

directed, pursuant to Federal Rule of Civil Procedure 26(e), to give timely notice of such

documents and information and to furnish the additional documents or information to

EXPERIAN without delay.

## DOCUMENTS TO BE PRODUCED

## REQUEST FOR PRODUCTION NO. 45:

All DOCUMENTS identified in YOUR responses to Experian's Second Set of

Interrogatories.

Dated: October ⁅⁆, 2012          JONES DAY

By: _____
        Michael G. Morgan

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS,
INC.

**PROOF OF SERVICE**

I, Martha Manriquez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, 50th Floor, Los Angeles, California 90071-2300. On July 13, 2012, I served a copy of the within document(s):

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF NARCISCO NAVARRO HERNANDEZ**

☒      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒      by placing the document(s) listed above in a sealed envelope addressed to the persons at the address set forth below and providing them to a professional messenger service for personal service.

☒      by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| VIA PERSONAL AND ELECTRONIC SERVICE | VIA FIRST CLASS MAIL AND ELECTRONIC SERVICE |
|---|---|
| Andrew J. Ogilvie, Esq.<br>Mark F. Anderson, Esq.<br>Carol Brewer, Esq.<br>ANDERSON, OGILVIE & BREWER, LLP<br>600 California Street, 18th Floor<br>San Francisco, CA 94108<br>Tel: (415) 651-1951/(415) 651-1952<br>Fax: (415) 956-3233<br>andy@aoblawyers.com<br>mark@aoblawyers.com<br>carol@aoblawyers.com | Balám O. Letona, Esq.<br>LAW OFFICE OF BALĀM O. LETONA<br>55 River Street, Suite 220<br>Santa Cruz, CA 94064<br>Tel. (831) 421-0200<br>Fax. (831) 421-0400<br>letonalaw@gmail.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service as made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 12, 2012, at Los Angeles, California.

_____
Martha Manriquez

1  Daniel J. McLoon (State Bar No. 109598)
   Michael G. Morgan (State Bar No. 170611)
2  JONES DAY
   555 South Flower Street, Fiftieth Floor
3  Los Angeles, CA 90071-2300
   Telephone:  (213) 489-3939
4  Facsimile:  (213) 243-2539
   Email: djmcloon@JonesDay.com
5        mgmorgan@JonesDay.com

6  Attorneys for Defendant
   EXPERIAN INFORMATION SOLUTIONS, INC.

7

8

9              UNITED STATES DISTRICT COURT

10      NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

11

12  ROANE HOLMAN, and all others similarly    Case No. CV-11-00180-CW
    situated,
13                                            Assigned to the Honorable
              Plaintiffs,                     Claudia Wilken
14
        v.                                    **EXPERIAN INFORMATION
15                                            SOLUTIONS, INC.'S FIRST SET OF
    EXPERIAN INFORMATION SOLUTIONS,           REQUESTS FOR ADMISSION TO
16  INC.; FINEX GROUP LLC,                    PLAINTIFF NARCISCO NAVARRO
                                              HERNANDEZ**
17            Defendants.

18

19  PROPOUNDING PARTY:   DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

20  RESPONDING PARTY:    PLAINTIFF NARCISCO NAVARRO HERNANDEZ

21  SET NO.:             ONE

22

23

24

25

26

27

28

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Federal Rule of Civil Procedure 36, Experian Information Solutions, Inc. ("Experian") hereby requests that Plaintiff Narciso Navarro Hernandez ("Plaintiff") respond to the following requests for admissions within thirty (30) days of service.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to Experian's Request for Admissions:

1. "YOU" or "YOUR" refers to Plaintiff Hernandez and his agents.

2. "EXPERIAN" refers to Experian Information Solutions, Inc.

3. "FINEX" refers to Finex Group LLC, a California corporation with its principal place of business in San Jose, California.

4. "FINEX LIST" refers to the spreadsheets that Plaintiffs provided to Experian on or about July 9, 2012 purporting to set forth information pertaining to approximately 36,387 consumers.

5. "FINEX FILES" refers to the consumer account files and other records that Plaintiffs provided to Experian on or about May 16, 2012 and August 8, 2012.

## REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU have no evidence to establish that any consumer on the FINEX LIST did not initiate the tow of their vehicle.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU have no evidence to establish that the towing debt of any consumer on the FINEX LIST was not judicially established.

**REQUEST FOR ADMISSION NO. 3:**

With respect to each consumer whose FINEX FILE contains a notice of lien sale purporting to indicate that a public agency authorized the tow of the consumer's vehicle, admit that YOU have no evidence to establish that the consumer did not ask the public agency to

1    request the tow (e.g., following an accident or mechanical failure).

2    **REQUEST FOR ADMISSION NO. 4:**

3           With respect to each consumer whose FINEX FILE contains a notice of lien sale

4    purporting to indicate that a public agency did not authorize the tow of the consumer's vehicle,

5    admit that YOU have no evidence to establish that the tow was not initiated by the consumer.

6    **REQUEST FOR ADMISSION NO. 5:**

7           Admit that the FINEX LIST includes consumers who initiated the tow of their vehicles.

8    **REQUEST FOR ADMISSION NO. 6:**

9           Admit that the FINEX LIST includes consumers whose towing debt has been judicially

10   established.

11

12   Dated: October 12, 2012                        JONES DAY

13

14   By: _____
                                                       Michael G. Morgan

15
                                                    Attorneys for Defendant
16                                                  EXPERIAN INFORMATION SOLUTIONS,
                                                    INC.

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Martha Manriquez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, 50th Floor, Los Angeles, California 90071-2300. On July 13, 2012, I served a copy of the within document(s):

**EXPERIAN INFORMATION SOLUTIONS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF NARCISCO NAVARRO HERNANDEZ**

☒      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒      by placing the document(s) listed above in a sealed envelope addressed to the persons at the address set forth below and providing them to a professional messenger service for personal service.

☒      by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| VIA PERSONAL AND ELECTRONIC SERVICE | VIA FIRST CLASS MAIL AND ELECTRONIC SERVICE |
|---|---|
| Andrew J. Ogilvie, Esq. Mark F. Anderson, Esq. Carol Brewer, Esq. ANDERSON, OGILVIE & BREWER, LLP 600 California Street, 18th Floor San Francisco, CA 94108 Tel: (415) 651-1951/(415) 651-1952 Fax: (415) 956-3233 andy@aoblawyers.com mark@aoblawyers.com carol@aoblawyers.com | Balám O. Letona, Esq. LAW OFFICE OF BALÃM O. LETONA 55 River Street, Suite 220 Santa Cruz, CA 94064 Tel. (831) 421-0200 Fax. (831) 421-0400 letonalaw@gmail.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

1    I declare that I am employed in the office of a member of the bar of this court at whose

2    direction the service as made.

3          I declare under penalty of perjury that the foregoing is true and correct.

4          Executed on October 12, 2012, at Los Angeles, California.

5

6                                    _____

7                                    Martha Manriquez

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28