# EXHIBIT B

ANDERSON, OGILVIE & BREWER, LLP
Andrew J. Ogilvie      (SBN 57932)
Carol M. Brewer        (SBN 214035)
Mark F. Anderson       (SBN 44787)
600 California Street, 18th FL
San Francisco, CA 94108
Tel:    (415) 651-1951
Fax:    (415) 956-3233

Attorneys for plaintiffs Roane Holman, Miguel Alvarez and Narcisco Navarro Hernandez and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ROANE HOLMAN, and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>        Defendant. | Case No. CV-11-00180-CW<br><br>Assigned to the Honorable Claudia Wilken<br><br>**PLAINTIFFS'OBJECTIONS TO EXPERIAN'S FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFF MIGUEL A. ALVAREZ** |

PROPOUNDING PARTY:   DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

RESPONDING PARTY:    PLAINTIFF MIGUEL A. ALVAREZ

SET NO.:             ONE

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff Miguel A. Alvarez ("Plaintiff") hereby objects to Experian's First Set of Requests for Admissions to Plaintiff Miguel A. Alvarez.

## GENERAL OBJECTIONS

1.      Plaintiff Miguel A. Alvarez objects that these Requests for Admissions call for him to respond after the fact discovery cut-off, which was March 30, 2012, and therefor are invalid and impose no obligation for him to respond. Civ. Proc. 37-3 ("Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable…"). Experian could have served these Requests any time during the fourteen-month discovery phase of this case, but failed to do so before October 12, 2012.

In the parties' Joint Case Management Conference Statement filed July 18, 2012 (Doc. No. 164), Experian announced that it intended to serve interrogatories and requests for admissions on plaintiffs asking about their contentions concerning whether class members initiated the towing of their vehicles or whether there were judgments against them. During the discussions leading to the preparation of the Statement, plaintiffs did not agree that Experian had the right to serve such discovery.

2.      Plaintiff Alvarez objects to each Request on the grounds, and to the extent that, Experian seeks information that is protected from discovery by the attorney-client privilege or the attorney work product privilege.

3.      Plaintiff Alvarez objects to each Request on the grounds that it is vague or ambiguous and, as such, would require Plaintiff to speculate as to the meaning of the Request.

4.      Plaintiff Alvarez objects to the Requests on the grounds that they seek information that is neither relevant to the claims or defenses of any party to this action nor reasonably likely to lead to the discovery of admissible evidence.

5.      Plaintiff Alvarez objects to the Requests on the ground that Experian failed to meet and confer regarding this discovery as required by Standing Order § 2(C)(i).

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to Experian's Request for Admissions:

1.    "YOU" or "YOUR" refers to Plaintiff Alvarez and his agents.

2.    "EXPERIAN" refers to Experian Information Solutions, Inc.

3.    "FINEX" refers to Finex Group LLC, a California corporation with its principal place of business in San Jose, California.

4.    "FINEX LIST" refers to the spreadsheets that Plaintiffs provided to Experian on or about July 9, 2012 purporting to set forth information pertaining to approximately 36,387 consumers.

5.    "FINEX FILES" refers to the consumer account files and other records that Plaintiffs provided to Experian on or about May 16, 2012 and August 8, 2012.

## REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

With respect to each consumer whose FINEX FILE contains a note or other written document in which the consumer requests a tow, admit that YOU have no evidence to establish that the tow of the consumer's vehicle was not initiated by the consumer. (*See e.g.*, FINEX FILE produced as 116219.pdf, containing a letter in which the consumer writes: "Transmission went out TOW AWAY Car is Broken Don't Want Anymore feel Free to call This Phone # (818) 269-8389 IF You Have Any Questions Thanks.")

### RESPONSE TO RFA NO. 1:

Plaintiff objects to this Request on the grounds set forth under General Objections.

Plaintiff also objects that this Request on the grounds, and to the extent that, it is vague and ambiguous and, as such, would require Plaintiff to speculate as to the meaning of the Request.

Plaintiff also objects that responding to the Request would be extremely burdensome given that to attempt to respond to the Request, Plaintiff would have to inspect multiple documents in over 35,000 files, all of which are available to Experian.

### REQUEST FOR ADMISSION NO. 2:

With respect to each consumer whose FINEX FILE contains a note or other written

PLAINTIFF ALVAREZ'S OBJECTIONS TO
EXPERIAN'S 1st SET OF RFA'S OF PLAINTIFF
MIGUEL A. ALVAREZ

document indicating that the person requested a tow through an automobile club (e.g., AAA), admit that YOU have no evidence to establish that the tow was not initiated by the consumer. (*See e.g.*, FINEX FILE produced as 119316.pdf, containing a letter from the Automobile Club of Southern California indicating that "the call was placed by our member" and refusing to pay for the tow.)

**RESPONSE TO RFA NO. 2:**

     Plaintiff objects to this Request on the grounds set forth under General Objections.

     Plaintiff also objects that this Request on the grounds, and to the extent that, it is vague and ambiguous and, as such, would require Plaintiff to speculate as to the meaning of the Request.

     Plaintiff also objects that responding to the Request would be extremely burdensome given that to attempt to respond to the Request, Plaintiff would have to inspect multiple documents in over 35,000 files, all of which are available to Experian.

**REQUEST FOR ADMISSION NO. 3:**

     With respect to each consumer whose FINEX FILE contains a note or other written document indicating that the consumer requested a tow and was later unable to obtain insurance coverage for the tow, admit that YOU have no evidence to establish that the consumer did not initiate the tow. (*See e.g.*, FINEX FILE produced as 113093.pdf, containing a letter from State Farm Insurance stating that "[Y]our 1990 Mazda pickup was towed twice. It was originally towed from the area of disablement to a repair facility, then towed from that repair shop to another location because you felt like the repair shop was taking advantage and charging for unnecessary repairs. However, since the repairs could have been accomplished at the repair facility, only the first tow is covered.")

**RESPONSE TO RFA NO. 3:**

     Plaintiff objects to this Request on the grounds set forth under General Objections.

PLAINTIFF ALVAREZ'S OBJECTIONS TO
EXPERIAN'S 1st SET OF RFA'S OF PLAINTIFF
MIGUEL A. ALVAREZ

Plaintiff also objects that this Request on the grounds, and to the extent that, it is vague and ambiguous and, as such, would require Plaintiff to speculate as to the meaning of the Request.

Plaintiff also objects that responding to the Request would be extremely burdensome given that to attempt to respond to the Request, Plaintiff would have to inspect multiple documents in over 35,000 files, all of which are available to Experian.

**REQUEST FOR ADMISSION NO. 4:**

With respect to each consumer whose FINEX FILE contains a note or other written document indicating that the consumer paid for the tow with a check that later bounced, admit that YOU have no evidence to establish that the consumer did not initiate the tow. (*See e.g.*, FINEX FILE produced as 109755.pdf, containing a letter from the towing company stating that "At the time of service we accepted your personal check in the amount of $65.00 for the charges due. Please be advised that your check has been returned to us unpaid.")

**RESPONSE TO RFA NO. 4:**

Plaintiff objects to this Request on the grounds set forth under General Objections.

Plaintiff also objects that this Request on the grounds, and to the extent that, it is vague and ambiguous and, as such, would require Plaintiff to speculate as to the meaning of the Request.

Plaintiff also objects that responding to the Request would be extremely burdensome given that to attempt to respond to the Request, Plaintiff would have to inspect multiple documents in over 35,000 files, all of which are available to Experian.

**REQUEST FOR ADMISSION NO. 5:**

With respect to each consumer whose FINEX FILE contains evidence that, at the time of the tow, the consumer provided a credit card to the tow company, admit that YOU have no evidence to establish that the consumer did not initiate the tow. (*See e.g.*, FINEX FILE produced

as 109723.pdf, containing a letter from the towing company states "We recently towed your Ford Mustang on November 3, 2008 from Burlingame to Belmont.  There was an issue with your credit card.")

**RESPONSE TO RFA NO. 5:**

Plaintiff objects to this Request on the grounds set forth under General Objections.

Plaintiff also objects that this Request on the grounds, and to the extent that, it is vague and ambiguous and, as such, would require Plaintiff to speculate as to the meaning of the Request.

Plaintiff also objects that responding to the Request would be extremely burdensome given that to attempt to respond to the Request, Plaintiff would have to inspect multiple documents in over 35,000 files, all of which are available to Experian.

Dated: November 9, 2012                           ANDERSON, OGILVIE & BREWER LLP

By: _____
    Mark F. Anderson
    Attorneys for the Plaintiffs & Class

PLAINTIFF ALVAREZ'S OBJECTIONS TO
EXPERIAN'S 1st SET OF RFA'S OF PLAINTIFF
MIGUEL A. ALVAREZ

CERTIFICATE OF SERVICE

I, Mark F. Anderson, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 600 California Street, 18th Floor, San Francisco, California 94108.

I served the following documents on the parties in the within action:

Plaintiff Narcisco Navarro Hernandez's Objections to Experian's Second Set of Interrogatories; Plaintiff Miguel A. Alvarez's Objections to Experian's Second Set of Interrogatories; Plaintiff Narcisco Navarro Hernandez's Objections to Experian's Second Set of Requests for Production of Documents; Plaintiff Miguel A. Alvarez's Objections to Experian's Second Set of Requests for Production of Documents; Plaintiff Narcisco Navarro Hernandez's Objections to Experian's First Set of Requests for Admissions; Plaintiff Miguel A. Alvarez's Objections to Experian's First Set of Requests for Admissions.

By mail and email: On November 9, 2012, I mailed copies of the documents listed above by depositing into the U.S. Postal Service an envelope with postage prepaid containing said documents and addressed to the persons listed below and also sent the documents by email:

Daniel J. McLoon
djmcloon@jonesday.com
Michael G. Morgan
mgmorgan@jonesday.com
Jones Day
555 South Flower St, 50th Fl
Los Angeles, CA 90071-2300

I declare that the foregoing is true and correct and that this certificate was executed at San Francisco, California on November 9, 2012.

_____
Mark F. Anderson

1   ANDERSON, OGILVIE & BREWER, LLP
2   Andrew J. Ogilvie      (SBN 57932)
    Carol M. Brewer        (SBN 214035)
3   Mark F. Anderson       (SBN 44787)
    600 California Street, 18th FL
4   San Francisco, CA 94108
5   Tel:   (415) 651-1951
    Fax:   (415) 956-3233
6
7   Attorneys for plaintiffs Roane Holman, Miguel
    Navarro and Narcisco Navarro Hernandez and all
8   others similarly situated

9

10                      UNITED STATES DISTRICT COURT

11          NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

12

13
    ROANE HOLMAN, and all others similarly      Case No. CV-11-00180-CW
14  situated,
                                                 Assigned to the Honorable
15            Plaintiffs,                        Claudia Wilken

16       v.                                      **PLAINTIFF NARCISCO NAVARRO**
                                                 **HERNANDEZ'S OBJECTIONS TO**
17  EXPERIAN INFORMATION SOLUTIONS,              **EXPERIAN'S FIRST SET OF**
    INC.,                                        **REQUESTS FOR ADMISSIONS**
18
              Defendant.
19

20
    PROPOUNDING PARTY:   DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.
21
    RESPONDING PARTY:    PLAINTIFF NARCISCO NAVARRO HERNANDEZ
22
    SET NO.:             ONE
23

24

25

26

27

28

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff Narcisco Navarro Hernandez ("Plaintiff") hereby objects to Experian's First Set of Requests for Admissions.

## GENERAL OBJECTIONS

1.  Plaintiff Narcissco Navarro Hernandez objects that these Requests for Admissions call for him to respond after the fact discovery cut-off, which was March 30, 2012, and therefor are invalid and impose no obligation for him to respond. Civ. Proc. 37-3 ("Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable…"). Experian could have served these Requests any time during the fourteen-month discovery phase of this case, but failed to do so before October 12, 2012.

In the parties' Joint Case Management Conference Statement filed July 18, 2012 (Doc. No. 164), Experian announced that it intended to serve interrogatories and requests for admissions on plaintiffs asking about their contentions concerning whether class members initiated the towing of their vehicles or whether there were judgments against them. During the discussions leading to the preparation of the Statement, plaintiffs did not agree that Experian had the right to serve such discovery.

2.  Plaintiff Navarro objects to each Request on the grounds, and to the extent that, Experian seeks information that is protected from discovery by the attorney-client privilege or the attorney work product privilege.

3.  Plaintiff Navarro objects to each Request on the grounds that it is vague or ambiguous and, as such, would require Plaintiff to speculate as to the meaning of the Request.

4.  Plaintiff Navarro objects to the Requests on the grounds that they seek information that is neither relevant to the claims or defenses of any party to this action nor reasonably likely to lead to the discovery of admissible evidence.

5.  Plaintiff Navarro objects to the Requests on the ground that Experian failed to meet and confer regarding this discovery as required by Standing Order § 2(C)(i).

6.  Plaintiff Navarro objects to the Request on the grounds, and to the extent that, the Request is vague and ambiguous and, as such, would require Plaintiff to speculate as to the

PLAINTIFF NAVARRO'S OBJECTIONS TO
EXPERIAN'S 1st SET OF RFA's.

meaning of the Request.

7.      Plaintiff Navarro objects that responding to the Requests would be extremely burdensome given that to attempt to respond to the Requests, Plaintiff would have to inspect multiple documents in over 35,000 files, all of which are available to Experian.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to Experian's Request for Admissions:

1.      "YOU" or "YOUR" refers to Plaintiff Navarro and his agents.

2.      "EXPERIAN" refers to Experian Information Solutions, Inc.

3.      "FINEX" refers to Finex Group LLC, a California corporation with its principal place of business in San Jose, California.

4.      "FINEX LIST" refers to the spreadsheets that Plaintiffs provided to Experian on or about July 9, 2012 purporting to set forth information pertaining to approximately 36,387 consumers.

5.      "FINEX FILES" refers to the consumer account files and other records that Plaintiffs provided to Experian on or about May 16, 2012 and August 8, 2012.

## REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Admit that YOU have no evidence to establish that any consumer on the FINEX LIST did not initiate the tow of their vehicle.

### RESPONSE TO RFA NO. 1:

Plaintiff objects to this Request on the grounds set forth under General Objections.

### REQUEST FOR ADMISSION NO. 2:

Admit that YOU have no evidence to establish that the towing debt of any consumer on the FINEX LIST was not judicially established.

### RESPONSE TO RFA NO. 2:

Plaintiff objects to this Request on the grounds set forth under General Objections.

PLAINTIFF NAVARRO'S OBJECTIONS TO EXPERIAN'S 1st SET OF RFA's.

**REQUEST FOR ADMISSION NO. 3:**

With respect to each consumer whose FINEX FILE contains a notice of lien sale purporting to indicate that a public agency authorized the tow of the consumer's vehicle, admit that YOU have no evidence to establish that the consumer did not ask the public agency to request the tow (e.g., following an accident or mechanical failure).

**RESPONSE TO RFA NO. 3:**

Plaintiff objects to this Request on the grounds set forth under General Objections.

**REQUEST FOR ADMISSION NO. 4:**

With respect to each consumer whose FINEX FILE contains a notice of lien sale purporting to indicate that a public agency did not authorize the tow of the consumer's vehicle, admit that YOU have no evidence to establish that the tow was not initiated by the consumer.

**RESPONSE TO RFA NO. 4:**

Plaintiff objects to this Request on the grounds set forth under General Objections.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the FINEX LIST includes customers who initiated the tow of their vehicles.

**RESPONSE TO RFA NO. 5:**

Plaintiff objects to this Request on the grounds set forth under General Objections.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the FINEX LIST includes consumers whose towing debt has been judicially established.

**RESPONSE TO RFA NO. 6:**

Plaintiff objects to this Request on the grounds set forth under General Objections.

Dated: November 9, 2012

ANDERSON, OGILVIE & BREWER LLP

By: _____
      Mark F. Anderson
      Attorneys for the Plaintiffs & Class

PLAINTIFF NAVARRO'S OBJECTIONS TO
EXPERIAN'S 1st SET OF RFA's.

CERTIFICATE OF SERVICE

I, Mark F. Anderson, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 600 California Street, 18th Floor, San Francisco, California 94108.

I served the following documents on the parties in the within action:

Plaintiff Narciso Navarro Hernandez's Objections to Experian's Second Set of Interrogatories; Plaintiff Miguel A. Alvarez's Objections to Experian's Second Set of Interrogatories; Plaintiff Narciso Navarro Hernandez's Objections to Experian's Second Set of Requests for Production of Documents; Plaintiff Miguel A. Alvarez's Objections to Experian's Second Set of Requests for Production of Documents; Plaintiff Narciso Navarro Hernandez's Objections to Experian's First Set of Requests for Admissions; Plaintiff Miguel A. Alvarez's Objections to Experian's First Set of Requests for Admissions.

By mail and email: On November 9, 2012, I mailed copies of the documents listed above by depositing into the U.S. Postal Service an envelope with postage prepaid containing said documents and addressed to the persons listed below and also sent the documents by email:

Daniel J. McLoon
djmcloon@jonesday.com
Michael G. Morgan
mgmorgan@jonesday.com
Jones Day
555 South Flower St, 50th Fl
Los Angeles, CA 90071-2300

I declare that the foregoing is true and correct and that this certificate was executed at San Francisco, California on November 9, 2012.

Mark F. Anderson

1    ANDERSON, OGILVIE & BREWER, LLP
2    Andrew J. Ogilvie      (SBN 57932)
     Carol M. Brewer       (SBN 214035)
3    Mark F. Anderson      (SBN 44787)
     600 California Street, 18th FL
4    San Francisco, CA 94108
5    Tel:   (415) 651-1951
     Fax:   (415) 956-3233
6
7    Attorneys for plaintiffs Roane Holman, Miguel
     Navarro and Narcisco Navarro Hernandez and all
8    others similarly situated

9

10                  UNITED STATES DISTRICT COURT

11        NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

12

13   ROANE HOLMAN, and all others similarly          Case No. CV-11-00180-CW
     situated,
14                                                    **PLAINTIFF MIGUEL A.**
                      Plaintiffs,                     **ALVAREZ'S OBJECTIONS TO**
15                                                    **EXPERIAN SECOND SET OF**
         v.                                           **REQUESTS FOR PRODUCTION OF**
16                                                    **DOCUMENTS**
     EXPERIAN INFORMATION SOLUTIONS,
17   INC.;

18                    Defendant.

19

20

21   PROPOUNDING PARTY:   DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

22   RESPONDING PARTY:    PLAINTIFF MIGUEL A. ALVAREZ

23   SET NUMBER:          TWO

24

25

26

27

28

The following definitions and instructions shall apply to Experian's requests:

1.      "DOCUMENT" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and includes, but is not limited to, the following items:  agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountant's work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

2.      "YOU" or "YOUR" refers to Plaintiff Miguel A. Alvarez and his agents.

3.      Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

4.      The documents requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled according to the number of the document request to which the documents pertain.

5.      The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source.  All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to YOU or any of YOUR attorneys, consultants, representatives, employees, officers, directors, partners, or other agents.

6.     In the event YOU assert any form of objection or privilege as a ground for not answering a document production request or any part of a request, please set forth the legal grounds and facts upon which the objection or privilege is based.  If the objection relates to only part of the document request, the balance of the request should be answered in full.  With respect to any document which is withheld on a claim of privilege, YOU shall provide, at the time the responses are due hereunder, a statement setting forth as to each such document the following information:

  a.   the name(s) of the sender(s) of the document;

  b.   the name(s) of the author(s) of the document;

  c.   the name(s) of the person(s) to whom the document or copies were sent;

  d.   the date of the document;

  e.   a brief description of the nature and subject matter of the document; and

  f.   the nature of the privilege or the authority which is claimed to give rise to it.

7.     If any documents requested have been destroyed, lost, mislaid, or are otherwise missing, please so state, specifying for each document or thing:

  a.   the type of document;

  b.   a description of the nature and contents of the document;

  c.   the identity of the author;

  d.   the circumstances under which it was destroyed, lost, mislaid, or otherwise misplaced;

  e.   the identity of all Person(s) having knowledge of the circumstances under which it ceased to exist; and

  f.   the identity of all Person(s) who had knowledge of the contents.

8.     Should you obtain any other documents or information which would supplement or modify the documents or information supplied by you in response to this request, you are directed, pursuant to Federal Rule of Civil Procedure 26(e), to give timely notice of such

documents and information and to furnish the additional documents or information to EXPERIAN without delay.

## DOCUMENTS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 45:

All DOCUMENTS identified in YOUR responses to Experian's Second Set of Interrogatories.

### OBJECTIONS TO PRODUCTION NO. 45:

1.      Plaintiff Miguel A. Alvarez objects that these Requests for Production of Documents that call for him to respond after the fact discovery cut-off, which was March 30, 2012, and therefor are invalid and impose no obligation for him to respond. Civ. Proc. 37-3 ("Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable…").  Experian could have served the Request any time during the fourteen-month discovery phase of this case, but failed to do so before October 12, 2012.

2.      Plaintiff Alvarez objects to each Request on the grounds,and to the extent that, Experian seeks information that is protected from discovery by the attorney-client privilege or the attorney work product privilege.

3.      Plaintiff Alvarez objects to each Request on the grounds that it is vague or ambiguous and, as such, would require Plaintiff to speculate as to the meaning of the Request.

4.      Plaintiff Alvarez objects to the Requests on the grounds that they seek information that is neither relevant to the claims or defenses of any party to this action nor reasonably likely to lead to the discovery of admissible evidence.

5.      Plaintiff Alvarez objects to the Request on the ground that Experian failed to meet and confer regarding this discovery as required by Standing Order § 2(C)(i).

Dated: November 9, 2012

ANDERSON, OGILVIE & BREWER LLP

By:

Mark F. Anderson
Attorneys for Plaintiff & the Class

CERTIFICATE OF SERVICE

I, Mark F. Anderson, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party

to or interested in the within entitled cause. My business address is 600 California Street, 18th

Floor, San Francisco, California 94108.

I served the following documents on the parties in the within action:

Plaintiff Narciso Navarro Hernandez's Objections to Experian's Second Set of
Interrogatories; Plaintiff Miguel A. Alvarez's Objections to Experian's Second Set of
Interrogatories; Plaintiff Narciso Navarro Hernandez's Objections to Experian's Second
Set of Requests for Production of Documents; Plaintiff Miguel A. Alvarez's Objections
to Experian's Second Set of Requests for Production of Documents; Plaintiff Narciso
Navarro Hernandez's Objections to Experian's First Set of Requests for Admissions;
Plaintiff Miguel A. Alvarez's Objections to Experian's First Set of Requests for
Admissions.

By mail and email: On November 9, 2012, I mailed copies of the documents listed above by

depositing into the U.S. Postal Service an envelope with postage prepaid containing said

documents and addressed to the persons listed below and also sent the documents by email:

Daniel J. McLoon
djmcloon@jonesday.com
Michael G. Morgan
mgmorgan@jonesday.com
Jones Day
555 South Flower St, 50th Fl
Los Angeles, CA 90071-2300

I declare that the foregoing is true and correct and that this certificate was executed at San

Francisco, California on November 9, 2012.

Mark F. Anderson

1   ANDERSON, OGILVIE & BREWER, LLP
2   Andrew J. Ogilvie      (SBN 57932)
    Carol M. Brewer        (SBN 214035)
3   Mark F. Anderson       (SBN 44787)
    600 California Street, 18th FL
4   San Francisco, CA 94108
5   Tel:   (415) 651-1951
    Fax:   (415) 956-3233
6
7   Attorneys for plaintiffs Roane Holman, Miguel
    Navarro and Narcisco Navarro Hernandez and all
8   others similarly situated

9

10                  UNITED STATES DISTRICT COURT

11        NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

12

13   ROANE HOLMAN, and all others similarly      Case No. CV-11-00180-CW
     situated,
14                                               **PLAINTIFF NARCISSCO NAVARRO**
                    Plaintiffs,                   **HERNANDEZ'S OBJECTIONS TO**
15                                                **EXPERIAN SECOND SET OF**
                                                 **REQUESTS FOR PRODUCTION OF**
16          v.                                   **DOCUMENTS**

17   EXPERIAN INFORMATION SOLUTIONS,
     INC.;
18
                    Defendant.
19

20

21   PROPOUNDING PARTY:   DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

     RESPONDING PARTY:    PLAINTIFF NARCISSCO NAVARRO HERNANDEZ
22
     SET NUMBER:          TWO
23

24

25

26

27

28

The following definitions and instructions shall apply to Experian's requests:

1.      "DOCUMENT" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and includes, but is not limited to, the following items:  agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountant's work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

2.      "YOU" or "YOUR" refers to Plaintiff Miguel A. Navarro and his agents.

3.      Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

4.      The documents requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled according to the number of the document request to which the documents pertain.

5.      The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source.  All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to YOU or any of YOUR attorneys, consultants, representatives, employees, officers, directors, partners, or other agents.

6.      In the event YOU assert any form of objection or privilege as a ground for not answering a document production request or any part of a request, please set forth the legal grounds and facts upon which the objection or privilege is based.  If the objection relates to only part of the document request, the balance of the request should be answered in full.  With respect to any document which is withheld on a claim of privilege, YOU shall provide, at the time the responses are due hereunder, a statement setting forth as to each such document the following information:

a.   the name(s) of the sender(s) of the document;

b.   the name(s) of the author(s) of the document;

c.   the name(s) of the person(s) to whom the document or copies were sent;

d.   the date of the document;

e.   a brief description of the nature and subject matter of the document; and

f.   the nature of the privilege or the authority which is claimed to give rise to it.

7.      If any documents requested have been destroyed, lost, mislaid, or are otherwise missing, please so state, specifying for each document or thing:

a.   the type of document;

b.   a description of the nature and contents of the document;

c.   the identity of the author;

d.   the circumstances under which it was destroyed, lost, mislaid, or otherwise misplaced;

e.   the identity of all Person(s) having knowledge of the circumstances under which it ceased to exist; and

f.   the identity of all Person(s) who had knowledge of the contents.

8.      Should you obtain any other documents or information which would supplement or modify the documents or information supplied by you in response to this request, you are directed, pursuant to Federal Rule of Civil Procedure 26(e), to give timely notice of such

documents and information and to furnish the additional documents or information to EXPERIAN without delay.

## DOCUMENTS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 45:

All DOCUMENTS identified in YOUR responses to Experian's Second Set of Interrogatories.

### OBJECTIONS TO PRODUCTION NO. 45:

1.     Plaintiff Navarro objects that these Requests for Production of Documents that call for him to respond after the fact discovery cut-off, which was March 30, 2012, and therefor are invalid and impose no obligation for him to respond. Civ. Proc. 37-3 ("Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable..."). Experian could have served the Request any time during the fourteen-month discovery phase of this case, but failed to do so before October 12, 2012.

2.     Plaintiff Navarro objects to each Request on the grounds,and to the extent that, Experian seeks information that is protected from discovery by the attorney-client privilege or the attorney work product privilege.

3.     Plaintiff Navarro objects to each Request on the grounds that it is vague or ambiguous and, as such, would require Plaintiff to speculate as to the meaning of the Request.

4.     Plaintiff Navarro objects to the Requests on the grounds that they seek information that is neither relevant to the claims or defenses of any party to this action nor reasonably likely to lead to the discovery of admissible evidence.

5.     Plaintiff Navarro objects to the Request on the ground that Experian failed to meet and confer regarding this discovery as required by Standing Order § 2(C)(i).

1

2    Dated: November 9, 2012

3                           ANDERSON, OGILVIE & BREWER LLP

4

5                           By: _____

6                              Mark F. Anderson
                             Attorneys for Plaintiff & the Class

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I, Mark F. Anderson, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 600 California Street, 18th Floor, San Francisco, California 94108.

I served the following documents on the parties in the within action:

Plaintiff Narciso Navarro Hernandez's Objections to Experian's Second Set of Interrogatories; Plaintiff Miguel A. Alvarez's Objections to Experian's Second Set of Interrogatories; Plaintiff Narciso Navarro Hernandez's Objections to Experian's Second Set of Requests for Production of Documents; Plaintiff Miguel A. Alvarez's Objections to Experian's Second Set of Requests for Production of Documents; Plaintiff Narciso Navarro Hernandez's Objections to Experian's First Set of Requests for Admissions; Plaintiff Miguel A. Alvarez's Objections to Experian's First Set of Requests for Admissions.

By mail and email: On November 9, 2012, I mailed copies of the documents listed above by depositing into the U.S. Postal Service an envelope with postage prepaid containing said documents and addressed to the persons listed below and also sent the documents by email:

Daniel J. McLoon
djmcloon@jonesday.com
Michael G. Morgan
mgmorgan@jonesday.com
Jones Day
555 South Flower St, 50th Fl
Los Angeles, CA 90071-2300

I declare that the foregoing is true and correct and that this certificate was executed at San Francisco, California on November 9, 2012.

Mark F. Anderson

1  ANDERSON, OGILVIE & BREWER, LLP
2  Andrew J. Ogilvie      (SBN 57932)
   Carol M. Brewer        (SBN 214035)
3  Mark F. Anderson       (SBN 44787)
   600 California Street, 18th FL
4  San Francisco, CA 94108
5  Tel:   (415) 651-1951
   Fax:   (415) 956-3233
6
7  Attorneys for plaintiffs Roane Holman, Miguel
   Alvarez and Narcisco Alvarez Hernandez and all
8  others similarly situated

9

10                UNITED STATES DISTRICT COURT

11        NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

12

13  ROANE HOLMAN,                          Case No. CV-11-00180-CW
    and all others similarly situated,
14                                         **PLAINTIFF MIGUEL A. ALVAREZ**
                        Plaintiffs,        **OBJECTIONS TO EXPERIAN**
15                                         **SECOND SET OF**
        v.                                 **INTERROGATORIES**
16
    EXPERIAN INFORMATION SOLUTIONS,
17  INC.,
18                      Defendant.
19

20  PROPOUNDING PARTY:    DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

21  RESPONDING PARTY:     PLAINTIFF MIGUEL A. ALVAREZ

22  SET NUMBER:           TWO

23

24

25

26

27

28

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Miguel A. Alvarez ("Plaintiff") hereby objects to Experian's Second Set of Interrogatories.

### GENERAL OBJECTIONS

1.     Plaintiff Miguel A. Alvarez objects that these Interrogatories that call for him to respond after the fact discovery cut-off, which was March 30, 2012, and therefor are invalid and impose no obligation for him to respond. Civ. Proc. 37-3 ("Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable…"). Experian could have served these Interrogatories any time during the fourteen-month discovery phase of this case, but failed to do so before October 12, 2012.

In the parties' Joint Case Management Conference Statement filed July 18, 2012 (Doc. No. 164), Experian announced that it intended to serve interrogatories and requests for admissions on plaintiffs asking about their contentions concerning whether class members initiated the towing of their vehicles or whether there were judgments against them. During the discussions leading to the preparation of the Statement, plaintiffs did not agree that Experian had the right to serve such discovery.

2.     Plaintiff Alvarez objects to each Request on the grounds, and to the extent that, Experian seeks information that is protected from discovery by the attorney-client privilege or the attorney work product privilege.

3.     Plaintiff Alvarez objects to each Request on the grounds that it is vague or ambiguous and, as such, would require Plaintiff to speculate as to the meaning of the Request.

4.     Plaintiff Alvarez objects to the Requests on the grounds that they seek information that is neither relevant to the claims or defenses of any party to this action nor reasonably likely to lead to the discovery of admissible evidence.

5.     Plaintiff Alvarez objects to the Requests on the ground that Experian failed to meet and confer regarding this discovery as required by Standing Order § 2(C)(i).

6.     Plaintiff Alvarez objects that responding to the Requests would be extremely burdensome given that to attempt to respond to the Requests, Plaintiff would have to inspect

multiple documents in over 35,000 files, all of which are available to Experian.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to Experian's interrogatories:

1. "YOU" or "YOUR" refers to Plaintiff Alvarez and his agents.

2. "EXPERIAN" refers to Experian Information Solutions, Inc.

3. "FINEX" refers to Finex Group LLC, a California corporation with its principal place of business in San Jose, California.

4. "FINEX LIST" refers to the spreadsheets that Plaintiffs provided to Experian on or about July 9, 2012 purporting to set forth information pertaining to approximately 36,387 consumers.

5. "FINEX FILES" refers to the consumer account files and other records that Plaintiffs provided to Experian on or about May 16, 2012 and August 8, 2012.

6. "COMMUNICATION" means any and all forms of exchanging information, whether in writing, electronically, verbally, orally, telephonically, or otherwise.

7. The words "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

8. The use of the word "including" shall be construed to mean "including without limitation."

9. "All," "Any," and "Each" shall be construed as "any and every."

10. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

11. "RELATE TO," "RELATED TO," or "RELATING TO" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concrning.

12. In answering these interrogatories, YOU shall furnish all information known or available. If any of these interrogatories cannot be answered in full, the interrogatory shall be answered to the extent possible.

13.     In the event YOU assert any form of objection or privilege as a ground for not answering an interrogatory or any part of an interrogatory, set forth the legal grounds and facts upon which the objection or privilege is based.  If the objection relates only to part of the interrogatory, the balance of the interrogatory should be answered in full.

### III. INTERROGATORIES

**INTERROGATORY NO. 20:**

If YOU deny Request for Admission No. 1 with respect to any consumer whose FINEX FILE contains a note or other written document in which the consumer requests a tow, then identify each such consumer and identify all the evidence that YOU claim establishes that the consumer did not initiate the tow of the consumer's vehicle.

**OBJECTION TO INTERROGATORY NO. 20:**

Plaintiff Alvarez objects to this Interrogatory on the grounds set forth under General Objections.

**INTERROGATORY NO. 21:**

If YOU deny Request for Admission No. 2 with respect to any consumer whose FINEX FILE contains a note or other written document indicating that the person requested a tow through an automobile club (e.g., AAA), then identify each such consumer and identify all the evidence that YOU claim establishes that the consumer did not initiate the tow of the consumer's vehicle.

**OBJECTION TO INTERROGATORY NO. 21:**

Plaintiff Alvarez objects to this Interrogatory on the grounds set forth under General Objections.

**INTERROGATORY NO. 22:**

If YOU deny Request for Admission No. 3 with respect to any consumer whose FINEX FILE contains a note or other written document indicating that the consumer requested a tow and was later unable to obtain insurance coverage for the tow, then identify each such consumer and identify all the evidence that YOU claim establishes that the consumer did not initiate the tow of the consumer's vehicle.

**OBJECTION TO INTERROGATORY NO. 22:**

     Plaintiff Alvarez objects to this Interrogatory on the grounds set forth under General Objections.

**INTERROGATORY NO. 23:**

     If YOU deny Request for Admission No. 4 with respect to any consumer whose FINEX FILE contains a note or other written document indicating that the consumer paid for the tow with a check that later bounced, then identify each such consumer and identify all the evidence that YOU claim establishes that the consumer did not initiate the tow of the consumer's vehicle.

**OBJECTION TO INTERROGATORY NO. 23:**

     Plaintiff Alvarez objects to this Interrogatory on the grounds set forth under General Objections.

**INTERROGATORY NO. 24:**

     If YOU deny Request for Admission No. 5 with respect to any consumer whose FINEX FILE contains evidence that, at the time of the tow, the consumer provided a credit card to the tow company, then identify each such consumer and identify all the evidence that YOU claim establishes that the consumer did not initiate the tow of the consumer's vehicle.

**OBJECTION TO INTERROGATORY NO. 24:**

     Plaintiff Alvarez objects to this Interrogatory on the grounds set forth under General Objections.

Dated: November 9, 2012

ANDERSON, OGILVIE & BREWER LLP

By _____

Mark F. Anderson
Attorneys for Plaintiff & the Class

CERTIFICATE OF SERVICE

I, Mark F. Anderson, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 600 California Street, 18th Floor, San Francisco, California 94108.

I served the following documents on the parties in the within action:

Plaintiff Narciso Navarro Hernandez's Objections to Experian's Second Set of Interrogatories; Plaintiff Miguel A. Alvarez's Objections to Experian's Second Set of Interrogatories; Plaintiff Narciso Navarro Hernandez's Objections to Experian's Second Set of Requests for Production of Documents; Plaintiff Miguel A. Alvarez's Objections to Experian's Second Set of Requests for Production of Documents; Plaintiff Narciso Navarro Hernandez's Objections to Experian's First Set of Requests for Admissions; Plaintiff Miguel A. Alvarez's Objections to Experian's First Set of Requests for Admissions.

By mail and email: On November 9, 2012, I mailed copies of the documents listed above by depositing into the U.S. Postal Service an envelope with postage prepaid containing said documents and addressed to the persons listed below and also sent the documents by email:

Daniel J. McLoon
djmcloon@jonesday.com
Michael G. Morgan
mgmorgan@jonesday.com
Jones Day
555 South Flower St, 50th Fl
Los Angeles, CA 90071-2300

I declare that the foregoing is true and correct and that this certificate was executed at San Francisco, California on November 9, 2012.

Mark F. Anderson

1   ANDERSON, OGILVIE & BREWER, LLP
2   Andrew J. Ogilvie      (SBN 57932)
    Carol M. Brewer        (SBN 214035)
3   Mark F. Anderson       (SBN 44787)
    600 California Street, 18th FL
4   San Francisco, CA 94108
5   Tel:   (415) 651-1951
    Fax:   (415) 956-3233
6
7   Attorneys for plaintiffs Roane Holman, Miguel
    Navarro and Narciso Navarro Hernandez and all
8   others similarly situated
9
10              UNITED STATES DISTRICT COURT
11      NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION
12
13  ROANE HOLMAN,                        Case No. CV-11-00180-CW
    and all others similarly situated,
14                                       **PLAINTIFF NARCISCO NAVARRO**
                  Plaintiffs,            **HERNANDEZ'S OBJECTIONS TO**
15                                       **EXPERIAN'S SECOND SET OF**
                                         **INTERROGATORIES**
16        v.

    EXPERIAN INFORMATION SOLUTIONS,
17  INC.; FINEX GROUP LLC,

18                Defendants.
19

20  PROPOUNDING PARTY:    DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

21  RESPONDING PARTY:     PLAINTIFF NARCISCO NAVARRO HERNANDEZ

22  SET NUMBER:           TWO
23
24
25
26
27
28

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Narcisco Navarro Hernandez ("Plaintiff") hereby objects to Experian's Second Set of Interrogatories.

## GENERAL OBJECTIONS

1.     Plaintiff Navarro objects that these Interrogatories that call for him to respond after the fact discovery cut-off, which was March 30, 2012, and therefor are invalid and impose no obligation for him to respond. Civ. Proc. 37-3 ("Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable…").  Experian could have served these Interrogatories any time during the fourteen-month discovery phase of this case, but failed to do so before October 12, 2012.

In the parties' Joint Case Management Conference Statement filed July 18, 2012 (Doc. No. 164), Experian announced that it intended to serve interrogatories and requests for admissions on plaintiffs asking about their contentions concerning whether class members initiated the towing of their vehicles or whether there were judgments against them. During the discussions leading to the preparation of the Statement, plaintiffs did not agree that Experian had the right to serve such discovery.

2.     Plaintiff Navarro objects to each Request on the grounds, and to the extent that, Experian seeks information that is protected from discovery by the attorney-client privilege or the attorney work product privilege.

3.     Plaintiff Navarro objects to each Request on the grounds that it is vague or ambiguous and, as such, would require Plaintiff to speculate as to the meaning of the Request.

4.     Plaintiff Navarro objects to the Requests on the grounds that they seek information that is neither relevant to the claims or defenses of any party to this action nor reasonably likely to lead to the discovery of admissible evidence.

5.     Plaintiff Navarro objects to the Requests on the ground that Experian failed to meet and confer regarding this discovery as required by Standing Order § 2(C)(i).

6.     Plaintiff Navarro objects that responding to the Requests would be extremely burdensome given that to attempt to respond to the Requests, Plaintiff would have to inspect

multiple documents in over 35,000 files, all of which are available to Experian.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to Experian's interrogatories:

1.     "YOU" or "YOUR" refers to Plaintiff Hernandez and his agents.

2.     "EXPERIAN" refers to Experian Information Solutions, Inc.

3.     "FINEX" refers to Finex Group LLC, a California corporation with its principal place of business in San Jose, California.

4.     "FINEX LIST" refers to the spreadsheets that Plaintiffs provided to Experian on or about July 9, 2012 purporting to set forth information pertaining to approximately 36,387 consumers.

5.     "FINEX FILES" refers to the consumer account files and other records that Plaintiffs provided to Experian on or about May 16, 2012 and August 8, 2012.

6.     "COMMUNICATION" means any and all forms of exchanging information, whether in writing, electronically, verbally, orally, telephonically, or otherwise.

7.     The words "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

8.     The use of the word "including" shall be construed to mean "including without limitation."

9.     "All," "Any," and "Each" shall be construed as "any and every."

10.     Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

11.     "RELATE TO," "RELATED TO," or "RELATING TO" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

12.     In answering these interrogatories, YOU shall furnish all information known or available.  If any of these interrogatories cannot be answered in full, the interrogatory shall be answered to the extent possible.

13.     In the event YOU assert any form of objection or privilege as a ground for not answering an interrogatory or any part of an interrogatory, set forth the legal grounds and facts upon which the objection or privilege is based.  If the objection relates only to part of the interrogatory, the balance of the interrogatory should be answered in full.

## III. INTERROGATORIES

**INTERROGATORY NO. 20:**

If YOU deny Request for Admission No. 1, then identify each person on the FINEX LIST who YOU contend did not initiate the tow of their vehicle and identify all the evidence that supports that claim.

**OBJECTION TO INTERROGATORY NO. 20:**

Plaintiff Navarro objects to this Interrogatory on the grounds set forth under General Objections.

**INTERROGATORY NO. 21:**

If YOU deny Request for Admission No. 2, then identify each person on the FINEX LIST who YOU contend did not have a towing debt that was judicially established and identify all the evidence that supports that claim.

**OBJECTION TO INTERROGATORY NO. 21:**

Plaintiff Navarro objects to this Interrogatory on the grounds set forth under General Objections.

**INTERROGATORY NO. 22:**

If YOU deny Request for Admission No. 3 with respect to any consumer whose FINEX FILE contains a notice of lien sale purporting to indicate that a public agency authorized the tow of the consumer's vehicle, then identify each such consumer and identify all the evidence that YOU claim establishes that the tow was not initiated by the consumer.

**OBJECTION TO INTERROGATORY NO. 22:**

Plaintiff Navarro objects to this Interrogatory on the grounds set forth under General Objections.

**INTERROGATORY NO. 23:**

If YOU deny Request for Admission No. 4 with respect to any consumer whose FINEX FILE contains a notice of lien sale purporting to indicate that a public agency did not authorize the tow of the consumer's vehicle, then identify each such consumer and identify all the evidence that YOU claim establishes that the consumer did not ask the public agency to request the tow.

**OBJECTION TO INTERROGATORY NO. 23:**

Plaintiff Navarro objects to this Interrogatory on the grounds set forth under General Objections.

**INTERROGATORY NO. 24:**

Identify each consumer on the FINEX LIST who initiated the towing of his or her vehicle and identify all evidence that YOU have which establishes that the consumer initiated the towing of his or her vehicle.

**OBJECTION TO INTERROGATORY NO. 24:**

Plaintiff Navarro objects to this Interrogatory on the grounds set forth under General Objections.

**INTERROGATORY NO. 25:**

Identify each consumer on the FINEX LIST whose towing debt was judicially established and identify all evidence that YOU have which establishes that the consumer's towing debt was judicially established.

**OBJECTION TO INTERROGATORY NO. 25:**

Plaintiff Navarro objects to this Interrogatory on the grounds set forth under General Objections.

Dated: November 9, 2012

ANDERSON, OGILVIE & BREWER LLP

By: _____

Mark F. Anderson
Attorneys for Plaintiffs & the Class

CERTIFICATE OF SERVICE

I, Mark F. Anderson, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 600 California Street, 18th Floor, San Francisco, California 94108.

I served the following documents on the parties in the within action:

Plaintiff Narciso Navarro Hernandez's Objections to Experian's Second Set of Interrogatories; Plaintiff Miguel A. Alvarez's Objections to Experian's Second Set of Interrogatories; Plaintiff Narciso Navarro Hernandez's Objections to Experian's Second Set of Requests for Production of Documents; Plaintiff Miguel A. Alvarez's Objections to Experian's Second Set of Requests for Production of Documents; Plaintiff Narciso Navarro Hernandez's Objections to Experian's First Set of Requests for Admissions; Plaintiff Miguel A. Alvarez's Objections to Experian's First Set of Requests for Admissions.

By mail and email: On November 9, 2012, I mailed copies of the documents listed above by depositing into the U.S. Postal Service an envelope with postage prepaid containing said documents and addressed to the persons listed below and also sent the documents by email:

Daniel J. McLoon
djmcloon@jonesday.com
Michael G. Morgan
mgmorgan@jonesday.com
Jones Day
555 South Flower St, 50th Fl
Los Angeles, CA 90071-2300

I declare that the foregoing is true and correct and that this certificate was executed at San Francisco, California on November 9, 2012.

Mark F. Anderson