IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROANNE HOLMAN; NARCISCO NAVARRO HERNANDEZ; MIGUEL A. ALVAREZ; and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant.<br>_____/ | No. C 11-0180 CW<br><br>ORDER DENYING EXPERIAN'S MOTION TO REOPEN DISCOVERY OR, IN THE ALTERNATIVE, FOR RELIEF FROM A NONDISPOSITIVE PRETRIAL ORDER OF THE DISCOVERY MAGISTRATE JUDGE (Docket No. 180) |

    Defendant Experian Information Solutions, Inc. moves to reopen discovery or, in the alternative, for relief from the discovery Magistrate Judge's December 20, 2012 order. Experian seeks an additional "two months of discovery related to the Finex List and the Finex Files." Mot. at 1. The "Finex List" refers to a revised list of class members produced by Finex on July 9, 2012; Finex produced its original list in the fall of 2011. The "Finex Files" refer to Finex's customer files, production of which was completed on August 8, 2012. Experian alternatively requests relief from the Magistrate Judge's December 20, 2012 order and seeks to compel Plaintiffs Roanne Holman, Narcisco Navarro Hernandez and Miguel A. Alvarez to respond to its October 12, 2012 discovery requests. Plaintiffs, on behalf of themselves and the class, oppose Experian's motion.

    The Court takes Experian's motion under submission on the papers and DENIES it. Experian does not challenge the Magistrate Judge's holding that fact discovery closed on March 30, 2012 and,

1 for a number of reasons, it has not demonstrated that there is
2 good cause to reopen discovery at this time.

3 Experian has not established that it acted with diligence.
4 Experian waited nine months after the close of fact discovery and
5 eight months after the Court certified the class to seek to reopen
6 discovery. Although Experian knew that it wanted to propound
7 these discovery requests at least by July 2012, see Docket No.
8 164, 9, Experian delayed until October 2012 in making them. Even
9 if complete responses to the requests could not expected until the
10 parties finished their review of the Finex documents, Experian
11 provides no reasonable explanation as to why it did not serve at
12 least initial requests sooner, while it reviewed the documents
13 that Finex produced on a rolling basis. Further, Plaintiffs
14 themselves served discovery requests on similar topics in March
15 2012.

16 In addition, Experian contends that the discovery it seeks is
17 relevant because Plaintiffs intend to rely on Finex's list and
18 files to establish the identities of class members. However, as
19 the Court stated at the December 5, 2012 case management
20 conference, the Court has bifurcated this issue to be resolved
21 after the resolution of the issue of Experian's liability to the
22 class as a whole. Experian provides no good cause as to why this
23 discovery should be permitted to proceed at this time,
24 simultaneously with Plaintiffs' preparation of their response to
25 Experian's dispositive motion. As the Court has indicated
26 previously, discovery may be reopened after the completion of
27 trial on liability as to the class as a whole, provided that the
28 party seeking to do so is able to show good cause at that time.

Accordingly, Experian's motion to reopen discovery or for relief from the Magistrate Judge's December 20, 2012 order is DENIED (Docket No. 180).  Experian may renew its motion to reopen discovery after the resolution of the dispositive motion and trial on class-wide issues, provided that it is able to show good cause.

IT IS SO ORDERED.

Dated: 1/31/2013

CLAUDIA WILKEN
United States District Judge