IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROANNE HOLMAN; NARCISCO NAVARRO HERNANDEZ; MIGUEL A. ALVAREZ; and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>      Defendant.<br>_____/ | No. C 11-0180 CW<br><br>ORDER REGARDING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL<br>(Docket No. 210) |

    Plaintiffs Roane Holman, Narcisco Navarro Hernandez and Miguel A. Alvarez move for leave to file under seal Exhibits B, thirty-eight, thirty-nine, forty-one, 165, 174, 177 and 178, or certain pages of those exhibits, to the Declaration of Andrew J. Ogilvie in support of their opposition to Defendant Experian Information Solutions Inc.'s motion for summary judgment and to decertify the class.  Plaintiffs represent that Defendant has designated these exhibits as confidential.

    The motion to seal concerns a dispositive motion and documents connected to a dispositive motion.  Thus, to establish that the documents are sealable, the parties "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted).  Civil Local Rule 79-5(a) requires that every sealing request "be narrowly tailored to seek sealing only of

sealable material." Civil L.R. 79-5(a). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. Civil Local Rule 79-5(a). If a document has been designated as confidential by another party, that party must file a declaration establishing that the document is sealable within seven days of the filing of the motion to seal. Civil Local Rule 79-5(d).

Defendant has filed two declarations in support of Plaintiffs' motion to seal. See Decl. of Katie Muzik, Docket No. 216 and Decl. of Michael G. Morgan, Docket No. 217. In the Morgan Declaration, Defendant states that it does not seek to file Exhibits 165, 174, 177 and 178 under seal. Docket No. 217 at ¶ 2. Accordingly the Court DENIES Plaintiffs' motion to seal to the extent it pertains to Exhibits 165, 174, 177 and 178. Within four days of the date of this order, Plaintiffs shall file Exhibits 165, 174, 177 and 178 to the Ogilvie declaration in the public record.

Defendant has provided compelling reasons supporting the sealing of Exhibit 39 and portions of Exhibits B, thirty-eight and forty-one. It has demonstrated that those exhibits contain business practices and related information that Experian protects from public disclosure to protect its position in the market and to prevent fraud. Accordingly, Plaintiff's amended motion for leave to file documents under seal is GRANTED to the extent it pertains to Exhibit thirty-nine and portions of Exhibits B,

2

thirty-eight and forty-one.  Within three days of the date of this Order, Plaintiff shall electronically file Exhibit thirty-nine and unredacted versions of Exhibits B, thirty-eight and forty-one under seal, in accordance with General Order 62.  By that date, Plaintiff shall also file Exhibit thirty-nine and redacted versions of Exhibits B, thirty-eight and forty-one in the public record.

IT IS SO ORDERED.

Dated: 8/12/2013

CLAUDIA WILKEN
United States District Judge